1  NANCY L. ABELL (SBN 088785)
   PAUL GROSSMAN (SBN 35959)
2  PATRICIA M. BERRY (SBN 151121)
   JOSEPH W. DENG (SBN 179320)
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Twenty-Fifth Floor
4  515 South Flower Street
   Los Angeles, CA  90071-2228
5  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
6
   Attorneys for Defendant
7  WAL-MART STORES, INC.

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11 | BETTY DUKES, PATRICIA SURGESON, | CASE NO.  C-01-2252 MJJ
12 | CLEO PAGE, CHRISTINE KWAPNOSKI, |
   | DEBORAH GUNTER, KAREN          | **EX PARTE APPLICATION**
13 | WILLIAMSON AND EDITH ARANA, on | **REQUESTING CONSIDERATION**
   | behalf of themselves and all others similarly | **OF ADMISSIONS BY PLAINTIFF**
14 | situated,                      | **KWAPNOSKI PERTAINING TO**
   |                                | **COURT'S QUESTIONS NO. 2 AND**
15 |            Plaintiffs,         | **6 WITH RESPECT TO PENDING**
   |                                | **MOTION FOR CLASS**
16 |     vs.                        | **CERTIFICATION**
17 | WAL-MART STORES, INC.,         | Date:        To Be Determined
   |                                | Time:        To Be Determined
   |            Defendant.          | Courtroom :  No. 11
18 |                                | Judge:       Hon. Martin J. Jenkins
19 |                                |
   |                                | Complaint Filed:  June 8, 2001
20 |                                | Trial Date:       None Set

21

22

23

24

25

26

27

28

CASE NO.

LA/967200.2

EX PARTE APPLICATION REQUESTING CONSIDERATION

1    Wal-Mart Stores, Inc., pursuant to Civil Local Rule 7-10(b), requests that

2  the Court consider admissions in a pleading just filed by Named Plaintiff Christine

3  Kwapnoski (through the principal counsel representing her herein) in another lawsuit.

4  The pleading is entitled "Objections of Class Member Christine Kwapnoski to Class

5  Action Settlement (hereinafter "Objection")," a highlighted copy of which is attached as

6  Exhibit A to the accompanying Request for Judicial Notice.

7

8    In moving for class certification in the employment discrimination case

9  before *this* Court, Ms. Kwapnoski claimed that she is similarly situated to salaried,

10  exempt, managerial employees whom she purports to represent.  But in the Objections,

11  filed in a wage-hour class action in state court in Santa Barbara, Ms. Kwapnoski contends

12  that she and other bakery managers actually "were performing largely the same non-

13  managerial tasks as hourly employees."

14

15    Before oral argument in this Court, the Court posed a series of written

16  questions to counsel. Ms. Kwapnoski's admissions in the Objections are directly relevant

17  to two of the Court's questions. The Court's Question No. 2, under the heading

18  "Questions for Plaintiffs," was:

19

20    2. Why do plaintiffs not have a class representative who has

21    held a high level in-store management job, and how does the

22    absence of such a class representative affect the Court's Rule

23    23(a) typicality analysis?

24

25    The Court's Question No. 6, under the heading "Questions for Both

26  Parties," was:

27

28

CASE NO.

LA/967200.2                                  -2-

6. In terms of actual job functions and responsibilities, how similar or distinct are the management positions that Ms. Kwapnoski has held to the higher in-store management positions she has not held?

Ms. Kwapnoski, through her principal counsel herein, has now filed a pleading confirming that she has worked only for Sam's Club (never for Wal-Mart or a Supercenter), that her highest position is bakery manager, that the wage-hour lawsuit asserts that bakery manager actually is a nonexempt position, that the settlement in the wage-hour lawsuit is inadequate, and that Sam's Club should be subject to a court order requiring either of the following: (1) that Ms. Kwapnoski *not* be classified as salaried exempt; or (2) that Ms. Kwapnoski's duties be altered so that she actually performs managerial tasks.

The Court's attention is particularly directed to the following pages and lines of Ms. Kwapnoski's objections:

**Page 2, lines 8-10**: Ms. Kwapnoski has worked only for Sam's Club, and the highest position she attained there is bakery manager.

**Page 4, lines 6-15**:

This action alleged that Sam's Club improperly classified ... Bakery Managers and Receiving Managers as exempt employees. ... Specifically, employees in these job categories were allegedly denied overtime *even though they were performing largely the same non-managerial tasks as hourly employees.*

LA/967200.2

-3-

EX PARTE APPLICATION REQUESTING JUDICIAL NOTICE

1   Despite these allegations, the Settlement Stipulation includes

2   *no* injunctive or prospective relief provisions to ensure that

3   Sam's Club . . . . re-classifies these employees.  The

4   Settlement Stipulation includes no agreement that Sam's Club

5   will change the duties of these employees to ensure that they

6   are performing managerial tasks . . . .  [Emphasis added;

7   footnote omitted.]

8

9   The Court is respectfully requested to consider the admissions in the

10   Objections.  In this litigation, Ms. Kwapnoski alleges that she is similarly situated to

11   salaried, exempt managerial employees up to and including the managers of $100 million

12   Supercenters.  But in her Objections in the wage/hour litigation, she asserts that persons in

13   her position actually "were performing largely the same non-managerial tasks as hourly

14   employees."  Ms. Kwapnoski cannot have it both ways.  She cannot be a non-managerial

15   employee for purposes of the wage/hour litigation and a managerial employee for

16   purposes of representing salaried exempt employees herein.  Numerous courts have relied

17   on similar inconsistencies in refusing to designate a plaintiff as a class representative.

18   *E.g., Cohen v. Dominic Laiti, Winston Kock, Laventhol & Horwath, & Hedron, Inc.*, 98

19   F.R.D. 581, 583 (E.D.N.Y. 1983) ("We hold that these inconsistencies, standing alone,

20   provide a sufficient basis for denial to the plaintiff of class representative status."); *Kline*

21   *v. Wolf*, 702 F.2d 400, 402-03 (2d Cir. 1982) (inconsistencies created "questionable

22   testimony"; denial of representative status on this basis affirmed); *Panzirer v. Wolf*, 663

23   F.2d 365, 368 (2d Cir. 1981) ("She gave no less than four versions . . . ."; "Plaintiff's lack

24   of credibility made her an inadequate class representative . . . ."). *See generally Cleveland*

25   *v. Policy Management Systems Corp.*, 526 U.S. 795 (1999) (plaintiff cannot take

26   irreconcilably inconsistent positions on the same issue in different proceedings);

27   *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) ("*Cleveland*

28

LA/967200.2                                    -4-

1  teaches that a plaintiff cannot change his story during litigation without a sufficient

2  explanation for his inconsistent assertions.").

3

4                                          Respectfully submitted,

5

6  DATED: January 5, 2004              PAUL, HASTINGS, JANOFSKY & WALKER LLP

7                                      By: _____
8                                               PAUL GROSSMAN

9                                      By: _____
10                                              NANCY L. ABELL

11                                     Attorneys for Defendant
                                       WAL-MART STORES, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA/967200.2                              -5-

## CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, Twenty-Fourth Floor, 55 Second Street, San Francisco, California 94105-3441.

I hereby certify that a true and correct copy of the foregoing document(s) described as: **EX PARTE APPLICATION REQUESTING CONSIDERATION OF ADMISSIONS BY PLAINTIFF KWAPNOSKI PERTAINING TO COURT'S QUESTIONS NO. 2 AND 6 WITH RESPECT TO PENDING MOTION FOR CLASS CERTIFICATION** was served via e-mail and facsimile on this 6th day of January, 2004, upon the following:

Brad Seligman
Jocelyn D. Larkin
THE IMPACT FUND
125 University Avenue
Berkeley, CA 94710
Telephone:   (510) 845-3473
Facsimile:   (510) 845-3654
email: bseligman@impactfund.org

Joseph Sellers
Christine Webber
COHEN, MILSTEIN, HAUSFELD & TOLL
1100 New York Ave., #500 - West Tower
Washington, DC 20005-3964
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699
email:       jsellers@cmht.com

I further certify that a true and correct copy of the foregoing document(s) described as **EX PARTE APPLICATION REQUESTING CONSIDERATION OF ADMISSIONS BY PLAINTIFF KWAPNOSKI PERTAINING TO COURT'S QUESTIONS NO. 2 AND 6 WITH RESPECT TO PENDING MOTION FOR CLASS CERTIFICATION** was served via First Class U.S. Mail on this 6th day of January, 2004, upon the following:

Irma Herrera
Debra A. Smith
EQUAL RIGHTS ADVOCATES
1663 Mission Street, Suite 250
San Francisco, CA 94103
Telephone:   (415) 621-0672
Facsimile:   (415) 621-6744

Stephen Tinkler
Merit Bennett
TINKLER & BENNETT
309 Johnson Street
Santa Fe, NM 87501
Telephone:   (505) 986-0269
Facsimile:   (505) 982-6698

Steve Stemerman
Elizabeth Lawrence
DAVIS, COWELL & BOWE
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone:   (415) 597-7200
Facsimile:   (415) 597-7201

Jonathan Smith
Debra Gardner
PUBLIC JUSTICE CENTER
500 East Lexington Street
Baltimore, MD 21202
Telephone:   (410) 625-9409
Facsimile:   (410) 625-9423

SF/308044.1
Certificate of Service
Case No. C-01-2252 MJJ

1  Shauna Marshall                          Sheila Thomas
   HASTINGS COLLEGE OF THE LAW              EQUAL RIGHTS ADVOCATES
2  100 McAllister Street, Suite 300         5260 Proctor Avenue
   San Francisco, CA 94102                  Oakland, California 94618
3  Telephone:   (415) 581-8922              Telephone:   (510) 339-3739
   Facsimile:   (415) 557-7895              Facsimile:   (510) 339-3723
4
5          I declare under penalty of perjury under the laws of the United States that
   the foregoing is true and correct.
6
7          Executed on January 6, 2004, at San Francisco, California.
8
9
10                                          _____
                                                       Helen DeVol
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SF/308044.1                       -2-                CERTIFICATE OF SERVICE
                                                     Case No. C-01-2252 MJJ