


Case3:01-cv-02252-VRW   Document691   Filed10/05/07   Page1 of 3

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
_____

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500

www.gibsondunn.com

MPerry@gibsondunn.com

October 5, 2007

Direct Dial                                                                                           Client Matter No.
(202) 887-3667                                                                                        95358-00309

Fax No.
(202) 530-9696

The Honorable Martin J. Jenkins
United States District Judge
United States District Court
  for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California  94102

   Re:   *Dukes v. Wal-Mart Stores, Inc.,* No. C-01-2252-MJ

Dear Judge Jenkins:

   On behalf of Wal-Mart Stores, Inc., I am responding to the September 28, 2007 letter to the Court from counsel for plaintiffs in this action. In that letter, plaintiffs advance three specific concerns relating to the limited document production that the Court has authorized in connection with the deposition of Thomas M. Coughlin, III. If the Court would like to schedule a conference, either telephonic or in person, to address those concerns, Wal-Mart of course has no objection and will appear at the Court's convenience. In the meantime, Wal-Mart responds below to the three specific concerns raised by plaintiffs.

   As the Court is aware, all proceedings in this action have been stayed pending resolution of the appeal of the Court's class certification order. Since the parties were last before the Court, Wal-Mart filed a petition for rehearing en banc (February 20, 2007) and, at the request of the Ninth Circuit, plaintiffs filed a response (March 16, 2007). On July 20, 2007 the Ninth Circuit entered an order allowing the filing of Wal-Mart's reply as well as thirteen *amicus* briefs, six supporting plaintiffs and seven supporting Wal-Mart. That is the last order to date entered in the appeal.

   Earlier this year, plaintiffs requested that the stay be lifted for the limited purpose of deposing Mr. Coughlin, a former Wal-Mart executive. Plaintiffs based this request on the transcript of a sentencing hearing at which Mr. Coughlin introduced evidence of his failing health in a bid to avoid prison time. (The Eighth Circuit recently reversed the district court on

this point, ruling that Mr. Coughlin should be incarcerated. *See United States v. Coughlin*, 2007 U.S. App. LEXIS 20534 (8th Cir. Aug. 8, 2007).) On February 26, 2007, the Court authorized the deposition of Mr. Coughlin and the production of documents directly relevant to that deposition.

On March 13, 2007, the parties submitted a Joint Statement Regarding Discovery Issues (Doc. 686) in which they memorialized their agreements regarding the Coughlin document production. Among other things, the parties agreed that the search would be limited to the files of Mr. Coughlin and his two assistants, ten specified individuals, and three custodians of records. Plaintiffs subsequently identified a very broad set of search terms. The breadth of these search terms required Wal-Mart to review approximately seventy thousand documents containing one or more of the terms, most of which were not responsive to the limited scope of plaintiffs' requests. Wal-Mart ultimately produced approximately three thousand documents responsive to plaintiffs' requests. As of the date of this letter, we believe that the document production is complete.

On August 31, 2007, counsel for plaintiffs contacted Wal-Mart about several concerns with the Coughlin document production. On September 21, 2007, Wal-Mart responded that its counsel were prepared to meet and confer with plaintiffs' counsel regarding those issues once the privilege log was completed. Rather than meet and confer, plaintiffs sent their September 28 letter to the Court, requesting a conference on three specific issues. Wal-Mart's position on those three issues is set forth below.

<u>Leadership training document</u>. Plaintiffs have identified a document (Bates stamped, in other litigation, WMHOe-000013-001-00000001) that was not produced as part of the Coughlin production. In their September 28 letter (at 1), they contend that the "omission[]" of this document "raise[s] questions whether the production is complete." Not so. This particular document does not exist in the files of any of the 16 individuals that the parties agreed would be searched as part of the Coughlin production. Nonetheless, Wal-Mart has no objection to producing this document to plaintiffs (subject to appropriate confidentiality designations). In fact, we had planned to do so as part of the meet-and-confer process that plaintiffs elected to not engage in. We have since sent a copy of the document to plaintiffs' counsel under separate cover. We therefore do not see a need for a conference on this issue.

<u>Privilege log</u>. We are finalizing a log of all documents withheld from the Coughlin production on the basis of privilege, and we will provide it to the plaintiffs shortly. We therefore do not see a need for a conference on this issue.

<u>Redactions</u>. Among the documents plaintiffs have requested are minutes of the Board of Directors and Board committees. As would be expected in an organization the size and complexity of Wal-Mart, these minutes contain a large amount of material that has nothing to do with the subject matter of this litigation. Accordingly, and in light of the fact that the Court has lifted the discovery stay solely to allow Mr. Coughlin's deposition to proceed, Wal-Mart has redacted irrelevant matters from this small subset of documents. Wal-Mart's position is that, at this stage of the litigation, plaintiffs are not entitled to discovery into any matters other than

those that pertain directly to Mr. Coughlin's deposition, as specified in the parties' agreement filed with the Court on March 13, 2007. The Board of Directors' minutes and related materials contain discussion of many things that have nothing to do with the subject matter of this litigation, and that therefore remain subject to the discovery stay. Accordingly, Wal-Mart has declined to produce an unredacted set of Board minutes at this time. (The minutes will be retained, of course, pursuant to the document retention order.)

Because the redacted information has no relationship with "a matter properly provable" in connection with the Coughlin deposition, it need not be produced. Fed. R. Evid. 401 advisory committee's note. Courts have sustained redactions based on relevance in appropriate circumstances. In *Beauchem v. Rockford Products Corp.*, 2002 WL 1870050, at *2 (N.D. Ill. Aug. 13, 2002), for instance, the court found good cause to support the defendant's redaction of irrelevant material in Board of Directors and Compensation Committee minutes. Moreover, state courts in other employment cases have declined to compel Wal-Mart to produce unredacted copies of its Board of Directors minutes.

We do not share plaintiffs' concern that the redacted documents will be confusing to Mr. Coughlin. With twenty-five years' experience working for Wal-Mart, Mr. Coughlin should be able to recall the pertinent events identified in the documents without the irrelevant material that has been redacted. Wal-Mart has produced the portions of the Board documents that are relevant to the Coughlin deposition, which is the only exception to the stay of proceedings. It appears that plaintiffs are not content with limiting their requests to matters that pertain to Mr. Coughlin, but rather seek broader discovery into Wal-Mart's decisionmaking, at the highest levels, concerning a host of matters that have nothing to do with the Coughlin deposition. We respectfully submit that such an effort is not appropriate at this stage of the litigation.

If the Court would find further discussion of any or all of these issues helpful, we would be pleased to appear at a conference.

            Respectfully submitted,

            _____/s/_____
              Mark A. Perry

MAP/dml

cc:  All Counsel of Record

3