# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
_____

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500

www.gibsondunn.com

MPerry@gibsondunn.com

October 22, 2007

| Direct Dial | Client Matter No. |
|---|---|
| (202) 887-3667 | 95358-00309 |

Fax No.
(202) 530-9696

The Honorable Martin J. Jenkins
United States District Judge
United States District Court
  for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California  94102

The Honorable Edward M. Chen
United States Magistrate Judge
United States District Court
  for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California  94102

Re:   *Dukes v. Wal-Mart Stores, Inc.,* No. C-01-2252-MJ

Dear Judges Jenkins and Chen:

On behalf of Wal-Mart Stores, Inc., I am responding to the October 15, 2007 letter from plaintiffs' counsel to the Court.  We understand that Judge Chen has scheduled a telephonic conference for Tuesday, October 23, at 11:00 AM Pacific.

As the Court is aware, a blanket stay is in place pending the resolution of appellate proceedings.  The Court has lifted that stay for the limited purpose of allowing plaintiffs to depose Thomas M. Coughlin III, a former Wal-Mart associate.  To facilitate that deposition, Wal-Mart agreed to search the files of 16 identified persons or custodians, using a list of search terms agreed upon by the parties.  *See* 03/13/07 Joint Statement Regarding Discovery Issues (Doc. 686).  The document production has now been completed.

Plaintiffs' October 15 letter raises four concerns, to which we respond in turn:

The Honorable Martin J. Jenkins
The Honorable Edward M. Chen
October 21, 2007
Page 2

*First*, plaintiffs "continue to dispute the appropriateness of redactions made by Wal-Mart." This is the same issue that plaintiffs raised in their September 28 letter, to which Wal-Mart has already responded in our October 5 letter.

*Second*, plaintiffs assert that they "still have not received a privilege log." We are finalizing a log of all documents withheld from the Coughlin production on the basis of privilege or other protection, and will deliver it to plaintiffs' counsel shortly.

*Third*, plaintiffs raise two minor points with respect to a document produced by Wal-Mart and Bates stamped WMHOe-000013-001-00000001 (a portion of which is attached to their letter): They suggest that we have refused to identify the source of this document, and they question why it is designated confidential. In a telephone conference on October 12, I told plaintiffs' counsel that I would look into both issues, but they filed their letter with the Court the next business day, before I had the opportunity to respond. In any event, the document was produced from the files of David Carmon (who was not one of the 16 persons whose files Wal-Mart agreed to search in connection with the Coughlin deposition), and it was marked confidential under the terms of the confidentiality order in the wage-and-hour case in which it was originally produced (as plaintiffs recognized in their September 28 letter). We have no objection to withdrawing the confidentiality designation for purposes of the *Dukes* case.

*Fourth*, plaintiffs contend that "[t]he newly produced document" somehow demonstrates the need to search "the files of the senior officials who headed store operations." In particular, plaintiffs want Wal-Mart to search the files of Mike Duke, Jim Haworth, Kevin Turner, and Lee Scott – four of the most senior executives at Wal-Mart. In their March 13, 2007 joint submission, the parties expressly addressed these four individuals:

> The parties disagree whether it will be necessary to search the files of Mike Duke, Jim Haworth, Kevin Turner and Lee Scott. The parties will meet and confer on or before April 3, 2007 to determine whether they can resolve this dispute or it is ripe for adjudication by the Court.

Doc. 686, ¶ 5. The parties have met and conferred several times, both before and after April 3, regarding the scope of the Coughlin document production. At no time has Wal-Mart agreed to search the files of Messrs. Duke, Haworth, Turner, or Scott. And at no time until recently have plaintiffs indicated any intention of raising the matter with the Court.

More than seven months after the parties' joint submission outlining the protocols for the Coughlin production, and after the agreed-upon production has been completed, plaintiffs have raised the question of searching the files of Messrs. Duke, Haworth, Turner, and Scott with the Court for the first time. The asserted basis for doing so is a single document – Mr. Carmon's notes of certain meetings – of which plaintiffs' counsel were aware in March 2007. That docu-

The Honorable Martin J. Jenkins
The Honorable Edward M. Chen
October 21, 2007
Page 3

ment, moreover, was not produced from the files of any of the four individuals at issue. Indeed, to the best of Wal-Mart's knowledge based on extensive document discovery in other litigation, it does not exist in the files of any associate other than Mr. Carmon.

More generally, plaintiffs assert that this single document "demonstrates that the limitation on the production to date has excluded important, relevant materials." We do not dispute that the files of 16 individuals will not contain every document maintained by a company with more than a million employees. But the Court has lifted the stay for the *limited* purpose of allowing Mr. Coughlin's deposition to proceed. The Court specifically ruled that plaintiffs are entitled to "relevant merits-based discovery *with respect to this witness* in a way that is not overbroad or unduly burdensome." 02/14/07 Tr. 42 (emphasis added). Wal-Mart agreed to search, and has searched, the files of a limited number of individuals most likely to have documents "with respect to this witness."

When plaintiffs sought to lift the stay of discovery to depose Mr. Coughlin, Wal-Mart expressed concern that what they were really seeking was broad-ranging merits discovery to which they are not otherwise entitled. The Court acknowledged that concern, and agreed that the Coughlin production would be appropriately limited. Wal-Mart has now produced the documents necessary for plaintiffs to take Mr. Coughlin's deposition. There is no call for embarking on an expensive and time-consuming search through yet more files. At some point, a limited production must be limited. If a single document will suffice to justify additional searches, then this document production will never end. Wal-Mart submits that the parties' original agreement struck the appropriate balance, and that plaintiffs have offered no good reason for the Court to upset that balance.

Respectfully submitted,

_____/s/_____

Mark A. Perry

MAP/dl
cc: All Counsel of Record (by ECF)
100321207_1.DOC