UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER, CHRISTINE KWAPNOSKI, CLEO PAGE, and KAREN WILLIAMSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. C-01-2252-CRB<br><br>DECLARATION OF BRAD SELIGMAN IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER<br><br>Date: November 18, 2011<br>Time: 10:00 a.m. |

I, Brad Seligman, declare:

1. I make this declaration of my own personal knowledge and could testify thereto if called as a witness. I am lead counsel for plaintiffs in this action.

2. Shortly after the original filing of this action, the parties entered into a Stipulation and Protective Order, subsequently issued as a court order. A copy of the Protective Order is attached here to as Exhibit 1. Like many blanket protective orders this order allows each party to designate documents as confidential. There are two consequences from such a designation, if unchallenged. First, the document can only be used "solely for the purpose of this action or appeal." ¶ 2. Second, confidential documents are not to be disclosed except to a limited set of specified individuals. Although documents field with the court containing confidential material need not be filed under seal, such documents are not to be part of any "public dissemination" such as a press release or website posting. *See* ¶ 7.

1261526.1 1

3. During the course of discovery, Wal-Mart produced over 1.5 million documents, thousands of which it designated as confidential. It generally designated as confidential payroll and personnel documents and data containing personal information such as personnel files and payroll records, as well an internal corporate documents and emails. The former information was reviewed by class counsel and cited to corroborate the claims of plaintiffs and class members, particularly in support of their declarations filed with plaintiffs' class certification motion. Attached as Exhibit 2 is the declaration of plaintiffs' counsel Jennifer Cynn which cites such documents to corroborate these plaintiff and class member declarations.

4. In addition, plaintiffs' class certification motion cited a number of documents that had been designated by Wal-Mart as confidential, including the deposition of Wal-Mart's Fed. R.Civ. Pro 30(b)(6) designee regarding compensation policies, documents regarding meetings at company headquarters, a report from a diversity consultant about "Diversity Challenges" at Wal-Mart, Pay Guidelines, emails from senior managers, statistical Diversity Reports and Retail Benchmarks on Diversity and a Wal-Mart Stores/Supercenter Minority/Gender Pay Analysis. Plaintiffs also relied upon expert reports by three experts. These experts relied upon confidential material in preparing their reports, such as internal corporate documents and policies and payroll data. Each of these expert s agreed to be bound by the protective order.

5. Since the issuance of the Supreme Court decision in this case, I and my co-counsel have interviewed, counseled and advised thousands of former class members. Our goal is to preserve their rights, and if appropriate, secure representation for these

1261526.1 1

class members. We plan to file EEOC charges and litigation on behalf of many of these class members. To do so, we must evaluate their claims as fully as possible. Likewise, we expect to refer many other class members to other firms across the country. These class members and their potential future counsel should have access to all relevant information in order to evaluate their claims and pursue appropriate legal actions.

6. Before filing this motion, I conferred with Wal-Mart's counsel and proposed that it agree to the revisions to the Protective Order sought herein. Counsel subsequently informed me that Wal-Mart will not agree to a modification of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____
                                                                  Brad Seligman

1261526.1 1