1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DUKES, ET AL.,

          Plaintiffs,

   v.

WAL-MART STORES, INC.,

          Defendant.

_____/

No. C 01-02252 CRB

**ORDER DENYING MOTION TO DISMISS**

**INTRODUCTION**

     More than a decade ago, this class action was filed alleging gender discrimination by Wal-Mart against female employees, but the claims have yet to be tried.  Instead, the focus of this Court, the Ninth Circuit sitting *en banc*, and most recently the Supreme Court has been on whether a nationwide class action is an appropriate vehicle for the adjudication of the plaintiffs' claims.  The Supreme Court held that it is not.

     Plaintiffs have since amended their complaint for the fourth time.  Those amendments cut down the proposed size of the class from 1.5 million to somewhere between one and several-hundred thousand prospective members, added information about Wal-Mart's corporation management structure, and alleged specific examples of discriminatory conduct.  Wal-Mart now moves to dismiss, arguing chiefly that the newly proposed class suffers—albeit on a smaller scale—from the same kinds of problems that the Supreme Court said barred nationwide class certification.

**United States District Court**
For the Northern District of California

1    With rare exceptions, the appropriate vehicle for testing the sufficiency of class

2    allegations is a motion for class certification.  This case is not one of the exceptions.

3    Because Plaintiffs have proposed a class that could be certified if a showing consistent with

4    the Supreme Court's decision were made, this Order reserves for later determination whether

5    Plaintiffs' evidence suffices under Rule 23.

6    **I.      FACTUAL & PROCEDURAL BACKGROUND**

7        This case began in June 2001, when Plaintiffs brought suit on behalf of a nationwide

8    class of female employees against Wal-Mart, alleging widespread gender discrimination.

9    This Court certified a nationwide class, which the Ninth Circuit, sitting *en banc*, affirmed in

10   large part.  The Supreme Court reversed the certification of the nationwide class on June 20,

11   2011.  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

12       The Supreme Court found that Plaintiffs had provided insufficient evidence of

13   commonality among the 1.5 million female class members to satisfy FRCP 23(a).  Wal-Mart

14   Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2555-56, 2561 (2011).  Pertinent here, the Court held

15   that plaintiffs alleging a "pattern or practice" of discrimination "conceivably could" satisfy

16   Rule 23's commonality requirement by offering "significant proof that an employer

17   operate[s] under a general policy of discrimination . . . if the discrimination manifested itself

18   in hiring and promotion practices in the same general fashion, such as through entirely

19   subjective decisionmaking processes," but found Plaintiffs' sociological evidence on that

20   issue wanting.  Id. at 2553-54.

21       As for Plaintiffs' "disparate impact" claims, the Court identified specific shortcomings

22   in Plaintiffs' evidence—shortcomings which could, in theory, be addressed.   For example,

23   the statistical evidence identified disparities at the regional and national levels, but not the

24   store and district levels.  Id. at 2555.  Additionally, the number of anecdotes amassed was

25   relatively small relative to the size of the class. Id. at 2556.

26       Importantly, the Court emphasized that plugging the statistical and anecdotal holes

27   would be necessary but not sufficient.  Plaintiffs had also failed to identify a "specific

28   employment practice" besides delegated discretion that established a "common mode of

United States District Court
For the Northern District of California

1  exercising discretion that pervade[d] the entire company." Id. at 2554-55.  On that point, the

2  Court rejected Plaintiffs' sociological expert's claim that Wal-Mart had a "strong corporate

3  culture" making it vulnerable to gender bias, finding unacceptable the expert's concession

4  that he could not say "whether 0.5 percent or 95 percent of the employment decisions at Wal-

5  Mart might be determined by stereotyped thinking." Id. at 2554-55.

6       The Court's second major holding determined that Plaintiffs' claims for backpay were

7  improperly certified under Federal Rule of Civil Procedure 23(b)(2).  The Court held that

8  claims for monetary relief may not be certified under Rule 23(b)(2) "when the monetary

9  relief is not incidental to the injunctive or declaratory relief." Id. at 2557.  The Court

10  explained that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment

11  would provide relief to each member of the class. . . . it does not authorize class certification

12  when each class member would be entitled to an individualized award of monetary

13  damages." Id.

14       Following the Supreme Court's decision, Plaintiffs narrowed the scope of the

15  proposed classes to present and former female Wal-Mart employees who have been subjected

16  to gender discrimination within four regions largely based in California, in contrast to the 41

17  regions that comprised the nationwide class.  Compare Fourth Amendment Complaint

18  ("FAC") ¶¶ 15, 31 with Dukes, 222 F.R.D. at 145.  According to the FAC, in these four

19  regions "[m]ost of these districts [are] comprised entirely of California stores."  FAC ¶ 31.

20  Plaintiffs have also excluded women holding Store Manager positions and licensed

21  pharmacists from the proposed classes.  Id. ¶ 15.

22  **II.  LEGAL STANDARD**

23       Wal-Mart now moves to dismiss or strike the class allegations from the FAC.  A

24  plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that

25  is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

26  Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a

27  cause of action, supported by mere conclusory statements, do not suffice." Id.  A Rule

28  12(b)(6) motion considers whether the allegations are "sufficient to cross the federal court's

threshold," not whether plaintiffs "will ultimately prevail" on their Title VII claim.  Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011) (citations and internal quotations omitted).

A motion to dismiss must be denied where plaintiffs plead "'enough facts to state a claim to relief that is plausible on its face,'" which requires pleading "factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged."  Haggarty v. Wells Fargo Bank, No. 10-02416, 2011 WL 445183, at *2 (N.D. Cal. Feb. 2, 2011) (quoting Ashcroft, 556 U.S. at 678).

Although a complaint "may not simply recite the elements of a cause of action," in order to credit its allegations, the complaint only needs to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (as amended); accord Haggarty, 2011 WL 445183, at *2 (court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party" (internal citations and quotations omitted)).  "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr, 652 F.3d at 1216.

Rule 23 requires more than adequate pleading.  See Dukes, 131 S. Ct. at 2551 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").  Accordingly, the Ninth Circuit recognizes that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable," because "often the pleadings alone will not resolve the question of class certification."  Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (quoting Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977)).

Rule 12(f) of the Federal Rules of Civil Procedure states a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

United States District Court
For the Northern District of California

scandalous matter." Fed. R. Civ. P. 12(f). "When considering a motion to strike, a court must view the pleadings in the light most favorable to the non-moving party." <u>Collins</u>, 2010 WL 3077671, at *2. A court must deny a motion to strike if there is any doubt whether the allegations in the pleadings might be relevant to the action. <u>In re 2TheMart.com, Inc. Sec. Lit.</u>, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Motions to strike class allegations are disfavored and rarely granted, <u>see</u> <u>In re Wal-Mart Stores, Inc. Wage & Hour Litig.</u>, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007); Wright et al., <u>Federal Practice & Procedure</u> § 1785.3 at n.34 (2d ed. 2002), though claims may be stricken or dismissed "if it is clear from the complaint that the class claims cannot be maintained." <u>Collins v. Gamestop Corp.</u>, No. 10-1210, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010) (citing <u>Sanders v. Apple, Inc.</u>, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009)).

Wal-Mart contends that the unique posture of this case—ten years of litigation, an opportunity at discovery already provided, and a Supreme Court decision rejecting a larger version of the proposed class—brings it within the small group of cases warranting a ruling on the class allegations prior to a motion for certification. Plaintiffs cannot, however, be faulted for failing to anticipate a significant development in the Supreme Court's class-action jurisprudence, and so long as discovery might permit them to meet the Rule 23 obligations clarified by the Supreme Court's ruling, this Court is not prepared to deny them an opportunity to marshal and present evidence in support of their class allegations.

## III.   DISCUSSION

Wal-Mart argues: (1) the Supreme Court's mandate forecloses the proposed certification; (2) the class allegations do not satisfy Rule 23(a); (3) <u>American Pipe</u> tolling no longer applies to the class claims; (4) the Plaintiffs' coattailing arguments are insufficient to satisfy Title VII's EEOC charge filing requirements; and (5) the proposed class violates Title VII's particularized venue requirements.

### A.   Class Allegations and Rule 23(a) Commonality

Wal-Mart makes two arguments regarding commonality and the class allegations in the Motion to Dismiss. First, Wal-Mart argues that the Supreme Court decision itself

United States District Court
For the Northern District of California

prevents relitigation of the certification issue as a violation of the mandate of that decision. Second, Wal-Mart argues that even if the allegations are considered, the Supreme Court decision precludes a finding of commonality under the new allegations in the FAC because there is still no "common question" holding the purported class together.

### 1.    Mandate

Wal-Mart says that since the Supreme Court did not remand the case for any further class proceedings, all that remains is for this Court to adjudicate the individual claims of the Named Plaintiffs.  Justice Ginsburg stated in her dissent that she would reserve the matter of whether Plaintiffs met Rule 23(b)(3) requirements for consideration and decision on remand. 131 S. Ct. at 2561 (Ginsburg, J., concurring in part and dissenting in part).  Wal-Mart, citing Clemons v. Mississippi, 494 U.S. 738, 759 n.3 (1990), argues that the majority's failure to remand the case was a rejection of that position.

Rule 23 "confers broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."  Kanawi v. Bechtel Corp., 254 F.R.D. 102, 106-107 (N.D. Cal. 2008) (quoting Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001).  Rule 23(c)(1)(c) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  The Supreme Court has stated that when a court denies certification of a class it would expect that court to reassess and revise such an order in response to events "occurring in the ordinary course of litigation."  Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988). Accordingly, it is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition or that rely upon different evidence or legal theories. E.g., The Apple iPod iTunes Antitrust Litig., No. 05-0037, 2011 WL 5864036, at *1-2, *4 (N.D. Cal. Nov. 22, 2011).

An appellate ruling rejecting class certification does not change this ability to consider a renewed certification motion.  For example, in In re Initial Public Offering Securities Litigation, 483 F.3d 70, 73 (2d Cir. 2007), the Second Circuit stated that its earlier order reversing certification of broad classes without further instruction did not bar the district

**United States District Court**
For the Northern District of California

court from considering different or narrower proposed classes in the same action, because district courts "have ample discretion to consider (or decline to consider) a revised class certification motion after an initial denial." See also Ellis v. Costco Wholesale Corp., 657 F.3d 970, 987-88 (9th Cir. 2011) (reversing certification but noting district court may consider whether a different type of class could be certified).

Wal-Mart responds that in those cases the court explicitly allowed a remand, which the Supreme Court did not do here. The Supreme Court mandate stated the "judgment of the Court of Appeals is Reversed." Dukes, 131 S. Ct. at 2561. Wal-Mart argues this settles the matter, and there are no more Rule 23 issues for this Court to resolve. Reply (dkt. 795) at 2.

That argument is in conflict with this Circuit's precedent. "According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision." United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (internal quotation marks, ellipses, and citations omitted). The "rule of mandate is designed to permit flexibility where necessary, not to prohibit it," id. at 1095 n.12, and the "ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." Id. at 1093.

The failure of the Supreme Court to explicitly remand the case is not dispositive. The Ninth Circuit has expressly held that failure to explicitly remand the case does not necessarily curtail the discretion of the district court. See, e.g., United States v. Cote, 51 F.3d 178, 181-83 (9th Cir. 1995); Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1404-05 (9th Cir. 1993); Caldwell v. Puget Sound Electrical Apprenticeship & Training Trust, 824 F.2d 765, 767 (9th Cir. 1987).

The Supreme Court decided whether Plaintiffs' evidence established that there was a general policy of discrimination throughout Wal-Mart's operations nationwide. The answer was no. Plaintiffs now bring a narrower class-action claim, which the Supreme Court has yet to consider and did not foreclose.

7

United States District Court
For the Northern District of California

### 2. Commonality and the FAC

In Wal-Mart's view, the Supreme Court rejected Plaintiffs' theory that delegated discretion and disparate impact could support a nationwide class claim under any of Plaintiffs' causes of action, and the FAC simply rehashes these same theories with a slightly smaller, but still fatally heterogenous, subgroup.

To be sure, the basic theory of Plaintiffs' claims has changed little, but for both the pattern or practice and disparate impact claims, the Supreme Court's decision rested not on a total rejection of plaintiffs' theories, but on the inadequacy of their proof.  See Dukes, 131 S. Ct. at 2553 ("significant proof . . . entirely absent"); id. at 2554-55 (no "common mode of exercising discretion" identified without rejected sociological evidence); see also Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 (9th Cir. 2011) ("If there is no evidence that the entire class was subject to the same allegedly discriminatory practice, there is no question common to the class." (emphasis added) (citing Dukes, 131 S. Ct. at 2553)).

Plaintiffs say they can now provide that proof.  The FAC alleges a culture and philosophy of gender bias shared by the relevant decisionmakers.  See FAC ¶¶ 71-82.  For example, Plaintiffs say that all California store managers are required to attend centralized management training where they are told that the gender disparity in senior management is attributable to men being "more aggressive in achieving those levels of responsibility," and are cautioned that efforts to promote women could lead to the selection of less qualified candidates.  Id. ¶ 74.  Plaintiffs also allege that at a meeting of all District Managers, Wal-Mart's CEO made statements that could be interpreted as communicating that men had traits that were more likely to make them successful.  Id. ¶ 75.

Wal-Mart argues with some force that the persisting heterogeneity of the proposed class makes unlikely a showing of commonality under any theory.  The class encompasses the "California Regions," which by definition includes distinct regional policies.  While Plaintiffs have focused their challenge on the allegedly biased decisions made by a group of Regional, District and Store Managers, they still must prove that every decisionmaker in that group–perhaps four hundred or so under the corporate structure alleged, see FAC ¶¶ 24, 29,

**United States District Court**
For the Northern District of California

30, 31, 35–operated under a common policy or mode of decisionmaking. But Plaintiffs have not yet had an opportunity to present their evidence on these issues, which do not fail as a matter of law.

**B.      American Pipe Tolling**

The parties dispute whether the Supreme Court's decertification of the national class prevents the absent members of the FAC's proposed class from continuing to benefit from the tolling of the statute of limitations.  The law on this issue is unsettled.  The Supreme Court has held that the filing of a purported class action in federal court tolls the running of the statute of limitations as to the claims of all putative class members until a decision is reached whether to certify the class.  See Am. Pipe & Const. Co. v. Utah, 414 U.S. 538,  554 (1974); see also Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 353-54 (1983).  It is clear that once a proposed class is rejected or decertified, absent members of the rejected class may preserve their claims by intervening in the original suit or by filing separate actions.  Crown, 462 U.S. at 354.

Less clear is whether the absent class members' claims can be tolled by the pursuit of a follow-on class action.  Some circuits, noting the potential for infinite "stacking" of class-actions, have categorically refused to permit tolling in subsequent class actions by putative members of the original asserted class.  E.g., Griffin v. Singletary, 17 F.3d 356 (11th Cir. 1994).  Others scrutinize more closely the reason for the failure of the first class, and permit tolling where the denial of the first class certification was "based on deficiencies of a class representative, and not on the validity of the class itself."  Yang v. Odom, 392 F.3d 97, 107 (3d Cir. 2004).

The controlling Ninth Circuit case, Catholic Soc. Servs., Inc. v. I.N.S. ("CSS"), 232 F.3d 1139 (9th Cir. 2000) (en banc), leaves room for debate. The case's procedural history was complex: the district court certified a class and granted judgment for the plaintiffs (CSS I), and the Ninth Circuit affirmed (CSS II), but the Supreme Court vacated on ripeness grounds (CSS III); the Ninth Circuit then remanded the case back to the district court for proceedings consistent with the Supreme Court's opinion (CSS IV).  Id. at 1143.

United States District Court
For the Northern District of California

1    The district court (acting on a seventh amended complaint) certified a new class, but

2   a Ninth Circuit panel reversed based on a recent statutory enactment that stripped the courts

3   of jurisdiction over certain claims, and remanded to the district court with instructions to

4   dismiss the suit with prejudice (CSS V).  The plaintiffs then filed a new class action in the

5   district court, and the district court certified the new class, finding the claims not time barred.

6   On appeal, a Ninth Circuit panel reversed and held the claims time barred (CSS VI), but the

7   *en banc* court vacated the panel opinion and took up the issue.  Id. at 1145.

8    As a threshold matter, the *en banc* court said the timeliness question could have been

9   avoided if the prior appellate panel (CSS V), instead of remanding to the district court with

10  instructions to dismiss that complaint, had remanded "to allow amendment of the complaint

11  to deal with the new reality that had been created by the [recent statutory enactment] while

12  the case was on appeal."  Id. at 1146.  The court noted that "[i]f the panel in CSS V had

13  allowed such amendment, there would be no tolling and class certification issues."  Id.

14    Moving on to the merits, the court agreed with other circuits that subsequent class

15  actions that "seek[] to relitigate the correctness" of the earlier class action decision were

16  improper.  Id. at 1147.  Finding it significant that the second class action had been narrowed

17  "for reasons unrelated to Rule 23"–*i.e.*, ripeness and a new statute–and was not seeking to

18  relitigate any prior adverse decision, the court held that the claims of the plaintiffs in the

19  second class action were not time barred.  Id. at 1149.

20    Plaintiffs here say that because their amended complaint is a continuation of the same

21  case, and not a second class-action filed after an initial attempt at certification has been

22  definitively rejected through dismissal, Catholic Social Services instructs that "no tolling

23  issues . . . arise."  Wal-Mart makes no attempt to argue that the substantive import of that

24  language in Catholic Social Services is something besides what plaintiffs suggest; instead,

25  Wal-Mart says it is *dicta* that should be ignored, Reply Br. at 10, because amending an initial

26  complaint and filing a new suit "present the same concerns."  Supp. Mot. at 4 n.2 (citing

27  Fleck v. Cablevision VII, Inc., 807 F. Supp. 824, 827 (D.D.C. 1992)).

28    The Court is less sanguine about the wisdom of ignoring the (*en banc*) Ninth Circuit's

10

discussion of this very issue. This was not a sentence fragment tucked away in a footnote, but a full paragraph positioned at the introduction the opinion's analysis of the tolling issue, framed as a exhortation to future courts:

> We believe that it would have been by far the better course for the panel in <u>CSS V</u> to remand with instructions to allow amendment of the complaint to satisfy requirements imposed for the first time while the case was on appeal. If the panel in <u>CSS V</u> had allowed such amendment, there would be no tolling and class certification issues. But because the panel ordered the dismissal of the action in <u>CSS V</u>, plaintiffs were obliged to file a new action rather than allowed to continue their pending action.

232 F.3d at 1146. Indeed, the court reiterated the point later in its analysis. <u>Id.</u> at 1149 ("Doubtless, [plaintiffs] would also have amended their complaint promptly . . . if the panel in <u>CSS V</u> had given them an opportunity to do so.").

Nor is it true that that a second attempt at certification via amended complaint and a second, separately filed action are functionally identical. <u>Cf.</u> <u>Fleck</u>, 807 F. Supp. at 827. In the former situation, the <u>court</u> decides whether plaintiffs should be permitted to amend the complaint and proceed, while a rule permitting tolling whenever <u>plaintiffs</u> decide to file a new action leaves more room for abuse. <u>Accord</u> <u>In re Initial Pub. Offering Sec. Litig.</u>, 617 F. Supp. 2d 195, 199-200 (S.D.N.Y. 2007); <u>Coleman v. GMAC</u>, 220 F.R.D. 64, 96-97 (M.D. Tenn. 2004); <u>cf.</u> <u>Andrews v. Orr</u>, 851 F.2d 146, 150 (6th Cir. 1988) (leaving open possibility that renewed certification motion would toll statute), <u>overruled on other grounds</u>, 662 F.3d 745, 749-50 (6th Cir. 2011).

The Supreme Court's rationale for permitting the tolling of absent class members' claims rested on a balancing of the values underlying Rule 23 (efficiency and economy of litigation) and statutes of limitations (prejudice to defense and unfair surprise). <u>Catholic Social Services</u>, 232 F.3d at 1146-47. Where, as here, plaintiffs are permitted to amend a complaint to address deficiencies that precluded an initial attempt at certification, and the newly proposed class is a subset of claims that defendants had notice of, the goals of avoiding multiplicitous litigation and unfair surprise continue to be served by tolling the claims of the members of the subsequent putative class. <u>Cf.</u> Wasserman, <u>Tolling: The American Pipe Tolling Rule And Successive Class Actions</u>, 58 Fla. L. Rev. 803, 858 (2006).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2    **C.    EEOC Charge Coattailing**

3        Wal-Mart's argument that class members cannot benefit from the "single filing" or

4    "coattailing" doctrine following class decertification fails for the same reasons.  <u>E.g.</u>,

5    <u>McDonald v. Sec'y of Health & Human Servs.</u>, 834 F.2d 1085, 1092 (1st Cir. 1987)

6    (<u>American Pipe</u> tolling principles applicable to administrative exhaustion issues).  Under

7    those doctrines, "so long as one plaintiff timely files an administrative complaint, a class of

8    similarly-situated plaintiffs may 'piggyback' on that complaint, thereby satisfying the

9    exhaustion requirement."  <u>Harris v. County of Orange</u>, 682 F.3d 1126, 1136 (9th Cir. 2012).

10   This Court need not express any view on the propriety of coattailing in a second action filed

11   on the heels of the dismissal of a rejected class suit, <u>cf.</u> <u>Ruehl v. Viacom, Inc.</u>, 500 F.3d 375

12   (3d Cir. 2007), because this is not such a case.

13       Wal-Mart's fallback position is that even if coattailing in general is still permissible in

14   this case, the putative class members can no longer rely on the administrative charge filed by

15   former named plaintiff Stephanie Odle because she has since filed a separate gender

16   discrimination class action against Wal-Mart in Texas.  <u>See</u> <u>Odle v. Wal-Mart Stores, Inc.</u>,

     No. 3:11-CV-02954-O (N.D. Tex. Oct. 28, 2011).

17       This Court ruled some ten years ago that absent class members and other named

18   plaintiffs who had not filed individual administrative complaints could rely on the timely

19   charge filed by Odle.  Order Granting Pls.' Mot. Amend (dkt. 81) at 4, 15-16.   At the time of

20   that ruling, Odle had been dismissed as a named plaintiff for venue reasons but remained a

21   member of the putative class.  <u>Id.</u> at 3-4.

22       The purpose of the filing requirement is to give prompt notice to the employer of the

23   nature and scope of potential liability and to allow the EEOC to attempt to conciliate with the

24   wrongdoer rather than go to court.  <u>E.g.</u>, <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385,

25   398 (1982); <u>Domingo v. New England Fish Co.</u>, 445 F. Supp. 421, 427 (W.D. Wash. 1977).

26   The Court's prior ruling reasoned that the notice provided to Wal-Mart by Odle's charge was

27   not negated by her later dismissal as a named plaintiff,  dkt. 81 at 15-16; likewise, where

28   other named plaintiffs filled in and continued to press the class claims in court,  no

**United States District Court**
For the Northern District of California

1    conciliatory purpose would be served by adopting a rule encouraging redundant EEOC

2    filings regarding class members' claims.

3        Wal-Mart says that Ninth Circuit case law prohibits class members from coattailing on

4    an administrative complaint filed by a plaintiff pursuing an individual claim in a separate

5    suit.  See Inda v. United Air Lines, Inc., 565 F.2d 554, 559 (9th Cir. 1977).  Perhaps, but like

6    Wal-Mart's tolling contentions, that argument rests on a characterization of the FAC as new

7    action distinct from the action Odle initially filed.  It is not.  Cf. Harris, 682 F.3d at 1137

8    (Inda holding limited to class reliance on complaint of individual from "a separate individual

9    lawsuit").

10        Administrative exhaustion is a ticket to bringing suit in the first place, 42 U.S.C.

11   § 2000e-5(e)-(f), and the single filing rule provides that one ticket can reserve seats for an

12   entire similarly situated class.  Once the train has left the station, the conductor does not

13   return every now and then to make sure that the person who bought the group ticket remains

14   on the train until the last stop.  That would serve no purpose where, as here, Odle's decision

15   to bring a separate action no more unrung the notice bell or made conciliation more likely in

16   this 2001 suit than did her dismissal from the position of named plaintiff.

17        In sum, this Court already ruled that the putative members of the originally proposed

18   class were entitled to coattail on Odle's charge, and the subset of them that continue in this

19   action may still rely on that ruling.[1]

20        **D.    Venue**

21        Wal-Mart also seeks to reopen an issue this Court addressed  early on in the litigation

22   regarding Title VII's venue requirements.  See Order at 3-5 (dkt. 36).  It now argues that

23   absent class members must satisfy the statute's venue requirements.  This Court previously

24

25        [1]Cf. E.E.O.C. v. Watkins Motor Lines, Inc., 553 F.3d 593, 597 (7th Cir. 2009) ("Many
     a defendant would love to decapitate a class after the statute of limitations has run by paying off
26   the sole representative plaintiff . . . ."); McDonald v. United Air Lines, Inc., 587 F.2d 357, 361
     n.12 (7th Cir. 1978) ("[T]he fact that [the plaintiffs] later settled their individual claims [does
27   not] mean[] that their EEOC filings cannot be preserved as the event which tolled the statute for
     the class of which they were members."); Cronas v. Willis Group Holdings Ltd., No. 06 Civ.
28   15295, 2007 WL 2739769 GEL, at *2-5, (S.D.N.Y. Sept. 17, 2007).

1  held that all named representatives of the class must satisfy the statutory venue requirements.

2  Id.  That ruling, as discussed in the order, analyzed the significance to named plaintiffs of a

3  line of cases holding that the status of absent class members was not material to venue.  Id.

4  Wal-Mart cites not a single case, binding or otherwise, that has held the contrary, and the

5  Court declines Wal-Mart's invitation to revisit the reasoning from those cases implicitly

6  adopted in this Court's previous order.

7  **IV.    CONCLUSION**

8        For the forgoing reasons, the Court DENIES the motion to strike or dismiss the class

9  claims.  Plaintiffs are ordered to submit their motion for class certification no later than

10 January 11, 2013, which will be heard at 10 a.m. in this Court on February 15, 2013.

12       **IT IS SO ORDERED.**

14 Dated: September 21, 2012                   _____
                                              CHARLES  R. BREYER
15                                            UNITED STATES DISTRICT JUDGE