1   GIBSON, DUNN & CRUTCHER LLP
    THEODORE J. BOUTROUS, JR., SBN 132099, tboutrous@gibsondunn.com
2   CATHERINE A. CONWAY, SBN 98366, cconway@gibsondunn.com
    MICHELE L. MARYOTT, SBN 191993, mmaryott@gibsondunn.com
3   THEANE EVANGELIS KAPUR, SBN 243570, tkapur@gibsondunn.com
    333 South Grand Avenue
4   Los Angeles, CA 90071-3197
    Telephone:   213.229.7000
5   Facsimile:   213.229.7520

6   GIBSON, DUNN & CRUTCHER LLP
    FREDERICK BROWN, SBN 65316, fbrown@gibsondunn.com
7   MARK A. PERRY, SBN 212532, mperry@gibsondunn.com
    RACHEL S. BRASS, SBN 219301, rbrass@gibsondunn.com
8   555 Mission Street, Suite 3000
    San Francisco, CA 94105-2933
9   Telephone:   415.393.8200
    Facsimile:   415.393.8306

10
    Attorneys for Defendant WAL-MART STORES, INC.
11

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                            SAN FRANCISCO DIVISION

15
    BETTY DUKES, PATRICIA SURGESON,          CASE NO.: C 01-2252-CRB
16  EDITH ARANA, DEBORAH GUNTER and
    CHRISTINE KWAPNOSKI, on behalf of        **DEFENDANT WAL-MART STORES,**
17  themselves and all others similarly situated,   **INC.'S ANSWER TO PLAINTIFFS'**
                                             **FOURTH AMENDED COMPLAINT**
18                  Plaintiffs,

19         v.

20  WAL-MART STORES, INC.,

21                  Defendant.

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1.      Answering paragraph 1 of the Fourth Amended Complaint ("FAC"), Wal-Mart Stores, Inc. ("Wal-Mart") admits that it is the largest retailer in the world, the largest private employer in the United States and that the previous action alleged a nationwide class.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 1 of the FAC.

2.      Answering paragraph 2 of the FAC, Wal-Mart admits that this Court certified a class of "all women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices," subject to certain limitations with respect to women challenging promotion policies and practices, and that the class was subsequently modified by the Ninth Circuit's *en banc* ruling.  Wal-Mart admits that United States Supreme Court reversed the grant of class certification on June 20, 2011.  Except as expressly admitted herein, Wal-Mart denies all remaining allegations contained in paragraph 2 of the FAC.

3.      Answering paragraph 3 of the FAC (including subparts), Wal-Mart admits only that plaintiffs purport to bring such claims.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 3 of the FAC.

4.      Answering paragraph 4 of the FAC, Wal-Mart admits only that plaintiffs so allege. Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 4 of the FAC.

5.      Answering paragraph 5 of the FAC, Wal-Mart admits only that plaintiffs make the allegations described and purport to represent a class of women who worked in the proposed California Regions, as defined.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 5 of the FAC.

6.      Answering paragraph 6 of the FAC, Wal-Mart admits only that plaintiffs seek the relief described, but denies that plaintiffs are entitled to the requested relief or any relief.

7.      Answering paragraph 7 of the FAC, Wal-Mart admits that this Court has jurisdiction over only those claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and/or the California Fair Employment and Housing Act, Government Code § 12940 *et seq.*, that challenge employment decisions or actions that were included in a charge timely

filed with the appropriate administrative agency and which fairly encompasses the claims alleged in this case.  Further answering, Wal-Mart affirmatively states that this Court lacks jurisdiction over all those claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and/or the California Fair Employment and Housing Act, Government Code § 12940 *et seq.*, that challenge employment decisions or actions that were not included in a charge timely filed with the appropriate agency and/or that were not fairly encompassed by a timely filed charge.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 7 of the FAC.

8.     Answering paragraph 8 of the FAC, Wal-Mart admits that venue is proper in this district with respect to the claims of the named plaintiffs.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 8 of the FAC.

9.     Answering paragraph 9 of the FAC, Wal-Mart admits only that Betty Dukes is an African-American woman currently employed by Wal-Mart in Contra Costa County in Wal-Mart Store 1615.  Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 of the FAC and therefore denies same.

10.     Answering paragraph 10 of the FAC, Wal-Mart admits only that Patricia Surgeson is a woman who was employed by Wal-Mart from August 1997 to March 2001 in Store 1704, and that her exit interview form indicates that she is "eligible to reapply."  Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 of the FAC and therefore denies same.

11.     Answering paragraph 11 of the FAC, Wal-Mart admits only that Christine Kwapnoski is a woman who has been employed by Wal-Mart Stores, Inc. since 1986, and that she has worked for Sam's Club in Concord, California in Store 6612 since 1994.  Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 of the FAC and therefore denies same.

12.     Answering paragraph 12 of the FAC, Wal-Mart admits only that Deborah Gunter is a woman who was employed by Wal-Mart in California from April 1996 to August 1999, and that she worked in Store 2028, Store 1747, and Store 2077.  Wal-Mart is without knowledge or information

1  sufficient to form a belief as to the remaining allegations in paragraph 12 of the FAC and therefore
2  denies same.

3          13.     Answering paragraph 13 of the FAC, Wal-Mart admits only that Edith Arana is an
4  African-American woman who was employed by Wal-Mart in California from 1995 until October
5  2001, and that she worked in Store 2401. Wal-Mart is without knowledge or information sufficient
6  to form a belief as to the remaining allegations in paragraph 12 of the FAC and therefore denies
7  same.

8          14.     Answering paragraph 14 of the FAC, Wal-Mart admits the statements contained
9  therein.

10         15.     Answering paragraph 15 of the FAC, Wal-Mart admits only that plaintiffs purport to
11 bring a class action as stated. Except as expressly admitted, Wal-Mart denies the remaining
12 allegations contained in paragraph 15 of the FAC. Further answering, Wal-Mart affirmatively states
13 that plaintiffs cannot properly maintain this case as a class action under Federal Rule of Civil
14 Procedure 23. Except as expressly admitted, Wal-Mart denies the remaining allegations contained in
15 paragraph 15 of the FAC.

16         16.     Answering paragraph 16 of the FAC, Wal-Mart admits only that the named plaintiffs
17 are all women who are or were employed at a Wal-Mart or Sam's Club store in California. Except as
18 expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 16 of the FAC.

19         17.     Answering paragraph 17 of the FAC, Wal-Mart denies the allegations contained
20 therein.

21         18.     Answering paragraph 18 of the FAC, Wal-Mart denies the allegations contained
22 therein.

23         19.     Answering paragraph 19 of the FAC, Wal-Mart denies the allegations contained
24 therein.

25         20.     Answering paragraph 20 of the FAC, Wal-Mart denies the allegations contained
26 therein.

27         21.     Answering paragraph 21 of the FAC, Wal-Mart denies the allegations contained
28 therein.

22.     Answering paragraph 22 of the FAC, Wal-Mart denies the allegations contained therein.

23.     Answering paragraph 23 of the FAC, Wal-Mart denies the allegations contained therein.

24.     Answering paragraph 24 of the FAC, Wal-Mart admits only that Wal-Mart operates Wal-Mart Discount Stores and Supercenters (collectively "Wal-Mart Stores"), and Sam's Clubs in the proposed California Regions, as defined.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 24 of the FAC.

25.     Answering paragraph 25 of the FAC, Wal-Mart denies the allegations contained therein.

26.     Answering paragraph 26 of the FAC, Wal-Mart admits that the majority of hourly employees work in the positions of sales workers, cashiers, department managers and stockers, and the most common salaried management positions is assistant manager.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 26 of the FAC.

27.     Answering paragraph 27 of the FAC, Wal-Mart admits only that each of its stores within the proposed California Regions, as defined, have numerous departments which have been staffed by hourly employees and that some departments have been designated as specialty departments.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 27 of the FAC.

28.     Answering paragraph 28 of the FAC, Wal-Mart admits only that the Wal-Mart Stores have Assistant Managers, that larger Wal-Mart Stores may have one or more Co-Managers who supervise Assistant Managers and other staff, that all Wal-Mart Stores have Store Managers who have overall responsibility for the store operations, and that specialty department managers, who report to Store Managers, may also report to District and Regional Specialty Managers.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 28 of the FAC.

29.     Answering paragraph 29 of the FAC, Wal-Mart admits only that until 2006, stores within the proposed California Regions, as defined, were grouped into districts, the Store Managers

Gibson, Dunn &
Crutcher LLP

DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO.: C 01-2252-CRB

1   reported to District Managers, and the districts typically included six to eight stores.  Except as

2   expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 29 of the FAC.

3        30.    Answering paragraph 30 of the FAC, Wal-Mart reads this allegation to encompass the

4   entire class period proposed by plaintiffs and as making generalized, summary allegations regarding

5   the nature of general activities of various individuals for a period spanning more than 11 years.  On

6   that basis, Wal-Mart denies the allegations in paragraph 30 of the FAC.

7        31.    Answering paragraph 31 of the FAC, Wal-Mart denies the allegations contained

8   therein.

9        32.    Answering paragraph 32 of the FAC, Wal-Mart reads this allegation to encompass the

10  entire class period proposed by plaintiffs and as making generalized, summary allegations regarding

11  the nature of general activities of various individuals for a period spanning more than 11 years.  On

12  that basis, Wal-Mart denies the allegations in paragraph 32 of the FAC.

13       33.    Answering paragraph 33 of the FAC, Wal-Mart reads this allegation to encompass the

14  entire class period proposed by plaintiffs and as making generalized allegations regarding the

15  personnel in place at all times and activities of various individuals for a period spanning more than 11

16  years.  On that basis, Wal-Mart denies the allegations in paragraph 33 of the FAC.

17       34.    Answering paragraph 34 of the FAC, Wal-Mart admits the allegations contained

18  therein.

19       35.    Answering paragraph 35 of the FAC, Wal-Mart reads this allegation to encompass the

20  entire class period proposed by plaintiffs and as making generalized allegations regarding the

21  Regional and Divisional reporting structure for a period spanning more than 11 years.  On that basis,

22  Wal-Mart denies the allegations in paragraph 35 of the FAC.

23       36.    Answering paragraph 36 of the FAC, Wal-Mart reads this allegation to encompass the

24  entire class period proposed by plaintiffs and as making generalized allegations regarding

25  compensation of store-based employees for a period spanning more than 11 years.  On that basis,

26  Wal-Mart denies the allegations in paragraph 36 of the FAC.

27       37.    Answering paragraph 37 of the FAC, Wal-Mart reads this allegation to encompass the

28  entire class period proposed by plaintiffs and as making generalized allegations regarding all hourly

positions in all stores within the proposed California Regions, as defined, without exception and spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 37 of the FAC.

38.     Answering paragraph 38 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 38 of the FAC.

39.     Answering paragraph 39 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 39 of the FAC.

40.     Answering paragraph 40 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 40 of the FAC.

41.     Answering paragraph 41 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees and knowledge of individuals in specified positions for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 41 of the FAC.

42.     Answering paragraph 42 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees and activities and knowledge of individuals in specified positions for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 42 of the FAC.

43.     Answering paragraph 43 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees and activities and knowledge of individuals in specified

positions for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 43 of the FAC.

44.     Answering paragraph 44 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 44 of the FAC.

45.     Answering paragraph 45 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 45 of the FAC.

46.     Answering paragraph 46 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 46 of the FAC.

47.     Answering paragraph 47 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding compensation of store-based employees and the practices of hundreds of individuals for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 47 of the FAC.

48.     Answering paragraph 48 of the FAC, Wal-Mart denies the allegations contained therein.

49.     Answering paragraph 49 of the FAC, Wal-Mart denies the allegations contained therein.

50.     Answering paragraph 50 of the FAC, Wal-Mart denies the allegations contained therein.

51.     Answering paragraph 51 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of

hundreds of individuals and promotion-related practices for a period spanning more than 11 years. On that basis, Wal-Mart denies the allegations in paragraph 51 of the FAC.

52.      Answering paragraph 52 of the FAC, Wal-Mart admits only that prior to 2003, there was not a consistently applied policy of job posting for Management Trainee positions across the stores in the proposed California Regions, as defined.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 52 of the FAC.

53.      Answering paragraph 53 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of hundreds of individuals and promotion-related practices for a period spanning more than 11 years. On that basis, Wal-Mart denies the allegations in paragraph 53 of the FAC.

54.      Answering paragraph 54 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of hundreds of individuals and promotion-related practices for a period spanning more than 11 years. On that basis, Wal-Mart denies the allegations in paragraph 54 of the FAC.

55.      Answering paragraph 55 of the FAC, Wal-Mart denies the allegations contained therein.

56.      Answering paragraph 56 of the FAC, Wal-Mart admits that in January 2003, Wal-Mart instituted within the proposed California Regions, as defined, an online application process for entry into the Management Training Program, and that to be considered for that program, applicants had to be willing to travel for up to six weeks and be subject to varied schedules.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 56 of the FAC.

57.      Answering paragraph 57 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of hundreds of individuals and promotion-related practices for a period spanning more than 11 years. On that basis, Wal-Mart denies the allegations in paragraph 57 of the FAC.

58.      Answering paragraph 58 of the FAC, Wal-Mart denies the allegations contained therein.

59.     Answering paragraph 59 of the FAC, Wal-Mart denies the allegations contained therein.

60.     Answering paragraph 60 of the FAC, Wal-Mart denies the allegations contained therein.

61.     Answering paragraph 61 of the FAC, Wal-Mart denies the allegations contained therein.

62.     Answering paragraph 62 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of hundreds of individuals and promotion-related activities for a period spanning more than 11 years. On that basis, Wal-Mart denies the allegations in paragraph 62 of the FAC.

63.     Answering paragraph 63 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of hundreds of individuals and promotion-related activities for a period spanning more than 11 years. On that basis, Wal-Mart denies the allegations in paragraph 63 of the FAC.

64.     Answering paragraph 64 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding activities of hundreds of individuals for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 64 of the FAC.

65.     Answering paragraph 65 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding individuals' purported views regarding gender-related issues for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 65 of the FAC.

66.     Answering paragraph 66 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding individuals' purported views regarding gender-related issues for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 66 of the FAC.

67.     Answering paragraph 67 of the FAC, Wal-Mart denies the allegations contained therein.

68.     Answering paragraph 68 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding policies for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 68 of the FAC.

69.     Answering paragraph 69 of the FAC, Wal-Mart reads this allegation to encompass the entire class period proposed by plaintiffs and as making generalized allegations regarding policies for a period spanning more than 11 years.  On that basis, Wal-Mart denies the allegations in paragraph 69 of the FAC.

70.     Answering paragraph 70 of the FAC, Wal-Mart denies the allegations contained therein.

71.     Answering paragraph 71 of the FAC, Wal-Mart denies the allegations contained therein.

72.     Answering paragraph 72 of the FAC, Wal-Mart admits only that Wal-Mart has conducted surveys of associates, including in 1998.  Wal-Mart denies that paragraph 72 accurately or completely reflects the results of any such survey.  Except as expressly admitted herein, Wal-Mart denies the allegations in paragraph 72 of the FAC.

73.     Answering paragraph 73 of the FAC, Wal-Mart admits that a group of female executives known as the "Women in Leadership" group met during the early 1990s.  Wal-Mart denies that paragraph 73 accurately or completely reflects the views of the members of that group of the FAC.

74.     Answering paragraph 74 of the FAC, Wal-Mart admits only that California Store Managers have generally attended training programs at the Walton Institute.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 74 of the FAC.

75.     Answering paragraph 75 of the FAC, Wal-Mart admits only that Wal-Mart held a meeting for District Managers on or about January 24, 2004.   Wal-Mart denies that Tom Coughlin or any other Wal-Mart executive made the statements alleged in paragraph 75 and otherwise denies the allegations in paragraph 75 of the FAC.

Gibson, Dunn &
Crutcher LLP

DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO.: C 01-2252-CRB

1      76.     Answering paragraph 76 of the FAC, Wal-Mart denies the allegations contained

2  therein.

3      77.     Answering paragraph 77 of the FAC, Wal-Mart denies the allegations contained

4  therein.

5      78.     Answering paragraph 78 of the FAC, Wal-Mart denies the allegations contained

6  therein.

7      79.     Answering paragraph 79 of the FAC, Wal-Mart denies the allegations contained

8  therein.

9      80.     Answering paragraph 80 of the FAC, Wal-Mart denies the allegations contained

10 therein.

11     81.     Answering paragraph 81 of the FAC, Wal-Mart denies the allegations contained

12 therein.

13     82.     Answering paragraph 82 of the FAC, Wal-Mart cannot speak to whether any

14 individual manager holds such views, which would be contrary to Wal-Mart's strong policies against

15 discrimination. Except as expressly admitted, Wal-Mart denies the remaining allegations contained in

16 paragraph 82 of the FAC.

17     83.     Answering paragraph 83 of the FAC, Wal-Mart admits only that it has had strong

18 policies against discrimination for years to help ensure women are paid and promoted fairly.  Except

19 as expressly admitted, Wal-Mart denies the remaining allegations in paragraph 83 of the FAC.

20     84.     Answering paragraph 84 of the FAC, Wal-Mart admits that starting in 2000, Wal-Mart

21 asked District Managers to set diversity goals for advancement of women in management.  Except as

22 expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 84 of the FAC.

23     85.     Answering paragraph 85 of the FAC, Wal-Mart denies the allegations contained

24 therein.

25     86.     Answering paragraph 86 of the FAC, Wal-Mart denies the allegations contained

26 therein.

27     87.     Answering paragraph 87 of the FAC, Wal-Mart admits only that Betty Dukes is an

28 African-American woman currently employed in Wal-Mart store 1615 located in Pittsburg,

California and that Dukes was promoted to customer service manager in June 1997.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 87 of the FAC.

88.     Answering paragraph 88 of the FAC, Wal-Mart admits only that in November 1997, Dukes utilized the company's open door policy and contacted district manager Chuck Salby.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 88 of the FAC.

89.     Answering paragraph 89 of the FAC, Wal-Mart admits only that Dukes received written coachings in February 1998 for returning late from breaks and on March 31, 1998 for failing to follow proper procedures in performing her duties as a customer service manager, and that Dukes contacted district manager Jay King regarding the March 31, 1998 written coaching.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 89 of the FAC.

90.     Answering paragraph 90 of the FAC, Wal-Mart admits only that Dukes called in sick on numerous occasions and had frequent absences from work, that on one occasion when Dukes called in sick, Cagle, the store manager of the Pittsburg store at the time, contacted Dukes and advised her that she should set a better example regarding attendance, that Dukes contacted Charles Chibante, District Loss Prevention Manager, about Cagle, and that Cagle apologized to Dukes for any comments regarding her absences that may have been misconstrued by her.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 90 of the FAC.

91.     Answering paragraph 91 of the FAC, Wal-Mart admits only that on August 14, 1999, Wal-Mart demoted Dukes from the Customer Service Manager position to cashier.  Further answering, Wal-Mart affirmatively states that, prior to her demotion, Dukes inquired of Cagle regarding what was required for promotion into management and that Cagle advised her generally that she should first strive to serve successfully as a department manager and then seek advancement into the management training program.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 91 of the FAC.

92.     Answering paragraph 92 of the FAC, Wal-Mart admits only that in August 1999, Dukes met with John Scantlin at the District Office and complained about her demotion and about

1    alleged race discrimination.  Except as expressly admitted, Wal-Mart denies the remaining

2    allegations contained in paragraph 92 of the FAC.

3            93.     Answering paragraph 93 of the FAC, Wal-Mart admits only that, as a result of the

4    misconduct that led to her demotion, Dukes became ineligible to apply for promotions for a period of

5    one year and that, as a result of Dukes' demotion in August 1999, her wage rate was reduced.  Except

6    as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 93 of the

7    FAC.

8            94.     Answering paragraph 94 of the FAC, Wal-Mart admits only that, as of August 14,

9    2000, Dukes once again became eligible to apply for promotions, that in October 2000, Robert

10   Mendez was promoted to Support Manager, and that, in January 2001, Will Martines was transferred

11   from one department manager position to the position of manager for Tire Lube Express.  Except as

12   expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 94 of the FAC.

13           95.     Answering paragraph 95 of the FAC, Wal-Mart denies the allegations contained

14   therein.

15           96.     Answering paragraph 96 of the FAC, Wal-Mart admits only that Brooke Terrell chose

16   to step down from the position of department manager to a sales floor position, that Kevin Sims filled

17   the position vacated by Terrell, that Trina Wallace was terminated on or about June 30, 2000, and

18   that Kendall Dimery replaced Wallace.  Except as expressly admitted, Wal-Mart denies the remaining

19   allegations contained in paragraph 96 of the FAC.

20           97.     Answering paragraph 97 of the FAC, Wal-Mart admits only that a charge of

21   discrimination for Dukes dated June 1, 2000 is attached as Exhibit 1 to the FAC.  Further answering,

22   Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the

23   remaining allegations contained in paragraph 97 and therefore denies same.

24           98.     Answering paragraph 98 of the FAC, Wal-Mart admits only that a charge of

25   discrimination for Dukes dated May 1, 2001 is attached as Exhibit 2 to the FAC.  Further answering,

26   Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the

27   remaining allegations contained in paragraph 98 and therefore denies same.

28

99.     Answering paragraph 99 of the FAC, Wal-Mart admits only that in January 2003 Wal-Mart began using an online application process for Management Trainee positions.  Further answering, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 99 and therefore denies same.

100.     Answering paragraph 100 of the FAC, Wal-Mart admits only that Dukes has held the positions of Cashier or Greeter since July 2001. Further answering, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100 and therefore denies same.

101.     Answering paragraph 101 of the FAC, Wal-Mart admits only that a charge of discrimination for Dukes dated April 9, 2004 is attached as Exhibit 3 to the FAC.  Further answering, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 101 and therefore denies same.

102.     Answering paragraph 102 of the FAC, Wal-Mart admits only that Patricia Surgeson was hired by Wal-Mart in Vacaville in August 1997 as a sales associate, that her initial assignment was in the Tire and Lube Express Department, and that she transferred to the Health and Beauty Aids Department.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 102 of the FAC.

103.     Answering paragraph 103 of the FAC, Wal-Mart admits only that, in November 1998, Surgeson was assigned to the Layaway Department.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 103 of the FAC.

104.     Answering paragraph 104 of the FAC, Wal-Mart denies the allegations contained therein.

105.     Answering paragraph 105 of the FAC, Wal-Mart admits only that in July 2000, Surgeson applied for and was given a position in the cash office.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 105 of the FAC.

106.     Answering paragraph 106 of the FAC, Wal-Mart admits only that in January 2001, Surgeson inquired about a raise in pay.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 106 of the FAC.

107.    Answering paragraph 107 of the FAC, Wal-Mart is without knowledge or information sufficient to form a belief as to whether Surgeson was interested in the management training program and therefore denies same.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 107 of the FAC.

108.    Answering paragraph 108 of the FAC, Wal-Mart denies the allegations contained therein.

109.    Answering paragraph 109 of the FAC, Wal-Mart admits that a charge of discrimination for Patricia Surgeson dated May 14, 2001 is attached as Exhibit 4 to the FAC.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 109 and therefore denies same.

110.    Answering paragraph 110 of the FAC, Wal-Mart admits the statements contained in paragraph 110.

111.    Answering paragraph 111 of the FAC, Wal-Mart admits that while employed at a Sam's Club in Missouri, Ms. Kwapnoski was sent to Concord, California to assist in converting a newly acquired store to a Sam's Club.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 111 and therefore denies same.

112.    Answering paragraph 112 of the FAC, Wal-Mart admits that in 1994, Kwapnoski transferred to the Sam's Club in Concord, California and that while employed at the Sam's Club in Concord, California, Kwapnoski worked in auditing, freezer/cooler department, claims and receiving.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 112 of the FAC.

113.    Answering paragraph 113 of the FAC, Wal-Mart admits that Kwapnoski was made a Team Leader in 1999, and that in 2001, Kwapnoski was promoted to Receiving Area Manager.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 113 of the FAC.

114.    Answering paragraph 114 of the FAC, Wal-Mart denies the allegations contained therein.

115.     Answering paragraph 115 of the FAC, Wal-Mart admits only that a charge of discrimination for Christine Kwapnoski dated February 7, 2002 is attached as Exhibit 5 to the FAC. Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 115 of the FAC and therefore denies same.

116.     Answering paragraph 116 of the FAC, Wal-Mart admits only that in 2003, Ms. Kwapnoski entered the Management-in-Training program.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 116 of the FAC.

117.     Answering paragraph 117 of the FAC, Wal-Mart denies the allegations contained therein.

118.     Answering paragraph 118 of the FAC, Wal-Mart admits that Kwapnoski became a Bakery Manager in 2003 and that she remains an Assistant Manager.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 118 of the FAC.

119.     Answering paragraph 119 of the FAC, Wal-Mart admits that it received a complaint from one of Ms. Kwapnoski's co-workers alleging that Ms. Kwapnoski had engaged in sexual harassment and that Wal-Mart conducted an investigation.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 119 of the FAC.

120.     Answering paragraph 120 of the FAC, Wal-Mart admits only that a charge of discrimination for Christine Kwapnoski dated April 23, 2005 is attached as Exhibit 6 to the FAC. Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to whether Ms. Kwapnoski received a right to sue notice in May 2005.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 120 of the FAC.

121.     Answering paragraph 121 of the FAC, Wal-Mart admits only that in 2008, Ms. Kwapnoski was disciplined for violating code-date policies.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 121 of the FAC.

122.     Answering paragraph 122 of the FAC, Wal-Mart admits only that in 2009, Sam's Club management conducted a Redbook investigation into alleged violations of company policy by Kwapnoski.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 122 of the FAC.

123.   Answering paragraph 123 of the FAC, Wal-Mart admits that Kwapnoski raised various complaints about scheduling in 2011.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 123 of the FAC.

124.   Answering paragraph 124 of the FAC, Wal-Mart admits only that a charge of discrimination for Christine Kwapnoski is attached as Exhibit 7 to the FAC.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 124 of the FAC and therefore denies same.

125.   Answering paragraph 125 of the FAC, Wal-Mart denies the allegations contained therein.

126.   Answering paragraph 126 of the FAC, Wal-Mart admits only that Deborah Gunter was hired in April 1996 at Wal-Mart store 2028 located in Riverside, California; and that Gunter worked as a sales associate in the Photo Lab for part of her employment at store 2028.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 126 and therefore denies same.

127.   Answering paragraph 127 of the FAC, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 and therefore denies same.

128.   Answering paragraph 128 of the FAC, Wal-Mart admits only that Gunter worked as a stocker in the receiving area for part of her employment at Wal-Mart store 2028 in Riverside, California.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 128 and therefore denies same.

129.   Answering paragraph 129 of the FAC, Wal-Mart admits only that Gunter transferred to Wal-Mart store 1747 located in Perris, California in 1998.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 129 and therefore denies same.

130.   Answering paragraph 130 of the FAC, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 130 and therefore denies same.

131.     Answering paragraph 131 of the FAC, Wal-Mart admits only that Gunter transferred to Wal-Mart store 2077 located in Lake Elsinore, California in 1999, and that Gunter was employed as a sales associate in the Tire Lube Express Department.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 131 and therefore denies same.

132.     Answering paragraph 132 of the FAC, Wal-Mart admits only that Gunter terminated her employment with Wal-Mart in August 1999.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 132 and therefore denies same.

133.     Answering paragraph 133 of the FAC, Wal-Mart admits that a charge of discrimination for Deborah Gunter dated October 24, 2011 is attached as Exhibit 8 to the FAC. Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 133 of the FAC and therefore denies same.

134.     Answering paragraph 134 of the FAC, Wal-Mart admits only that Edith Arana is an African-American woman who was hired on September 5, 1995 at Wal-Mart store 2401 located in Duarte, California and that during her employment she worked as Personnel Manager, UPC associate, Stocker, Sales associate, Inventory Control associate and Greeting Card associate.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 134 of the FAC.

135.     Answering paragraph 135 of the FAC, Wal-Mart admits only that in 1999, Arana applied for manager positions in the Paper Goods and Chemicals department, Ladies Sportswear department, and Stationary and Books department, and that in 2000, Arana applied for a Paper Goods and Chemicals Department Manager position and that the position was filled by a male associate. Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 135 of the FAC.

136.     Answering paragraph 136 of the FAC, Wal-Mart admits only that Arana and Store Manager John Kocharian had general conversations about the management training program.  Except

Gibson, Dunn &
Crutcher LLP

as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 136 of the FAC.

137.   Answering paragraph 137 of the FAC, Wal-Mart denies the allegations contained therein.

138.   Answering paragraph 138 of the FAC, Wal-Mart admits only that Arana contacted District Manager Judy Evans regarding the assistant manager training program.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 138 of the FAC.

139.   Answering paragraph 139 of the FAC, Wal-Mart denies the allegations contained therein.

140.   Answering paragraph 140 of the FAC, Wal-Mart admits only that on September 18, 1999, Arana began working on the Inventory Control team.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 140 of the FAC.

141.   Answering paragraph 141 of the FAC, Wal-Mart admits only that Arana's employment was terminated on October 19, 2001 for gross misconduct.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 141 of the FAC.

142.   Answering paragraph 142 of the FAC, Wal-Mart admits only that a charge of discrimination for Ms. Arana dated December 10, 2011 is attached as Exhibit 9 to the FAC.  Further answering, Wal-Mart is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 142 and therefore denies same.

143.   Wal-Mart incorporates paragraphs 1 through 142 above.

144.   Answering paragraph 144 of the FAC, Wal-Mart admits only that plaintiffs purport to represent a class.  Wal-Mart denies all remaining allegations contained in paragraph 144 of the FAC. Further answering, Wal-Mart affirmatively states that plaintiffs cannot properly maintain this case as a class action under Federal Rule of Civil Procedure 23.

145.   Answering paragraph 145 of the FAC, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies same.

146. Answering paragraph 146 of the FAC, Wal-Mart admits that this Court certified a class of "all women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices," subject to certain limitations with respect to women challenging promotion policies and practices, and that the class was subsequently modified by the Ninth Circuit's *en banc* ruling. Wal-Mart admits that United States Supreme Court reversed the grant of class certification on June 20, 2011 and that this Court subsequently set the deadlines referenced in this paragraph. Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 146 of the FAC.

147. Answering paragraph 147 of the FAC, Wal-Mart denies the allegations contained therein.

148. Answering paragraph 148 of the FAC, Wal-Mart denies the allegations contained therein.

149. Answering paragraph 149 of the FAC, Wal-Mart asserts that plaintiffs fail to specify what "data" they are referring to in the first sentence of this paragraph. As such, Wal-Mart lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and on that basis denies same. Plaintiffs also fail to specify what "requirements for pay and promotion" she refers to in the second sentence of this paragraph. As such, Wal-Mart does not have sufficient information to admit or deny the allegations in the second sentence of this paragraph and on that basis denies same. Wal-Mart denies the allegations in the third sentence of this paragraph. Except as expressly stated herein, Wal-Mart denies the remaining allegations contained in paragraph 149 of the FAC.

150. Answering paragraph 150 of the FAC, Wal-Mart admits only that its in-house human resources personnel and consultants periodically assess Wal-Mart's employment policies and practices and implement enhancements or modifications as appropriate, but Wal-Mart denies any allegation or implication that Wal-Mart's policies or practices are deficient or have discriminatory impact on female employees. Except as expressly admitted herein, Wal-Mart denies the remaining allegations contained in paragraph 150 of the FAC.

Gibson, Dunn & Crutcher LLP

1    151.   Answering paragraph 151 of the FAC, Wal-Mart denies the allegations contained

2    therein.

3    152.   Answering paragraph 152 of the FAC, Wal-Mart denies the allegations contained

4    therein and denies that plaintiffs are entitled to any relief.

5    153.   Wal-Mart incorporates paragraphs 88-102, 111-126, and 135-142 above.  Further

6    answering, Wal-Mart admits only that plaintiffs purport to bring individual claims under Title VII.

7    Except as expressly admitted, Wal-Mart denies the remaining allegations contained in paragraph 153

8    of the FAC.

9    154.   Answering  paragraph 154 of the FAC, Wal-Mart denies the allegations contained

10   therein.

11   155.   Answering paragraph 155 of the FAC, Wal-Mart denies the allegations contained

12   therein.

13   156.   Answering paragraph 156 of the FAC, Wal-Mart denies the allegations contained

14   therein and denies that plaintiffs are entitled to any relief.

15   157.   Wal-Mart incorporates paragraphs 88-102 above.

16   158.   Answering paragraph 158 of the FAC, Wal-Mart admits only that Betty Dukes

17   purports to bring a claim under the California Fair Employment and Housing Act on her own behalf

18   only.  Except as expressly admitted, Wal-Mart denies the remaining allegations contained in

19   paragraph 158 of the FAC.

20   159.   Answering paragraph 159 of the FAC, Wal-Mart denies the allegations contained

21   therein.

22   160.   Answering paragraph 160 of the FAC, Wal-Mart denies the allegations contained

23   therein.

24   161.   Answering paragraph 161 of the FAC, Wal-Mart denies the allegations contained

25   therein and denies that Betty Dukes is entitled to any relief.

26   162.   Answering paragraph 162 of the FAC, Wal-Mart denies the allegations contained

27   therein.

28

163.    Answering paragraph 163 of the FAC, Wal-Mart denies the allegations contained therein.

164.    Answering paragraph 164 of the FAC, Wal-Mart denies the allegations contained therein.

Answering the unnumbered prayer for relief (including subparts) on pages 31 through 33 of the FAC, Wal-Mart denies that plaintiffs are entitled to the relief requested or to any relief.

## **AFFIRMATIVE DEFENSES**

1.    The claims of the named plaintiffs are barred because the FAC does not state a claim on which relief could be granted.

2.    The claims purportedly asserted on behalf of persons other than the named plaintiffs are barred because the FAC does not state a claim on which relief could be granted.

3.    This Court is an improper venue in which to resolve the claims of any person who did not reside or work in the State of California.

4.    The claims purportedly asserted on behalf of all persons other than the named plaintiffs are barred by the doctrine of res judicata.

5.    The claims purportedly asserted on behalf of all persons other than the named plaintiffs are barred by applicable statutes of limitations.

6.    The claims of the named plaintiffs are barred by applicable statutes of limitations.

7.    The claims purportedly asserted on behalf of all persons other than the named plaintiffs are barred by the doctrine of laches.

8.    The claims of the named plaintiffs are barred by the doctrine of laches.

9.    The claims purportedly asserted on behalf of certain persons other than the named plaintiffs are barred by the doctrine of accord and satisfaction.

10.    The claims purportedly asserted on behalf of certain persons other than the named plaintiffs are barred by the doctrine of release.

11.    The claims purportedly asserted on behalf of certain persons other than the named plaintiffs are barred by the doctrine of payment.

12.     The claims purportedly asserted on behalf of certain persons other than the named plaintiffs are barred by the doctrine of waiver.

13.     The claims of the named plaintiffs are barred by their failure to exhaust administrative remedies.

14.     The claims purportedly asserted on behalf of persons other than the named plaintiffs are barred by their failure to exhaust administrative remedies.

15.     The claims of the named plaintiffs are barred by their failure to file a timely, accurate, complete, sufficient, and/or adequate charge with the EEOC or appropriate state agency.

16.     The claims purportedly asserted on behalf of persons other than the named plaintiffs are barred by their failure to file a timely, accurate, complete, sufficient, and/or adequate charge with the EEOC or appropriate state agency.

17.     The claims of the named plaintiffs are barred by the absence of a timely and adequate administrative charge alleging a pattern or practice of discrimination.

18.     The claims purportedly asserted on behalf of persons other than the named plaintiffs are barred by the absence of a timely and adequate administrative charge alleging a pattern or practice of discrimination.

19.     The imposition of punitive damages is not authorized by federal or state law.

20.     The imposition of punitive damages would violate the federal and state constitutions.

21.     The claims for punitive damages are barred because Wal-Mart did not act with fraud, oppression, or malice toward any individual employee.

22.     The claims for punitive damages are barred because Wal-Mart did not act with malice or reckless indifference to the federally protected rights of any individual.

23.     The claims for punitive damages are barred because Wal-Mart engaged in good faith effort to comply with Title VII.

24.     The claims for punitive damages are barred because no director, officer, or managerial agent of Wal-Mart acted with the requisite mental state toward any individual.

25.     All claims are barred in whole or in part because Wal-Mart's employment decisions and actions were based on legitimate, nondiscriminatory business reasons and were not pretexts for discrimination.

26.     All claims are barred in whole or in part because Wal-Mart's employment decisions and actions were job-related and consistent with business necessity.

27.     All claims are barred in whole or in part because Wal-Mart's employment decisions and actions were based on bona fide factors other than sex.

28.     All claims are barred in whole or in part because Wal-Mart's employment decisions and actions were based on reasons other than discrimination based on sex.

29.     All claims are barred in whole or in part because Wal-Mart did not intentionally engage in an unlawful employment practice.

30.     All claims are barred in whole or in part by the failure of individual employees to mitigate, or attempt to mitigate, their damages.

31.     All claims are barred in whole or in part by the failure of individual employees to take advantage of preventative and/or corrective opportunities provided by Wal-Mart to avoid harm.

32.     The claims and/or damages and other relief are barred in whole or in part by the after-acquired evidence doctrine.

33.     All claims are barred in whole or in part by the doctrines of unclean hands and/or estoppel by reason of the conduct and actions of the named plaintiffs.

34.     The claims purportedly asserted on behalf of all persons other than the named plaintiffs are barred because the named plaintiffs cannot satisfy the commonality, typicality, or adequacy requirements of Rule 23(a).

35.     The claims purportedly asserted on behalf of all persons other than the named plaintiffs are barred because the named plaintiffs cannot satisfy the predominance or superiority requirements of Rule 23(b).

36.     The claims purportedly asserted on behalf of all persons other than the named plaintiffs are barred by the mandate of the Supreme Court of the United States.

37.     The named plaintiffs lack standing to sue on behalf of absent persons.

1    38.    The claims for monetary relief purportedly asserted on behalf of all persons other than

2    the named plaintiffs are barred by Title VII, the Rules Enabling Act, Rule 23, the Due Process

3    Clause, and the Seventh Amendment

4    39.    Wal-Mart presently has insufficient knowledge or information as to whether it may

5    have additional, yet unasserted, affirmative defenses.  Wal-Mart therefore reserves the right to assert

6    additional affirmative defenses in the event discovery or further proceedings indicate such additional

7    defense would be appropriate.

8    Dated:  October 19, 2012

9                    GIBSON, DUNN & CRUTCHER LLP

10

11                    By:    _____*/s/ Theodore J. Boutrous, Jr.*_____
                             Theodore J. Boutrous, Jr.
12
                       Attorneys for Defendant WAL-MART STORES, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO.: C 01-2252-CRB