BRAD SELIGMAN (SBN 083838), *BSeligman@impactfund.org*,
JOCELYN D. LARKIN (SBN 110817), *JLarkin@impactfund.org*
THE IMPACT FUND
125 University Avenue
Berkeley, CA  94710
Telephone:  510.845.3473
Facsimile:  510.845.3654

JOSEPH M. SELLERS (*pro hac vice*)
COHEN MILSTEIN SELLERS  & TOLL, PLLC
1100 New York Avenue, Suite 500 West
Washington, DC  20005
*JSellers@cohenmilstein.com*

Attorneys for Plaintiffs

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099, tboutrous@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366, cconway@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993, mmaryott@gibsondunn.com
THEANE EVANGELIS KAPUR, SBN 243570, tkapur@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Additional counsel listed on signature page.

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER, and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Case No.  C-01-2252-CRB <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **Date:  October 26, 2012** <br><br> **Time:  10:00 a.m.** |

In its Order Denying Motion to Dismiss (hereafter Order) issued on September 21, 2012, the Court directed plaintiffs to file their motion for class certification by January 11, 2013. On receipt of this order, plaintiffs promptly propounded a Request to Supplement Discovery and Requests to Produce Documents and a short set of Interrogatories regarding the proposed class. The parties also held a number of meet and confer sessions to discuss the scope of discovery and the schedule for class certification. During these sessions, although the parties further refined the areas of dispute, there remain a number of areas of disagreement. Plaintiffs proposed, and Wal-Mart did not oppose, a Case Management Conference in order to bring any remaining matters to the Court's attention for resolution.

A. Class Certification

Plaintiffs proposed the following arrangement, which Wal-Mart does not oppose: (i) plaintiffs at this time will seek certification of a class limited to women who worked in the proposed "California Regions" during the period ending June 1, 2004; (ii) any supplemental class discovery prior to plaintiffs' class certification motion will be limited to that same time period; and (iii) the parties will reserve any rights and arguments they may have with respect to the period after June 1, 2004, agreeing to meet and confer if necessary regarding that issue following the district court's ruling on class certification. In addition, Wal-Mart will not oppose plaintiffs request for a modification of the Court's briefing schedule extending the deadline for plaintiffs' class certification motion by three months. If plaintiffs' request is granted their motion for class certification will be due April 11, 2013.

B. Plaintiffs' Retention of a Privileged Wal-Mart Document

The parties are in dispute as to whether plaintiffs must return a privileged and confidential document prepared by Wal-Mart's counsel, for which Wal-Mart did not authorize disclosure.

On February 16, 2011, plaintiffs' counsel Joseph Sellers wrote an email to Wal-Mart's counsel advising that he had received a package containing a privileged and confidential memorandum prepared for Wal-Mart by its outside counsel Akin Gump (the "Akin Gump Memo"). Mr. Sellers stated that the package did not have a return address and did not contain

any cover letter or note. Wal-Mart has not authorized disclosure of the Akin Gump Memo. Confirming that the Akin Gump Memo is protected by the attorney-client privilege and work product doctrines, Wal-Mart's counsel demanded the return of the Akin Gump Memo on February 17, 2011; plaintiffs' counsel has not complied.

Wal-Mart's position is that the plaintiffs are obligated to return or destroy the Akin Gump Memo. *See*, *e.g.*, D.C. Ethics Rules 1.15(c), and 8.4(c); D.C. Bar Legal Ethics Committee Opinions 318 and 256 (failure to return such documents upon request may be a "dishonest act"). While plaintiffs' counsel suggested in his February 16, 2011 letter that the Akin Gump Memo be lodged with the Court under seal pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) until the parties either agree to their disposition or, after briefing on the subject, the Court can rule on its disposition, Wal-Mart's counsel objected to plaintiffs' suggestion on the grounds that Rule 26(b)(5)(B) does not apply under these circumstances because the Rule of its face is limited to "information produced in discovery," which the Akin Gump Memo plainly was not. Plaintiffs continue to refuse to return the memo, therefore Wal-Mart will prepare and file a motion to compel the return of the Akin Gump Memo.

C. Communication with Putative Class Members

Wal-Mart and plaintiffs have agreed in principle that Wal-Mart is not limited in the manner in which it may communicate with its employees and other putative class members regarding this case. Wal-Mart will comply with California law in its communications, and will disclose that the person asking the questions represents Wal-Mart and is asking questions in relation to a purported class action entitled Dukes v Wal-Mart. Further Wal-Mart's attorneys will not knowingly communicate with any potential class member currently represented by plaintiffs' counsel.

D. Wal-Mart's Pending Motion Pursuant to 28 U.S.C. § 1292(b)

Wal-Mart filed a Request for Certification for Interlocutory Appeal to the United States Court of Appeals for the Ninth Circuit on October 19, 2012, noticing a hearing on December 14,

2012. Pursuant to 28 U.S.C. § 1292(b), Wal-Mart moves this Court for an order certifying two issues for immediate interlocutory appeal:

    i.    Whether the class claims asserted in the Fourth Amended Complaint are barred by the statute of limitations because class allegations are not subject to tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), following decertification; and

    ii.    Whether the class claims asserted in the Fourth Amended Complaint are barred by the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

Dated: October 24, 2012

Respectfully submitted,

THE IMPACT FUND

By: /s/ Brad Seligman

BRAD SELIGMAN (SBN 083838)
JOCELYN D. LARKIN (SBN 110817)
THE IMPACT FUND
125 University Avenue
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654

JOSEPH M. SELLERS (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, Suite 500 West
Washington, DC 20005

*Attorneys for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr.
*Attorneys for Defendant Wal-Mart Stores, Inc.*

**I, Catherine A. Conway, attest that concurrence in the filing of this document has been obtained from each of the signatories.**

| | |
|---|---|
| 1 | |
| 2 | Additional Counsel |
| 3 | GIBSON, DUNN & CRUTCHER LLP<br>MARK A. PERRY, SBN 212532, mperry@gibsondunn.com<br>RACHEL S. BRASS, SBN 219301, rbrass@gibsondunn.com |
| 4 | 555 Mission Street, Suite 3000<br>San Francisco, CA 94105-2933 |
| 5 | Telephone: 415.393.8200<br>Facsimile: 415.393.8306 |
| 6 | |
| 7 | |
| ... | |
| 28 | |

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

- 5 -