IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DUKES, ET AL.,

    Plaintiffs,

v.

WAL-MART STORES, INC.,

    Defendant.

No. C 01-02252 CRB

**ORDER DENYING REQUEST FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

**Introduction**

Wal-Mart requests that this Court certify for interlocutory appeal under 28 U.S.C. § 1292(b) this Court's order denying Wal-Mart's motion to dismiss on tolling and commonality grounds. The Court finds this matter suitable for disposition without oral argument, see N.D. Cal. Local R. 7-1(b), and DENIES Wal-Mart's request because (1) immediate appeal would not, at this time, materially advance the ultimate termination of the litigation in light of the impending class certification motion, and (2) no substantial grounds for difference of opinion exist regarding the commonality issue.

**I.    Background**

Plaintiffs sued Wal-Mart in 2001, seeking and securing certification of a nationwide class of the store's female employees allegedly subject to discriminatory employment practices. Wal-Mart appealed and, ultimately, the Supreme Court reversed, holding that no appropriate common question of law or fact held the class together. See Wal-Mart Stores,

Inc. v. Dukes, 131 S. Ct. 2541, 2555-56, 2561 (2011). The parties then stipulated under Federal Rule of Civil Procedure 15(a)(2) to the filing of a Fourth Amended Complaint, which sought to certify a narrower version of the class the Supreme Court rejected. Dkt. 766, 769.

Wal-Mart moved to dismiss or strike the class allegations in the Fourth Amended Complaint, arguing in relevant part that the statute of limitations barred the claims of putative class members, and that as a matter of law the newly proposed class failed Rule 23's commonality requirement as elaborated in the Supreme Court's opinion in this case. This Court denied Wal-Mart's motion, holding that the claims of putative class members continued to benefit from so-called American Pipe tolling, Order (dkt. 812) at 9-11, and that the Fourth Amended Complaint stated allegations that could, if supported by evidence at the class certification stage, satisfy Rule 23, id. at 8-9. The Court ordered Plaintiffs to submit their class certification motion by January 11, 2013. Id. at 14.

Wal-Mart now doubles down on its position that Plaintiffs' motion for class certification does not deserve to see the light of day, asking this Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b) this Court's order denying Wal-Mart's motion to dismiss. See Req. for Cert. (dkt. 814) ("Mot.").

## II. Legal Standard

Congress provided a limited exception to the historic federal policy against piecemeal appeals in 28 U.S.C. § 1292(b), which provides that district courts may certify for immediate appeal orders where:

> (1) the order involves a controlling question of law
> (2) as to which there is substantial ground for difference of opinion, and
> (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. The court of appeals may, but need not, accept and rule on an appeal certified under § 1292(b). Id. A district court's denial of § 1292(b) request is not itself appealable. Credit Suisse v. U.S. Dist. Court for the Cent. Dist. of Cal., 130 F.3d 1342, 1346 (9th Cir. 1997).

## III. Discussion

2

Certification under § 1292(b) should be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). It "was not intended merely to provide review of difficult rulings in hard cases." Id.; see also In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982); Lear Siegler, Inc. v. Adkins, 330 F.2d 595, 598 (9th Cir. 1964).

### A. Controlling Question of Law

To be "controlling," a question need not finally determine once and for all who wins on the merits. In re Cement, 673 F.2d at 1026; see also Kuehner v. Dickson & Co., 84 F.3d 316, 318-19 (9th Cir. 1996). Rather, "all that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." In re Cement, 673 F.2d at 1026; see also Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (standard met where answer "may materially advance" the litigation).

Though the statute specifically references questions of law, the Ninth Circuit has accepted § 1292(b) certifications for mixed questions involving application of law to a particular set of facts where the attendant legal conclusion was sufficiently important. See Steering Comm. v. United States, 6 F.3d 572, 575-76 (9th Cir. 1993); cf. In re Text Messaging Antitrust Litig., 630 F.3d 622, 625-27 (7th Cir. 2010) (Posner, J.) (explaining that § 1292(b) certification request regarding application of law to facts was appropriate where the controlling legal standard was in ferment).

#### 1. Tolling

Wal-Mart argues, and Plaintiffs agree, see Opp. (dkt. 818) at 3, that the tolling issue is a controlling of question of law because it determines whether this is a case about the experiences of five named plaintiffs or a class-action testing of the practices of the nation's largest private employer as they affect over one hundred thousand employees. This Court has little difficulty agreeing that as a practical matter resolving that question would "materially advance" the litigation.

3

### 2. Commonality

Plaintiffs contend that only so-called "pure questions of law" are "controlling questions of law" suitable for interlocutory review under § 1292(b), and that as a mixed question of law and fact bound up in the unique allegations in this case, the commonality issue should not be certified. Some circuits have expressed skepticism at the wisdom of certifying fact-bound questions, e.g., McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257-58 (11th Cir. 2004), and Plaintiffs cite several district courts in the Ninth Circuit adopting a similar position, e.g., Simmons v. Akanno, No. 1:09-CV-00659-GBC (PC), 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011).

But not all fact-bound questions are created equal. The kinds of factual inquiries that courts typically find inappropriate for § 1292(b) certification are routine exercises in scouring the record for a genuine issue of material fact, and "the application of settled law to fact." McFarlin, 381 F.3d at 1258. Neither party has cited to this Court a case where Ninth Circuit has endorsed the "no fact-bound question" position; on the contrary, in at least one case the Ninth Circuit approved of the use of § 1292(b) certification for a question involving the application of law to a unique set of facts. See Steering Comm., 6 F.3d at 575-76.

The question here involves neither routine combing of the record nor application of settled law to fact. The Supreme Court's opinion in this case unsettled the standard for Rule 23 commonality, much like pleading standards in the wake of Twombly and Iqbal, see In re Text Messaging, 630 F.3d at 625-27. Accordingly, the Court finds that the commonality issue presents a controlling question of law for purposes of § 1292(b).

### B. Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks omitted). On the other hand, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference,' nor is

4

the possibility that "settled law might be applied differently." Id.

### 1. Tolling

The parties dispute whether a split of authority exists on the relevant question. No circuit court has ruled on whether tolling is available where a class has been rejected or decertified but plaintiffs in the same case are permitted to amend their complaint and seek to certify a new class. The only circuit-level case cited to this Court that directly addressed the question, albeit in *dicta*, was Catholic Social Services, Inc. v. I.N.S., 232 F.3d 1139, 1146, 1149 (9th Cir. 2000) (en banc), which stated that tolling would be available. However, the Ninth Circuit has not yet had to resolve a case solely on those grounds, and how much weight a subsequent Ninth Circuit panel would give to Catholic Social Services' *dicta* is unclear.[1]

Wal-Mart cites a line of circuit cases holding that "American Pipe tolling does not extent to subsequent class actions seeking to relitigate the denial of class certification," Mot. at 9 & n.3, which is fine as far as it goes. That does not answer the question posed in this case; indeed, at least one of the cases Wal-Mart cites explicitly allowed for the possibility of a distinction between subsequently-filed class actions and continuations of the original action. See Andrews v. Orr, 851 F.2d 146, 150 (6th Cir. 1988). Wal-Mart explains at length why it believes this Court was wrong in concluding that a meaningful distinction exists between a subsequently filed class action and a follow-on class action in the same case, but that "strong disagreement" with this Court's conclusions does not advance its § 1292(b) cause.

At the district court level, the parties have identified a two-one split among courts confronting the question. Compare In re Initial Pub. Offering Sec. Litig., 617 F. Supp. 2d 195, 199-200 (S.D.N.Y. 2007), and Coleman v. GMAC, 220 F.R.D. 64, 96-97 (M.D. Tenn. 2004), with Fleck v. Cablevision VII, Inc., 807 F. Supp. 824, 827 (D.D.C. 1992). The split in non-binding authority cuts in both directions and weighs little in the Court's analysis; any

---

[1] Plaintiffs also suggest that two Supreme Court cases, see Smith v. Bayer, 131 S. Ct. 2368 (2011); Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431 (2010), support their position, but the issues decided in those cases are sufficiently distinct from those presented here that little can be reliably inferred from their holdings.

5

1 split suggests that reasonable minds might disagree on the point, but three of the four district
2 courts agree with this Court's conclusion, and this Court's previous order explained why it
3 did not find the reasoning of the fourth court persuasive.

4 On balance, no circuit has yet ruled–as opposed to commented–on this issue, and the
5 district courts are split. The Court finds that the tolling issue thus presents a novel and
6 difficult legal question of first impression and that substantial grounds for difference of
7 opinion exist.

### 2. Commonality[2]

9 In Wal-Mart's view, substantial grounds for disagreement exist regarding this Court's
10 reading of Dukes. Specifically, Wal-Mart says this Court was wrong when it said that "the
11 Supreme Court's decision in Dukes rested not on a total rejection of plaintiffs' theories, but
12 on the inadequacy of their proof." Order at 8-9. Wal-Mart argues that other courts have held
13 that "an employer's policy of granting its supervisors discretion to make personnel decisions
14 can't be the subject of a class action against the employer by employees complaining of
15 discrimination by the supervisors." Mot. at 11 (quoting Gschwind v. Heiden, 692 F.3d 844,
16 848 (7th Cir. 2012). But this Court's statement and Wal-Mart's supposedly contrary
17 interpretation do not actually conflict.

18 The Supreme Court's decision foreclosed claims that delegated discretion–alone–is
19 sufficient to state a common question for purposes of Rule 23. It does not follow that any
20 time a plaintiff alleges that a company has a policy involving some amount of delegated
21 discretion, the plaintiff is precluded from showing a classwide pattern or practice of
22 discrimination or a common mode of exercising delegated discretion susceptible to classwide
23 relief. That is why the Supreme Court reached the question whether the plaintiffs had
24 evidence on those points sufficient to establish a common question under Rule 23.

---

[2] Wal-Mart also somewhat confusingly injects challenges to this Court's conclusion that the mandate rule does not bar further litigation into its discussion of both the tolling and commonality issues. Mot. at 7-8, 14; Reply at 4. Wal-Mart's characterization of this Court's position on the mandate issue as conflicting with the Supreme Court's opinion is a clever attempt to shoehorn mere disagreement with this Court's conclusion into the § 1292(b) factors–but if Wal-Mart were correct, then substantial grounds for disagreement would exist any time a litigant thought a court had violated the mandate rule, which cannot be correct.

6

On those issues, the Supreme Court held that the plaintiffs had failed to offer "significant proof that Wal-Mart operated under a general policy of discrimination," Dukes, 131 S. Ct. at 2553, and also that the plaintiffs lacked sufficient evidence of a "common mode of exercising discretion that pervade[d] the entire company," id. at 2554-55. On this narrow question of what the Court held regarding the record in front of it, no substantial grounds for disagreement exist; the Supreme Court's opinion is published and it says what it says.

To the extent Wal-Mart's argument rests on a characterization of the Fourth Amended Complaint as relying on a theory that the mere existence of delegated discretion creates a common question, that characterization does not withstand scrutiny. Wal-Mart says that "Plaintiffs have not alleged that any manager in any store made adverse decisions against employees based on these alleged views [of gender bias], much less that every such manager did." Mot. at 12. Actually, that is exactly what Plaintiffs allege. See Fourth Amended Compl. ¶¶ 71-81 (alleging, under the heading "Wal-Mart Managers Rely on Discriminatory Stereotypes," that "Wal-Mart's managers rely on discriminatory stereotypes and biased views about women in making pay and promotion decisions in the California Regions and Districts").

Wal-Mart next faults Plaintiffs for the lack of detail regarding any supposed "common mode of exercising discretion." But the record is devoid of evidence and detail on that point on account of Wal-Mart's insistence on litigating (and relitigating) class certification prior to a motion for class certification. The lack of evidence in the record on the commonality question has everything to do with the premature nature of Wal-Mart's motion and nothing to do with the viability of Plaintiffs' class claims.

The Court is accordingly at a loss to understand Wal-Mart's position that Plaintiffs have "made no attempt to replace [the sociological evidence rejected by the Supreme Court] with any new evidence or allegations that could provide the necessary 'glue.'" Mot. at 13. Plaintiffs may or may not have sociological evidence in support of their allegations to supplement what the Supreme Court found inadequate; no one will know until a class certification motion is filed.

7

That other courts have read the Supreme Court's opinion in Dukes as barring other class actions sheds little light on whether the allegations in the Fourth Amended Complaint state a claim. This Court finds that no substantial grounds for difference of opinion exist regarding (1) whether the Supreme Court's opinion rested in part on the plaintiffs' lack of evidence and (2) whether the Fourth Amended Complaint adequately alleged that it plugged the evidentiary holes.

### C. Immediate Appeal Beneficial

Simply put, if "present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate." 16 Federal Practice & Procedure § 3930 at n.39 (2d ed.); see also In re Cement, 673 F.3d at 1027. On the other hand, immediate appeal may be inappropriate where "there is a good prospect that the certified question may be mooted by further proceedings." Id. at n.40 (citing In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002); Oneida Indian Nation of N.Y. State v. Oneida County, 622 F.2d 624, 628-29 (2d Cir. 1980); United States v. Rent-A-Homes Sys. of Ill., Inc., 602 F.2d 795, 797 (7th Cir. 1979)). The ultimate question is whether permitting an interlocutory appeal would "minimiz[e] the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." Id.

The parties spend almost no time on this factor; Wal-Mart essentially repeats the arguments it made under the "controlling question" heading, emphasizing that appellate resolution of the question could eliminate the class-action aspect of the case, and Plaintiffs affirmatively concede that this factor is met for both the tolling and commonality issues. See Opp. at 3, 10 n.5.

The Court disagrees. At this point in the litigation, an interlocutory appeal could dispose of Plaintiffs' class claims—but so could the class certification motion set to be submitted in January, which would have the added benefit of developing the record on the Rule 23 commonality issue. The Supreme Court itself noted that Rule 23 is no "mere pleading standard," and that in ruling on class certification it "may be necessary for the court to probe behind the pleadings." Dukes, 131 S. Ct. at 2551.

8

This Court could stay the class certification proceedings while an interlocutory appeal proceeded, though it is far from clear—and in the Court's view doubtful—whether the "total burdens of litigation on parties and the judicial system" would be lessened by such a course. Where the issue of relative efficiency is a toss-up, this Court sees no value in encouraging parties to litigate requests for interlocutory appeal when the resolution of a motion the Court has already set for hearing in the near future may well, as a practical matter, lead to the same result. The Court accordingly finds that, at this time, immediate appeal would not materially advance the ultimate termination of the litigation.[3]

## IV. Conclusion

The Court DENIES Wal-Mart's request for interlocutory appeal under § 1292(b) on the grounds that (1) immediate appeal would not, at this time, materially advance the ultimate termination of the litigation in light of the impending certification motion, and (2) no substantial grounds for difference of opinion exist regarding the commonality issue.

**IT IS SO ORDERED.**

Dated: December 10, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] The Court would be open to a similar motion on the tolling issue in the event Plaintiffs succeeded at the class certification stage, to the extent that issue would not otherwise be immediately appealable under Federal Rule of Civil Procedure 23(f).