United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, et al., | Case No.: 01-cv-2252 CRB (JSC) |
| Plaintiffs, | **ORDER RE: JOINT DISCOVERY LETTER BRIEF (Dkt. No. 827)** |
| v. | |
| WAL-MART STORES, Inc., | |
| Defendant. | |

Now pending before the Court is a discovery dispute regarding the scope of discovery in this putative class action. (Dkt. No. 827.) In 2001, Plaintiffs filed a class action complaint alleging gender discrimination on behalf of female Wal-Mart employees nationwide. Although the case was initially certified as a nationwide class action, the Supreme Court reversed that decision in 2011. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). Plaintiffs thereafter filed a fourth amended complaint which alleges discrimination on behalf of a class of female Wal-Mart employees within four geographic regions.[1] (Dkt. No. 767.) Plaintiffs' motion for class certification is due by April 11, 2013. At issue here is the scope of

---

[1] Plaintiffs represented to the Court at oral argument that they intend to limit the scope to three regions.

discovery prior to a decision on that class certification motion. Having carefully considered the parties' written arguments and having had the benefit of oral argument, the Court issues the following decision regarding the scope of such discovery as stated on the record.

First, the parties dispute the geographic scope of precertification discovery. Defendant has agreed to provide Plaintiffs discovery regarding those stores which were within the regions at issue as of June 2004. This date represents the end of the class period which runs from December 26, 1998 through June 2004. This is also the date at which the number of stores within the regions was at its smallest level by nearly one-third.[2] The Courts finds this limitation excludes potentially relevant evidence and could skew the statistical evidence sought. Accordingly, Plaintiffs are entitled to discovery for all stores which were within the three Regions for at least two years during the class period.

Second, the parties expressed concerns regarding precertification discovery generally; however, there is not presently a specific dispute before the Court. As the Court stated at oral argument, Plaintiffs are entitled to precertification discovery subject to the proportionality requirements of Federal Rule of Civil Procedure 26 and in keeping with Judge Breyer's finding that Plaintiffs should not be denied the "opportunity to marshal and present evidence in support of their class allegations" providing "[that] discovery might permit them to meet the Rule 23 obligations clarified by the Supreme Court's ruling." (Dkt. No. 812 5:17-19.) The parties shall meet and confer to develop an appropriate discovery plan

To the extent future disputes arise, the parties may file a joint letter brief in accordance with this Court's Standing Order or contact the Courtroom Deputy.

**IT IS SO ORDERED.**

Dated: January 10, 2013

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Over the class period there were a total of 275 stores within the regions; Defendants proposal provides discovery regarding 197 stores.