United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKES, ET AL.,<br><br>        Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant.<br>_____ / | No. C 01-2252 CRB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

      Wal-Mart previously moved to dismiss or strike the class allegations in Plaintiffs' Fourth Amended Complaint, arguing in relevant part that putative class members had not filed timely administrative charges with the Equal Employment Opportunity Commission and could not "piggyback" or "coattail" on the charge filed by former named plaintiff Stephanie Odle. Mot. to Dismiss (dkt. 781) at 23-33. This Court denied Wal-Mart's motion in September 2012, holding that the putative class members could coattail on Odle's charge. Order (dkt. 812) at 13.

      Wal-Mart now requests leave to seek reconsideration of this Court's order, arguing that an October 2012 development in a case in federal district court in Texas, where Odle filed a separate suit in 2011 seeking to represent a class of Wal-Mart employees different than the class at issue here, constitutes "a change in fact and law that warrants reconsideration of this Court's coattailing ruling." Mot. at 1 (citing Odle v. Wal-Mart Stores, Inc., No. 11-02954, 2012 WL 5292957 (N.D. Tex. Oct. 15, 2012)).

To be granted leave to file a motion for reconsideration, a party must demonstrate one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party shall also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.

Civil L.R. 7-9(b); see also Fed. R. Civ. P. 54(b).

The development in the Texas litigation is not a new material fact or change in law. The court there held that Odle's 2011 Texas suit was not timely, Odle, 2012 WL 5292957 at *10, which would only be material if this Court accepted Wal-Mart's premise–squarely rejected in this Court's September 2012 order–that the Fourth Amended Complaint is (like the Texas litigation) a "new" class action attempting to rely on Odle's 1999 administrative charge.

Wal-Mart does not purport to identify new facts or law justifying reconsideration of that premise. Rather, it rehashes the same arguments that failed to carry the day when this Court concluded that this is the same case that was initiated in 2001, and that this Court's 2002 ruling that putative class members could rely on Odle's charge continues to apply to the subset identified in the Fourth Amended Complaint. See Order at 12-13.

Wal-Mart's arguments are not frivolous, but this Court has carefully considered them and made its ruling. Nothing in the proposed motion for reconsideration sheds new light on the issue. The Court DENIES Wal-Mart's request for leave to file a motion for reconsideration.

Dated: January 14, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2001\2252\order denying reconsideration v2.wpd    2