United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WAL-MART STORES, Inc.,<br><br>　　　　Defendant. | Case No.: 01-cv-2252 CRB (JSC)<br><br>**ORDER RE: DISCOVERY LETTER BRIEFS (Dkt. Nos. 858 & 859)** |

Now pending before the Court are two Discovery Letter Briefs (Dkt. Nos. 858 & 859) detailing several ongoing disputes between the parties regarding pre-certification discovery. The Court heard oral argument on February 28, 2013 and issued the following rulings regarding these disputes.

**1. Wal-Mart's Production of Electronically Stored Human Resources Information**

Wal-Mart will produce ("HR") data to Plaintiffs on a rolling basis with the production to be completed on or before March 14, 2013. Plaintiffs have withdrawn their request for social security numbers in connection with this production.

**2. Protective Order**

The parties shall use the Northern District's Model Protective Order for Standard Litigation; however, they may modify the protective order to state that the aforementioned HR data can be produced with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" designation to the extent it contains highly confidential personal information, although parties are permitted to share this data with their experts. Summaries of such highly confidential information which do not identify particular employees, and thus do not impinge on their rights of privacy, need not be subject to the attorneys' eyes only provision. The parties shall submit a stipulated protective order to this effect by March 8, 2013.

### 3. Wal-Mart's Document Production

The parties dispute which custodian files should be searched for responsive documents. Wal-Mart is producing documents from all District Managers, Regional Managers, and Regional Personnel Managers from the California Region. Plaintiffs are concerned that this omits several key custodians including Store Managers and Assistant Regional Managers acting on behalf of Regional Managers. Wal-Mart will verify whether it is producing documents of Assistant Regional Managers acting on behalf of Regional Managers. For any Store Managers for whom Wal-Mart offers a declaration in connection with class certification briefing, Wal-Mart shall produce all documents and ESI relevant to these Store Managers prior to any depositions.

To the extent that a dispute remains, the parties may each file a statement which sets forth the specific document request(s) and includes a one paragraph description of each side's last best offer to resolve the dispute. Each side shall be permitted a maximum of two paragraphs to argue for their position. Plaintiff, as the moving party on this dispute, shall assemble the parties' statements and the underlying document requests and file them as one document with the Court.[1]

### 4. Case Management Order

The parties shall be limited to 25 Interrogatories each. A dispute remains regarding the number of depositions each side shall be permitted pre-certification. As with the foregoing dispute, each party may file a statement which shall include a one paragraph description of

---

[1] The parties should also submit Chambers copies in accordance with the Court's Standing Order. It would be particularly helpful if each side assembled their respective filings (i.e., Issues 1-6 for Plaintiffs and Issue 7 for Wal-Mart) in one or more binders depending on the size of the submission.

each side's last best offer to resolve the dispute and each side shall be permitted two paragraphs to argue for their position. (The Court understands that this dispute regarding the number of depositions is separate and apart from any individual who submits a declaration relating to class certification, as the parties have agreed that these individuals may be deposed notwithstanding any other limit on depositions, subject to a potential dispute as to absent class members). The supplemental statement shall include a one paragraph description of each side's last best offer to resolve the dispute and each side shall be permitted two paragraphs to argue for their position. Plaintiff shall assemble the parties' statements and any relevant exhibits, and file them as one document with the Court.

### 5. Plaintiffs' Rule 30(b)(6) Deposition Notice

There is an additional dispute regarding a Rule 30(b)(6) deposition noticed by Plaintiffs. Wal-Mart objects to the scope of the notice as including hundreds of topics, whereas Plaintiffs contend that it only covers three topics. The Court cannot decide this matter without reviewing the actual deposition notice. Accordingly, the parties shall file a supplemental statement in accordance with the foregoing procedure. The statement shall include the actual Rule 30(b)(6) deposition notice, each side's last best offer, and a maximum of two paragraphs of argument per side. Plaintiff, as the moving party on this dispute, shall assemble the parties' statements and the Rule 30(b)(6) deposition notice and file them as one document with the Court.

### 6. Pre-January 2003 discovery

The parties shall meet and confer in person to narrow the discovery sought by Plaintiffs in response to requests for the production of documents. If a dispute remains, the parties shall follow the aforementioned procedure for filing a supplemental statement which shall set forth each request for which there is a dispute, include each side's last best offer, and a maximum of two paragraphs of argument per side per request. Plaintiff, as the moving party on this dispute, shall assemble the parties' statements and the underlying document requests and file them as one document with the Court.

**7. Plaintiffs' Responses to Interrogatories, Requests for Admission, and Document Requests**

Wal-Mart objects to Plaintiffs' responses or lack of responses to its interrogatories, requests for admission, and requests for the production of documents. As a general matter, the Court notes that while it is reasonable to ask Plaintiffs for further information regarding specific statements in the Complaint, Wal-Mart is not entitled to ask Plaintiffs the facts behind statements made by Plaintiffs' counsel to *The New York Times*. To the extent that a dispute remains, the parties shall follow the aforementioned procedure for filing a supplemental statement. Any supplemental statement shall set forth each request for which there is a dispute, include each side's last best offer, and a maximum of two paragraphs of argument per side for each request. Wal-Mart, as the moving party on this dispute, shall assemble the parties' statements and the underlying discovery requests and file them as one document with the Court.

## CONCLUSION

The parties shall submit the supplement briefing described above by March 8, 2013. The matter will be deemed submitted upon filing of the supplemental briefing.

The parties shall appear for another Case Management Conference on March 21, 2013 at 2:00 p.m. in Courtroom F, 450 Golden Gate Avenue, San Francisco, California.

This Order disposes of Docket Nos. 858 and 859.

**IT IS SO ORDERED.**

Dated: March 1, 2013

                                                JACQUELINE SCOTT CORLEY
                                                UNITED STATES MAGISTRATE JUDGE