IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, et al., | Case No.: 01-cv-2252 CRB (JSC) |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' SUPPLEMENTAL SUBMISSION RE: DISCOVERY LETTER BRIEFS (Dkt. No. 865)** |
| v. | |
| WAL-MART STORES, Inc., | |
| Defendant. | |

In accordance with the Court's Order filed March 1, 2013 (Dkt. No. 863), now pending before the Court are two Discovery Letter Briefs (Dkt. Nos. 865 & 866). This Order addresses the first of these: Plaintiffs' Supplemental Submission (Dkt. No. 865). The Court rules as follows with respect to the discovery sought by Plaintiffs.

**1. Protective Order**

The Court previously ordered the parties to use the Northern District's Model Protective Order for Standard Litigation, but provided that the parties could modify the protective order to state that the sensitive HR data can be produced with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation to the extent it contains highly confidential personal information, although parties are permitted to share this data with their experts. Plaintiffs have submitted a version of the protective order which they contend complies with the Court's instructions; Wal-Mart has submitted a version that contains

additional language. The parties shall use the version submitted by Plaintiffs as that version most closely tracks the language of the Model Stipulated Protective Order.

This Protective Order shall supersede the prior protective order for documents produced since the remand from the United States Supreme Court; it does not retroactively place all prior produced documents under the new order. Accordingly, the Protective Order shall state: "This Stipulated Protective Order shall govern discovery produced after remand from the United States Supreme Court." Plaintiffs shall file a conforming Stipulated Protective Order by March 18, 2013.

## 2. Wal-Mart's Document Production

The parties dispute which custodian files should be searched for responsive documents. Wal-Mart has agreed to produce all electronically stored ("ESI") human resources ("HR") data from Regional Assistants and District Assistants. Wal-Mart shall also produce all responsive ESI from Store Managers which is stored on the central servers.

## 3. Case Management Order – non-expert depositions

Plaintiffs propose that each side be allowed a total of 35 depositions to use as they choose for depositions prior to Plaintiffs filing of their class certification motion and for depositions of declarants relating to class certification. Wal-Mart proposes that the parties be allowed 15 depositions (inclusive of Rule 30(b)(6) depositions) prior to the filing deadline for Plaintiffs' class certification motion and an unlimited number of depositions of declarants relating to class certification.

There must be some limit on the number of depositions to ensure that the parties are able to meet their filing deadlines relating to class certification. The Court adopts Plaintiffs' proposal that each side be limited to 35 depositions; however, this number includes pre-class certification filing depositions, depositions of declarants, and Rule 30(b)(6) depositions. The parties may apportion the depositions however they choose.

## 4. Plaintiffs' Rule 30(b)(6) Deposition Notice

There is an additional dispute regarding a Rule 30(b)(6) deposition noticed by Plaintiffs. Wal-Mart objects to the scope of the notice as including hundreds of topics,

2

whereas Plaintiffs contend that it only covers three topics. The Court agrees that the deposition notice consists of three different topics: (1) policies, practices, guidelines criteria and training regarding determining compensation; (2) policies, practices, guidelines, criteria and training regarding selection of employees for promotion; and (3) policies practices, guidelines, criteria and training regarding evaluating employee performance. However, Plaintiffs seek deponents who are knowledgeable about each of those topics on a regional, district, and even store specific level, thus requiring a potentially unreasonable number of designees and depositions.

Plaintiffs chose to amend their complaint to bring this action on behalf of a class who worked in three Regions. The Court therefore orders that the Rule 30(b)(6) go forward with a deponent or deponents with knowledge of the three topics on a regional basis, for all three Regions at issue. This deposition shall count as one for the purpose of deposition limits. Following this deposition, and using the information gleaned from this deposition and documents, Plaintiffs may seek additional 30(b)(6) depositions on a more targeted basis. For example, they may decide that they do not require a 30(b)(6) designee with knowledge of the policies and practices at every single store.

### 5. Pre-January 2003 discovery

Plaintiffs have narrowed the discovery sought in this category to 14 document requests. The core dispute is whether Wal-Mart's responses must be provided from each store and district within the three California Regions. Wal-Mart generally takes the position that it is overly burdensome for it to search for responses at each store because this would require searching for hardcopy responses at hundreds of store locations and various off-site document warehouses. Plaintiffs offer that "only those documents collected in just 2-3 warehouse locations need to be reviewed." Plaintiffs' letter brief does not break down each request, so the Court has relied Wal-Mart's characterization of each supplemental request. (Dkt. 865, pp. 18-28.)

**Request to Supplement Production No. 1** – Wal-Mart shall produce the HR data by March 14, 2013.

**Request to Supplement Production No. 2** – Wal-Mart represents that it is not aware of any guidelines, training materials, handbooks or the like related to the listed topics created at the store or district level.  Thus, in opposition to class certification it cannot rely on any such documents. Wal-Mart has nonetheless agreed to conduct an electronic search for documents from the period beginning December 26, 1998 and ending December 31, 2002, using a reasonably agreed subset of the search terms previously provided to Plaintiffs, from among the reasonably accessible user-generated ESI that has been collected to date from regional managers, regional people managers and district managers on the custodian list.  As Plaintiffs have not objected specifically to either the search terms or the custodian list, the Court concludes that this is a reasonable compromise and orders Wal-Mart to produce responsive documents by March 29, 2013.  Wal-Mart's search shall also include central server ESI involving Store Managers, in accordance with the Court's ruling on issue number 2 above.

**Request for Supplemental Production No. 3 (exception reports)**[1] – Wal-Mart has agreed to search its Home Office servers for exception reports relating to the regions, districts, and stores within the current scope of discovery for the period of December 26, 1998-December 31, 2002.  Wal-Mart shall produce responsive documents by March 29, 2013.

**Request for Supplemental Production No. 3 (complaints of gender discrimination)** – Wal-Mart has agreed to conduct an electronic search for documents from the period beginning December 26, 1998 and ending December 31, 2002, using a reasonably agreed subset of the search terms previously provided to Plaintiffs, from among the reasonably accessible ESI that has been collected to date from regional managers, regional people managers and district managers on the custodian list.  As Plaintiffs have not objected specifically to either the search terms or the custodian list, the Court concludes that this is a reasonable compromise and orders Wal-Mart to produce responsive documents by March 29,

---

[1] Wal-Mart's letter brief identifies two requests for supplemental production No. 3.  The first addresses exception reports and the second complaints of gender discrimination. This Order utilizes Wal-Mart's numbering which may not correspond to the actual supplemental requests.

2013. Wal-Mart's search shall also include central server ESI involving Store Managers, in accordance with the Court's ruling on issue number 2 above.

**Request for Supplemental Production No. 5** – Wal-Mart represents that it is not aware of any guidelines or training material related to these topics created at the store level; therefore, it cannot rely on any such documents in opposition to class certification. It nonetheless has agreed to conduct an electronic search for documents from the period beginning December 26, 1998 and ending December 31, 2002, using a reasonably agreed subset of the search terms previously provided to Plaintiffs, from among the reasonably accessible ESI that has been collected to date from regional managers, regional people managers and district managers on the custodian list. As Plaintiffs have not objected specifically to either the search terms or the custodian list, the Court concludes that this is a reasonable compromise and orders Wal-Mart to produce responsive documents by March 29, 2013. Wal-Mart's search shall also include central server ESI involving Store Managers, in accordance with the Court's ruling on issue number 2 above.

**Request for Supplemental Production No. 6** – Wal-Mart represents that it has already produced all requested information. It is unclear what additional discovery Plaintiffs seek with respect to this request. Accordingly, nothing further shall be compelled.

**Request for Supplemental Production No. 7** – Wal-Mart represents that it has already provided job descriptions pertaining to store operations and management. Again, in opposition to class certification it shall not rely on any responsive documents that it has not produced. Wal-Mart will nonetheless conduct an electronic search for documents from the period beginning December 26, 1998 and ending December 31, 2002, using a reasonably agreed subset of the search terms previously provided to Plaintiffs, from among the reasonably accessible ESI that has been collected to date from regional managers, regional people managers and district managers on the custodian list. Wal-Mart alternatively offers to search "reasonably accessible Home Office data sources for compilations of job descriptions that may have been in use during the period from December 1998 through December 2002." Wal-Mart shall do both. Wal-Mart shall produce responsive documents by March 29, 2013.

As with the other responses, Wal-Mart shall include the central server ESI for Store Managers.

**Request for Supplemental Production Nos. 4, 8, 9, 10, 17** – Wal-Mart has agreed to conduct an electronic search for documents from the period beginning December 26, 1998 and ending December 31, 2002, using a reasonably agreed subset of the search terms previously provided to Plaintiffs, from among the reasonably accessible ESI that has been collected to date from regional managers, regional people managers and district managers on the custodian list. As Plaintiffs have not objected specifically to either the search terms of the custodian list, the Court concludes that this is a reasonable compromise and orders Wal-Mart to produce responsive documents by March 29, 2013. Again, Wal-Mart's search shall include central server ESI for Store Managers.

**Request for Supplemental Production No. 11** – Wal-Mart has agree to produce electronic records reflecting the results of Grassroots surveys for the stores and clubs within the scope of class discovery for the entire proposed class period to the extent such records exist and are reasonably accessible. It is unclear what "reasonably accessible" means with respect to electronic records. Wal-Mart shall produce responsive electronic records for the entire class period by March 29, 2013.

**Request for Supplemental Production No. 12** – Wal-Mart represents that is does not maintain organizational charts but that it has provided Plaintiffs with all information necessary to determine its organizational structure. It is unclear what additional discovery Plaintiffs seek. In any event, in opposition to class certification Wal-Mart may not rely on any documents it has not produced.

## CONCLUSION

The parties shall meet and confer regarding scheduling of depositions and Wal-Mart shall produce the aforementioned discovery no later than March 29, 2013.

This Order disposes of Docket No. 865.

**IT IS SO ORDERED.**

Dated: March 13, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE