IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WAL-MART STORES, Inc.,<br><br>    Defendant. | Case No.: 01-cv-2252 CRB (JSC)<br><br>**ORDER RE: DEFENDANT'S SUPPLEMENTAL SUBMISSION RE: DISCOVERY LETTER BRIEFS (Dkt. No. 866)** |

In accordance with the Court's Order filed March 1, 2013 (Dkt. No. 863), the parties submitted supplemental letter briefs detailing disputes regarding pre-certification discovery. (Dkt. Nos. 865 & 866). By Order of March 13, 2013, the Court addressed Plaintiffs' supplemental letter brief. (Dkt. No. 872.) The Court rules as follows with respect to the discovery sought in Wal-Mart's Supplemental Submission (Dkt. No. 866).

## DISCUSSION

Wal-Mart's supplemental submission seeks to compel responses its interrogatories, requests for admission, and requests for the production of documents. The Court addresses each in turn.

**1. Plaintiffs' Interrogatory Responses**

   **Interrogatory Nos. 2-4** – Plaintiffs must respond as to the named Plaintiffs and the individuals disclosed in Plaintiff's supplemental disclosures. To the extent Wal-Mart seeks

discovery of absent class members, such discovery is not routinely granted and Wal-Mart has made no showing as to the necessity of this discovery. *See, e.g., Holman v. Experian Info. Solutions, Inc.*, No. 11-00180, 2012 WL 2568202 (N.D. Cal. July 2, 2012) (noting that discovery of absent class members is often limited).

**Interrogatory Nos. 6, 7, 9, 11, 13, 14, 16, and 18** – Plaintiffs have agreed to supplement their responses to these interrogatories, the dispute only concerns the timing of Plaintiffs' response. Plaintiffs shall supplement their responses by April 11, 2013.

**Interrogatory No. 15** –Defendant seeks identification of all of the documents upon which Plaintiffs intend to rely in seeking class certification. Plaintiffs' motion for class certification, however, is presently due in less than one month. Defendant does not explain how it will use the information from this interrogatory given that when the motion is filed it will know precisely which documents Plaintiffs rely upon. Accordingly Plaintiffs' objection is sustained.

**Interrogatory No. 17** – Plaintiffs shall respond for the Requests for Admission ordered below.

## 2. Plaintiffs' Responses to Requests for Admission

There are 16 Requests for Admission in dispute. Following meet and confer and clarification of the requests, Plaintiffs have offered to respond to all but four of the Requests for Admission by April 11, 2013. Wal-Mart seeks responses by March 22, 2013. Given the impending class certification filing deadline, Plaintiffs' proposed response date is reasonable. The delay does not prejudice Wal-Mart since its opposition brief is not due until May 31, 2013. Plaintiffs shall respond to the modified versions of Requests for Admission Nos. 1, 9, 10, 11, 13, 14, 17, 19, 23, 25, 26, and 29 by April 11, 2013.

**Request for Admission No. 4** – Seeks an admission regarding whether there was uniform criteria applied by store managers when making pay decisions within the compensation guidelines. Plaintiffs contend that the reference to "pay decisions" is vague and ambiguous. However, the phrase "pay decisions" is used in the Fourth Amended Complaint ("FAC") at least three times. (*See* Dkt. No. 767 ¶¶ 47 & 50.) Plaintiffs can

2

therefore provide at least a qualified response to the request based on their understanding of the term as used in the FAC.

**Request for Admission No. 21** – Seeks an admission regarding a meeting for all District Managers on January 24, 2004 referenced in Paragraph 75 of the FAC, but Wal-Mart has declined to tell Plaintiffs who attended the meeting. Plaintiffs need not respond to this Request.

**Request for Admission No. 27** – Seeks an admission that some women were paid more than some men in the same position at the same store. Plaintiffs object to this request as vague and ambiguous as it is not temporally limited, nor is it clear what Wal-Mart means by "some." Plaintiffs also contend that they cannot respond to the request without the HR data which Wal-Mart has not produced yet. The Court agrees. Plaintiffs need not respond to this Request. If Defendant believes there is no dispute that certain women were paid more than certain men its request should have specifically identified the persons, their stores, and the pay periods so that Plaintiffs could review the HR data and confirm the information.

**Request for Admission No. 28** – Seeks an admission that some women in the putative class were selected for promotion over men with longer tenure. For the reasons stated above, Plaintiffs need not respond to this Request.

### 3. Requests for the Production of Documents

**Request for the Production of Documents Nos. 1-3** – As originally drafted, these requests called for documents relating to Wal-Mart's Fourth Set of Interrogatories. Wal-Mart contends that this was a typographical error and it intended to request documents relating to its Fifth Set of Interrogatories. Plaintiffs responded to the requests with respect to the Fourth Set of Interrogatories and contend that Wal-Mart is now seeking to re-write the request to seek documents relating to the Fifth Set of Interrogatories. Plaintiffs do not suggest that these requests are objectionable other than because Wal-Mart now seeks responses for a different set of interrogatories than originally propounded. Plaintiffs shall respond to the requests with respect to the Fifth Set of Interrogatories.

**Request for the Production of Documents Nos. 4, 6, 17-20, 22, 33, 36, 37 and 38** – Plaintiffs have agreed to produce "relevant, non-privileged, responsive documents that have not previously been produced in this litigation." Wal-Mart contends that Plaintiffs have not produced any responsive documents other than EEOC charges and is thus concerned that Plaintiffs are not producing responsive documents. Wal-Mart thus (1) seeks confirmation that there are no other responsive documents in Plaintiffs' possession, (2) identification, by Bates-Stamp number, of any documents previously produced by either party that are responsive to newly propounded discovery requests, and (3) confirmation that Plaintiffs are not withholding documents as privileged. For these and all other requests for the production of documents referenced herein the Court orders the following:

First, Plaintiffs must produce responsive documents in their possession, custody or control to the extent they have not previously produced such documents and the documents were not previously produced by Defendant. Plaintiffs are not obligated to provide the names and contact information for third parties who might possess responsive documents. Plaintiffs shall produce the responsive documents by April 11, 2013.

Second, Plaintiffs need not identify by Bates-Stamp number which documents are responsive to which discovery requests. Wal-Mart is essentially asking Plaintiffs to identify which of Wal-Mart's own documents Plaintiffs believe are responsive to Wal-Mart's discovery requests; thus, the request is a contention interrogatory. The Court has already addressed Defendant's interrogatories. Further, as to new documents, if any, produced by Plaintiffs, it does not appear that the numbers will be so voluminous as to require Plaintiffs to identify to which request the documents are responsive.

Third, to the extent Plaintiffs are withholding responsive documents as privileged, they must provide a privilege log consistent with their obligations under Rule 26(b)(5). The log must be produced by April 11, 2013.

For Request Numbers 17-20, 22, and 33, Plaintiffs shall produce documents from the named Plaintiffs, the individuals listed in Plaintiffs' supplemental disclosures, any class

certification declarants, and the individuals for whom Plaintiffs previously produced EEOC charges.

**Request for the Production of Documents No. 7** – Seeks "All DOCUMENTS reflecting or RELATING TO any alleged employment discrimination, sexual harassment or retaliation at WAL-MART, including but not limited to the allegation that WAL-MART maintained a "pattern or practice of gender discrimination and promotion" as alleged in Paragraph 5 of the COMPLAINT." Plaintiffs object to the request as overbroad and burdensome. The Court agrees. The request seeks documents reflecting claims of discrimination, sexual harassment, or retaliation based on race, disability, national origin, and other grounds wholly unrelated to this litigation. The Court sustains Plaintiffs' objection to the request.

**Request for the Production of Documents Nos. 8, 9 and 10** – Seek communications between the named Plaintiffs and any WITNESS which is defined as any person identified in Plaintiffs' disclosures as well as all persons likely to have discoverable information regarding the claims and defenses to the allegations in the complaint regardless of whether Plaintiffs intend to rely on the individual's' testimony; as well as communications between any such witnesses and Wal-Mart or Wal-Mart representatives. Plaintiffs object to these requests as overbroad and burdensome and are particularly concerned about discovery of absent class members. To the extent that Wal-Mart seeks discovery of absent class members, this request overreaches. *See Holman v. Experian Info. Solutions, Inc*., No. 11-00180, 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012) ("[d]iscovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not parties to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joinder of small claims") (internal quotations and citations omitted). Plaintiffs shall produce documents from the named Plaintiffs, the individuals listed in Plaintiffs' supplemental disclosures, any class certification declarants, and the individuals for whom Plaintiffs previously produced EEOC charges.

**Request for the Production of Documents No. 11** – Seeks "All COMMUNICATIONS to or from any PERSON who is not a named party in this action RELATING TO the allegations in the COMPLAINT, including but not limited to COMMUNICATIONS with current and former employees of WAL-MART, customers of WAL- MART, government agencies, union representatives, and media outlets." Although Wal-Mart states that the request is reasonable because it is designed to capture communications between the named Plaintiffs (and their attorneys) and any third parties relating to the allegations of the case, the request is worded much more broadly and in no way limits the documents sought to the named Plaintiffs' communications. However, communications of the named Plaintiffs relating to the allegations in the Complaint are relevant and discoverable. Accordingly, to the extent such communications are in the possession, custody or control of Plaintiffs, and have not previously been produced, they shall be produced. Defendant has not cited any authority for requiring the production of communications from Plaintiffs' counsel to third parties regarding the allegations in this lawsuit. Plaintiffs need not respond with respect to communications by counsel.

**Request for the Production of Documents No. 12** – Seeks all communications on any social network site relating to the allegations in the complaint. The request does not specify from whom the documents are sought, but Wal-Mart has proposed that Plaintiffs produce responsive documents from the named Plaintiffs, women on the supplemental disclosures, and any women whose EEOC charges were produced. Plaintiffs object as overbroad, burdensome, and on privacy grounds. Given that the proposed class has not yet been certified, Plaintiffs shall produce responsive documents in their possession, custody or control for the named Plaintiffs. If the documents are not in Plaintiffs' possession, custody or control, they are not required, for this request or any other request, to provide the names and contact information for the individuals who might have possession, custody or control.

**Request for the Production of Documents No. 13** – Seeks all documents relating to the over 12,000 class members who have contacted Plaintiffs' counsel as described in the Declaration of Brad Seligman filed in support of Plaintiffs' Motion to Extend Tolling of the

Statue of Limitations. Defendant contends that it is entitled to discover these documents because they would likely demonstrate the wide differences in the experiences of the putative class members. Plaintiffs object that the discovery intrudes on issues protected by attorney client and work produce privileges. Plaintiffs' objection is well-founded – this request is so broad as to cover interview notes and witness summaries drafted by counsel which would clearly be subject to attorney work product protection. *See S.E.C. v. Roberts*, 254 F.R.D. 371, 375 (N.D. Cal. 2008) ("There is no dispute that the interview notes in question here are classic attorney work product—they comprise handwritten notes that include the attorney's mental impressions, conclusions and opinions"). Plaintiffs are not required to respond to this request.

**Request for the Production of Documents No. 16** – Seeks all documents relating to any contacts, charges or communications with the Equal Employment Opportunity Commission or corresponding state or local agency for the named Plaintiffs and any WITNESS (as that term was used the preceding requests). Plaintiffs shall provide responsive non-privileged documents that have not previously been produced for the named Plaintiffs, the individuals listed in Plaintiffs' supplemental disclosures, any class certification declarants, and the individuals for whom Plaintiffs previously produced EEOC charges.

**Request for the Production of Documents Nos. 21, 25, 28, and 29** – Seeks documents relating to particular allegations in the FAC or related pleadings. To the extent Plaintiffs have possession, custody or control of previously unproduced responsive documents, they shall produce them.

**Request for the Production of Documents No. 23** – Plaintiffs shall produce responsive documents in connection with the exchange of expert reports.

**Request for the Production of Documents Nos. 30 and 35** – Seek documents supporting Plaintiffs' claim that class certification is appropriate in this case. Pursuant to Rule 26 Plaintiffs have an on-going obligation to disclose those documents that they contend support their claims and defenses. They are not required, however, to identify which documents support their class certification request prior to filing their motion for class

certification, nor are they obligated to identify by bates-stamp number which of Wal-Mart's own documents Plaintiffs believe are responsive except as ordered in response to Interrogatory No. 15 above.

**Request for the Production of Documents No. 31** – Seeks all notes, calendars, correspondence, diaries or notations, writings or recordings of any type relating to the alleged wrongful acts by Wal-Mart. Wal-Mart's last best offer apparently limited this to documents reflecting complaints by certain categories of individuals. To the extent it seeks complaints, as stated above, Plaintiffs are required to produce documents, which would include complaints, responsive to Request Nos. 17-20, 22, and 33, from the named Plaintiffs, individuals listed in Plaintiffs' supplemental disclosures, declarants, and the EEOC claimants whose EEOC charges Plaintiffs produced.

**Request for the Production of Documents No. 32** – Wal-Mart's position is that this request seeks video or audio records containing remarks, conversations or speeches by Wal-Mart representatives. To the extent Plaintiffs have responsive recordings of Wal-Mart *representatives*, Plaintiffs shall produce them.

**Request for the Production of Documents No. 34** – Seeks all documents regarding the willingness of the named Plaintiffs and any WITNESS (as that term was used the preceding requests) to relocate while employed at Wal-Mart. Wal-Mart contends that these documents are relevant based on allegations in the FAC which relate to two of the named Plaintiffs' experiences with relocation and a generalized allegation regarding Wal-Mart's relocation policy. Plaintiffs shall provide responsive documents for the named Plaintiffs.

## CONCLUSION

Plaintiffs shall provide the discovery referenced herein by April 11, 2013. By April 11, 2013, Plaintiffs shall also produce a privilege log of any withheld communications, although the log need not include communications between the named Plaintiffs and their present or former attorneys of record in this action.

This Order disposes of Docket No. 866.

**IT IS SO ORDERED.**

Dated: March 19, 2013

                                                *Jacqueline S. Corley*
_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE