Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
  RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:    626.585.9600
Facsimile:    626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated, <br><br> Plaintiff(s) <br><br> v. <br><br> WAL-MART STORES, INC. <br><br> Defendant. | Case No. C 01-CV-2252-CRB <br><br> **DECLARATION OF BETTY DUKES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

Decl. of Betty Dukes in Suppt. of Plaintiffs' Motion for Class Certification                    Case No. C 01-CV-2252-CRB

I, Betty Dukes, declare:

1. I am a current employee at the Wal-Mart store in Pittsburg, California. I am 53 years old and have worked for Wal-Mart for almost nine years. I am paid $8.44 an hour. I am an African-American woman and a named plaintiff in this case.

2. Prior to my employment at Wal-Mart, I had many years of experience in the retail field. I had also been very active in my church. I had never been discharged from any position and, prior to my experience at Wal-Mart as detailed below, I had never been disciplined at any job.

3. I was hired by Wal-Mart in May 1994 and paid $5.00 an hour. Within the first 30 days of my employment, I asked Store Manager Rick Pace how I could advance in my career at Wal-Mart. Mr. Pace responded only by telling me to finish my first 90 days of employment. I received a good 90 day performance evaluation and a raise to $5.25 an hour. Mr. Pace never provided to me any information about how to progress in my career.

4. Within my first year of employment, I received a promotion to full-time status and a merit pay raise to $5.50 an hour.

5. In April 1996, I asked Assistant Manager Mike Lancaster to consider me for a promotion to Customer Service Manager ("CSM"), which I believed would be the first step into management. He told me he would speak with Store Manager Raps. He later replied that I would not receive a promotion at that time. He was vague, and did not tell me what I needed to do in order to receive a promotion. In the latter part of 1996, I asked Store Manager Raps to consider giving me more responsibility or assignments on the sales floor. I reminded Ms. Raps that I had experience at previous jobs as a head cashier, and that I was interested in promotion. She responded by saying that she would take my input into consideration, but took no action.

6. There were no postings of promotional opportunities for the first few years of my employment at Wal-Mart. Instead, I could rely only on word of mouth and observation. There was

no application process to complete to apply for these positions. The only way I knew to express interest in promotion was to talk with management, and I continued to do this. I repeatedly asked Store Manager Raps, Assistant Manager Lancaster, and CSM Jan [last name unknown] to consider me for promotion to CSM or to give me experience on the sales floor. Because I was assigned as a front lane cashier, I was often unaware of opportunities in other parts of the store until the positions were already filled. It was difficult to express interest in a particular position, but I made my desire for promotion well known. I saw no information about management training. No one ever provided any information to me about management training.

7. By June 1997, open positions were sometimes posted. I signed up to be considered for several positions, but did not receive a promotion. I spoke about promotional opportunities with Assistant Manager Chuck Thomas when he gave me my 1997 performance evaluation. In June 1997, I was promoted to Customer Service Manager. This position had not been posted.

8. In approximately September or October 1997, Leilani (Lonnie) Barrett was promoted to Head CSM without the position being posted and without the opportunity for me to apply or interview for the job.

9. Soon after her promotion, Head CSM Barrett and Store Manager Ken Cagle began to discriminate against me by treating me more harshly than they treated other employees. I tried to use the Open Door policy without success. Head CSM Barrett retaliated against me in February 1998 with a written disciplinary coaching, claiming I returned late from breaks. Male employees returned late from breaks and lunch, and even failed to clock out for their breaks and were not disciplined. I am unaware of any male employee receiving a coaching for this infraction.

10. Six weeks later, in March 1998, I received another retaliatory coaching. This time, I was accused of having a cashier cover my lunch break, a common occurrence at the Pittsburg store. I used the Open Door again without success.

11. As a result of these coachings, my eligibility for promotion was limited. Wal-Mart policy prohibits promotion of employees who have received a coaching within the last year. Consequently, as a result of the retaliatory coachings, I was ineligible for promotion from February 1998 until April 1999.

12. In July 1999, I expressed interest in receiving a promotion to Department Manager. I had successfully fulfilled the role of Customer Service Manager for two years. I asked Store Manager Cagle to provide me with the training I needed to be a Department Manager. He provided no guidance or encouragement to me and gave me no indication what I needed to do to receive a promotion. My request for training and promotion was ignored.

13. In August 1999, I was again disciplined when I was accused of violating company policy. I was given another coaching and demoted from Customer Service Manager to cashier. My pay rate was decreased by $0.37 an hour. I was directed by Store Manager Cagle and Assistant Manager Joe Oquelly to take my lunch break and return to work as a cashier. I have never witnessed a similar public humiliation of a male employee. Again, by disciplining me for what was a common practice in the store, I was made ineligible for promotion for a year. I am not aware of any male employees who have been disciplined for similar transactions. As a result of this discriminatory treatment, I filed a charge on or about June 1, 2000 with the Equal Employment Opportunity Commission, attached hereto as Dukes Exhibit A. I received a notice of my Right to Sue on or about June 15, 2000, attached hereto as Dukes Exhibit B.

14. During the next twelve months, when I was ineligible for promotion due to the wrongful coaching, I was unable to apply for several positions in which I had interest. I missed the opportunity to become a Support Manager or Manager of the Domestics/Furniture Department. The latter position was filled by Joseph Topasna.

4

Declaration of Betty Dukes in Support of Plaintiffs' Motion for Class Certification        Case No. C-01-2252 MJJ

15. When I was once again eligible for promotion in August 2000, I watched as positions were filled without being posted. Three men, Richard Morales, Joseph Topasna, and Robert (Aaron) Mendez, were promoted to Support Manager in the fall of 2000. I did not have the opportunity to express my interest or apply for these positions, as they were not posted. I was not interviewed for any of these promotional opportunities. In addition, several department manager positions also were available during this time period. A male employee, Will Martines, became Department Manager for Tire and Lube Express. This position was not posted.

16. Because of the way I had been treated, and the treatment I witnessed of other female employees, and the long pattern I had observed of positions being given to male employees selected by management before any applications were even sought, I believed there was no point in going through the motion of applying for a promotion. I had made my goals and aspirations for promotion clear from my first weeks of employment, and yet, after years of hard work, I was still a cashier. Attached hereto as Dukes Exhibit C is a true and correct copy of the charges I filed in May, 2001 with the Equal Employment Opportunity Commission. Attached hereto as Dukes Exhibits D is the Notice of Right to Sue which I received from the EEOC.

17. I remained a cashier until July 2001 when, due to work-related physical injuries, I was reassigned to the position of Greeter. I am currently a Cashier/Greeter.

18. In January 2003, for the first time there was an opportunity to sign up to express interest in joining the Management Training Program. I learned of this procedure only from my counsel in this case. I later learned that the application process for this opportunity was mentioned briefly in meetings conducted at the store, but not all employees were told of these meetings, including me. The information about this process was never posted. This was the first time in my nine years at Wal-Mart that there was any chance to apply for management training. There were only a few days in which applications could be submitted. I attempted to sign up for the program on the intranet

5

Declaration of Betty Dukes in Support of Plaintiffs' Motion for Class Certification                 Case No. C-01-2252 MJJ

system. However, my application was rejected. One of the questions in the application inquired of my availability. From the commencement of my employment, I have been unable to work on Sundays due to my strongly held religious beliefs. My application for the Management Training Program was automatically rejected when I had to truthfully respond that there was a limit on my availability. I remain interested in management training.

19. Although I have worked at this store for nine years, I am paid less then $9.00 an hour. I have recently learned of a male employee, Carl Kirkland, who was hired to be a greeter in the fall of 2002 in the Pittsburg store. He was paid more than me, despite his lesser seniority. Another male, Isidro Francisco, hired in 1996, became a greeter in 2000 and is also paid a higher hourly rate than me. Attached hereto as Dukes Exhibit E is a true and correct copy of the charge I filed with the Equal Employment Opportunity Commission.

20. I decided to become a named plaintiff in this action because I have been unfairly denied promotional opportunities and equal pay. My primary goal is to ensure that the employment practices at Wal-Mart which hinder the progress of women wishing to enter management be

///

///

///

///

///

///

///

///

///

Declaration of Betty Dukes in Support of Plaintiffs' Motion for Class Certification    Case No. C-01-2252 MJJ

changed, to ensure fair and equitable treatment of female employees, and to ensure women receive equal pay. I understand the responsibilities of a named plaintiff and I am prepared to fulfill my duties to the women in the class.

21. I have personal knowledge of each and every fact set forth in this Declaration, and if called as a witness in this matter, I could and would competently testify to each of these facts.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

This declaration was signed by me on April 17, 2003 in Pittsburg, California.

Betty Dukes

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

*Betty Dukes v. Wal-Mart Stores, Inc.*

## Case No. C 01-CV-2251-CRB

**Declaration of Betty Dukes in Support of Plaintiffs' Motion for Class Certification**

# EXHIBIT A

APR-21-2003  11:29

\* \* \* EMPLOYMEN! \* \* \*

P.04/13

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH# E199900-01484-00-rc
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

NAME (indicate Mr. or Ms.)
Ms. Betty G. Dukes

ADDRESS
2999 Clearland Circle

TELEPHONE NUMBER (Include Area Code)
(925) 550-8262

CITY/STATE/ZIP
Bay Point, CA 94656

COUNTY          COUNTY CODE
Contra Costa

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Wal Mart, Inc.

TELEPHONE NUMBER (Include Area Code)
(925) 427-2022

ADDRESS
2203 Loveridge Road

/ DFEH USE ONLY
/

CITY/STATE/ZIP
Pittsburg, CA 94565

COUNTY/       COUNTY CODE
Contra Costa         /

OF EMPLOYEES/MEMBERS (If known)
more than 100

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) 8/14/99

/ RESPONDENT CODE
/
/

PARTICULARS ARE:

On 9/97 & _____, I was
Continuing

___ fired
___ laid off
XX demoted
XX harassed
___ forced to quit

___ denied employment
XX denied promotion
___ denied transfer
___ denied accommodation
XX Other (Specify) Discriminated against &

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants

Retaliated against

Ken Cagle, Manager

Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

Because of my:      ___ sex            ___ national origin/ancestry       ___ physical disability      ___ (Circle one) filing;
                    ___ age            ___ marital status                ___ mental disability        protesting; participating in
                    XX race/color      ___ association                                                investigation. (retaliation for)
                    ___ religion       ___ medical condition             XX other (specify) Reports of discrimination

The reason given by Ken Cagle, Manager
                                                                    Name of Person and Job Title

was because of ___ Purported policy violations.

Please state
What you believe ___ Discrimination and retaliation becuause of my race, African-
to be reason(s)
                  ___ American.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a Complaint within 30 days of receipt of the DFEH "Notice of Case Closure", or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand that it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of Complainant Elected Court Action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to those matters stated on my information and belief, and as to those matters I believe them to be true.

Dated 6/1/00

Pittsburg

COMPLAINANT'S SIGNATURE

DATE FILED:

DFEH 300-03 (11/95)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
JUN 1 4 2000
SAN DIEGO
DISTRICT OFFICE

**EXHIBIT A**

STATE OF CALIFORNIA

APR-21-2003  11:29                                                    P.05/13

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES  NCY                        GRAY DAVIS, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
350 West Ash Street, Suite 950, San Diego, CA  92101-3430
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683



June 15, 2000


BETTY DUKES
2999 Clearland Circle
Bay Point, CA  94656

RE:    E199900D1484-01-rc
       DUKES/CAGLE, KEN, As An Individual

Dear Ms. DUKES:

### NOTICE OF CASE CLOSURE

This letter informs you that the above-referenced complaint that you filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
June 14, 2000 because you requested an immediate right-to-sue notice.  DFEH will
take no further action on your complaint.

This letter is also your Right-To-Sue Notice.  According to Government Code
section 12965, subdivision (b), you may bring a civil action under the provisions of
the Fair Employment and Housing Act against the person, employer, labor
organization or employment agency named in the above-referenced complaint.  The
civil action must be filed within one year from the date of this letter.

If you want a federal notice of Right-To-Sue, you must visit the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days of
receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

APR-21-2003  11:30                                                    P.06/13

Notice of Case Closure
Page Two


The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*J.J. Herrera Jr.*

Jose de Jesus Herrera, Jr.
District Administrator

cc:    Case File


Ken Cagle
As An Individual
WAL MART, INC.
2203 Loveridge Road
Pittsburg, CA  94565

DFEH-200-43 (08/98)

APR-21-2003  11:30                                                                      P.07/13

## * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER.                          DFEH# E199900-D-1484-01-rc
THE PROVISIONS OF THE CALIFORNIA                                        DFEH USE ONLY
FAIR EMPLOYMENT AND HOUSING ACT

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

NAME (indicate Mr. or Ms.)
   Ms. Betty J. Dukes

ADDRESS                                                        TELEPHONE NUMBER (include Area Code)
   2999 Clearland Circle                         (925) 550-8262

CITY/STATE/ZIP                                            COUNTY          COUNTY CODE
   Bay Point, CA 94656                           Contra Costa

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME                                                      TELEPHONE NUMBER (include Area Code)
   Wal Mart, Inc., Ken Cagle                     (925) 427-2022

ADDRESS                                                              / DFEH USE ONLY
   2203 Loveridge Road                                              /

CITY/STATE/ZIP                                            COUNTY/        COUNTY CODE
   Pittsburg, CA 94565                           Contra Costa    /

# OF EMPLOYEES/MEMBERS (if known)   DATE MOST RECENT OR CONTINUING DISCRIMINATION    /    RESPONDENT CODE
more than 100                        TOOK PLACE (month, day, and year) 8/14/99       /

PARTICULARS ARE:

on 9/97 &         . I was         ___ fired          ___ denied employment      ___ denied family or medical leave
                                  XX  laid off   XX  ___ denied promotion       ___ denied pregnancy leave
       Continuing                 XX  demoted     ·  ___ denied transfer        ___ denied equal pay
                                  XX  harassed       ___ denied accommodation   ___ denied right to wear pants
                                  ___ forced to quit XX Other (Specify) Discriminated against &
                                                                           Retaliated against

       Ken Cagle, Manager
Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

Because of my:      ___ sex           ___ national origin/ancestry    ___ physical disability   ___ (Circle one) filing:
                    ___ age           ___ marital status             ___ mental disability      protesting: participating in
                    XX  race/color    ___ association                                            investigation, (retaliation for)
                    ___ religion      ___ medical condition           XX other (specify) Reports of discrimination

The reason given by Ken Cagle, Manager
                                                         Name of Person and Job Title

was because of    Purported policy violations.
Please state
What you believe   Discrimination and retaliation becuause of my race, African-
to be reason(s)
                   American.

wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a Complaint within 30 days of receipt of the DFEH Notice of Case Closure*, or within 300 days of the alleged discriminatory act, whichever is earlier.

ve not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand that it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of Complainant Elected Court Action.

declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to those matters tated on my information and belief, and as to those matters I believe them to be true.

Dated  6/1/2000
                                                         COMPLAINANT'S SIGNATURE

   Pittsburg
        City

                         DATE FILED:                     RECEIVED
                                                         JUN 1 4 2000
DFEH 300-03 (11/98)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                SAN DIEGO           STATE OF CALIFORNIA
                                                         DISTRICT OFFICE

APR-21-2003  11:30                                                          P.08/13

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY            GRAY DAVIS, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
350 West Ash Street, Suite 950, San Diego, CA 92101-3430
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683



June 15, 2000


BETTY DUKES
2999 Clearland Circle
Bay Point, CA 94656

RE:   E199900D1484-02-rc
      <u>DUKES/O'QUELLY, JOE, As An Individual</u>

Dear Ms. DUKES:

### NOTICE OF CASE CLOSURE

This letter informs you that the above-referenced complaint that you filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 14, 2000 because you requested an immediate right-to-sue notice. DFEH will take no further action on your complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If you want a federal notice of Right-To-Sue, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

APR-21-2003  11:30                                                      P.09/13

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

*[signature]*

Jose de Jesus Herrera, Jr.
District Administrator

cc:     Case File

Joe O'Quelly
As An Individual
WAL MART, INC.
2203 Loveridge Road
Pittsburg, CA  94565                                        DFEH-200-43 (06/98)

APR-21-2003  11:30

*** EMPLOYMENT **

P.10/13

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH# E199900-D-1484-02-rc
DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

NAME (Indicate Mr. or Ms.)
Ms. Betty G. Dukes

ADDRESS
2999 Clearland Circle

TELEPHONE NUMBER (Include Area Code)
(925) 550-8262

CITY/STATE/ZIP
Bay Point, CA 94656

COUNTY
Contra Costa

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Wal Mart, Inc., Joe O'Quelly

TELEPHONE NUMBER (Include Area Code)
(925) 427-2022

ADDRESS
2203 Loveridge Road

/ DFEH USE ONLY
/

CITY/STATE/ZIP
Pittsburg, CA 94565

Contra Costa

COUNTY/
/
/
/

COUNTY CODE

RESPONDENT CODE

NO. OF EMPLOYEES/MEMBERS (If known)
more than 100

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) 8/14/99

THE PARTICULARS ARE:

In 9/97 & _____, I was

Continuing

____ fired
XX lald off
XX demoted
XX harassed
____ forced to quit

XX denied employment
XX denied promotion
____ denied transfer
____ denied accommodation
XX Other (Specify) Discriminated against &
Retaliated against

____ denied family or medical leave
____ denied pregnancy leave
____ denied equal pay
____ denied right to wear pants

Ken Cagle, Manager

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

Because of my:

____ sex
____ age
XX race/color
____ religion

____ national origin/ancestry
____ marital status
____ association
____ medical condition

____ physical disability
____ mental disability
XX other (specify) Reports of discrimination

(Circle one) filing:
protesting; participating in
investigation (retaliation for)

The reason given by Ken Cagle, Manager

Name of Person and Job Title

was because of   Purported policy violations.

Please state
what you believe
to be reason(s)

Discrimination and retaliation becuause of my race, African-

American.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a Complaint within 30 days of receipt of the DFEH "Notice of Case Closure", or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand that it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of Complainant Elected Court Action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to those matters stated on my information and belief, and as to those matters I believe them to be true.

Dated 6/1/00

COMPLAINANT'S SIGNATURE

City Pittsburg

DATE FILED:

DFEH 300-03 (11/98)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
JUN 1 4 2000
SAN DIEGO
DISTRICT OFFICE

STATE OF CALIFORNIA

APR-21-2003  11:31

P.13/13

### * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH# F199900-D-1484 03-rc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

NAME (Indicate Mr. or Ms.)
Ms. Betty G. Dukes

ADDRESS
2999 Clearland Circle

TELEPHONE NUMBER (Include Area Code)
(925) 550-8262

CITY/STATE/ZIP
Bay Point, CA 94656

COUNTY    COUNTY CODE
Contra Costa

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Wal Mart, Inc. Leilani Barrett

TELEPHONE NUMBER (Include Area Code)
(925) 427-2022

DFEH USE ONLY

ADDRESS
2203 Loveridge Road

CITY/STATE/ZIP
Pittsburg, CA 94565

COUNTY/    COUNTY CODE
Contra Costa

# OF EMPLOYEES/MEMBERS (if known)
more than 100

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) 8/14/99

RESPONDENT CODE

PARTICULARS ARE:

Dr8/97 & _____ , I was

Continuing

____ fired
XX laid off
XX demoted
VX harassed
____ forced to quit XX

__ denied employment
XX denied promotion
· denied transfer
____ denied accommodation
Other (Specify) Discriminated against &
Retaliated against

____ denied family or medical leave
____ denied pregnancy leave
____ denied equal pay
____ denied right to wear pants

Ken Cagle, Manager

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

Because of my:

____ sex
____ age
XX race/color
____ religion

____ national origin/ancestry
____ marital status
____ association
____ medical condition

____ physical disability
____ mental disability
XX other (specify) Reports of discrimination

(Circle one) filing:
protesting: participating in
investigation (retaliation for)

The reason given by Ken Cagle, Manager

Name of Person and Job Title

was because of ____ Purported policy violations.

Please state
What you believe
To be reason(s)

Discrimination and retaliation becuause of my race, African-
American.

wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a Complaint within 30 days of receipt of the DFEH Notice of Case Closure", or within 300 days of the alleged discriminatory act, whichever is earlier.

've not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand that it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of Complainant Elected Court Action.

declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to those matters stated on my information and belief, and as to those matters I believe them to be true.

Dated 6/01/00

City Pittsburg

COMPLAINANT'S SIGNATURE

RECEIVED
JUN 1 4 2000
SAN DIEGO
DISTRICT OFFICE

DFEH 300-03 (11/98)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

STATE OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

## *Betty Dukes v. Wal-Mart Stores, Inc.*

## Case No. C 01-CV-2251-CRB

## Declaration of Betty Dukes in Support of Plaintiffs' Motion for Class Certification

# EXHIBIT B

APR-21-2003  11:29                                                    P.02/13
STATE OF CALIFORNIA • STATE AND CONSUMER SERVICES AGENCY                GRAY DAVIS, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
350 West Ash Street, Suite 950, San Diego, CA 92101-3430
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683



June 15, 2000


BETTY DUKES
2999 Clearland Circle
Bay Point, CA  94656

RE:    E199900D1484-00-rc
       DUKES/WAL MART, INC.

Dear Ms. DUKES:

## NOTICE OF CASE CLOSURE

This letter informs you that the above-referenced complaint that you filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
June 14, 2000 because you requested an immediate right-to-sue notice.  DFEH will
take no further action on your complaint.

This letter is also your Right-To-Sue Notice.  According to Government Code
section 12965, subdivision (b), you may bring a civil action under the provisions of
the Fair Employment and Housing Act against the person, employer, labor
organization or employment agency named in the above-referenced complaint.  The
civil action must be filed within one year from the date of this letter.

If you want a federal notice of Right-To-Sue, you must visit the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days of
receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.


**EXHIBIT B**

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Jose de Jesus Herrera, Jr.
District Administrator

cc:    Case File

Director
Human Resources/Personnel
WAL MART, INC.
2203 Loveridge Road
Pittsburg, CA  94565

DFEH-200-43 (08/98)

APR-21-2003   11:31                                                              P.11/13

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE    ICY                         GRAY DAVIS, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
350 West Ash Street, Suite 950, San Diego, CA  92101-3430
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683



June 15, 2000

BETTY DUKES
2999 Clearland Circle
Bay Point, CA  94656

RE:    E199900D1484-03-rc
       DUKES/BARRETT, LEILANI, As An Individual

Dear Ms. DUKES:

## NOTICE OF CASE CLOSURE

This letter informs you that the above-referenced complaint that you filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 14, 2000 because you requested an immediate right-to-sue notice.  DFEH will take no further action on your complaint.

This letter is also your Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If you want a federal notice of Right-To-Sue, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

APR-21-2003  11:31                                                          P.12/13

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

*[signature]*

Jose de Jesus Herrera, Jr.
District Administrator

cc:    Case File

Leilani Barrett
As An Individual
WAL MART, INC.
2203 Loveridge Road
Pittsburg, CA  94565                                    DFEH-200-43 (06/98)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

*Betty Dukes v. Wal-Mart Stores, Inc.*

## Case No. C 01-CV-2251-CRB

**Declaration of Betty Dukes in Support of
Plaintiffs' Motion for Class Certification**

# EXHIBIT C

U.S. GPO: 1999-459-473/25181

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC | 376A10350 |

and EEOC

_State or local Agency, if any_

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Betty Dukes | c/o  415-621-0672 | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| c/o  1663 Mission St. #250, San Francisco, CA  94103 | 3/17/50 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include Area Code) |
|---|---|---|
| Wal-Mart | +325 | 925-427-2022 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 2203 Loveridge Road, Pittsburg, CA  94565 | Contra Costa |

| NAME | TELEPHONE NUMBER (include Area Code) |
|---|---|
| N/A | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ AGE
☒ RETALIATION    ☐ NATIONAL ORIGIN    ☐ DISABILITY    ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
Aug. 1999  -  Jan. 2001

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached

RECEIVED
MAY 22 2001
EEOC-OLO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| _Betty J. Dukes_ | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date  5/01/01   Charging Party (Signature) | |

EEOC FORM 5 (10/94)                    **EXHIBIT C**

CHARGE OF DISCRIMINATION AND RETALIATION
Betty Dukes

Factual Background:

I am an African American woman currently employed by Wal-Mart store #1615, located
in Pittsburg, California. I was hired as a front-end cashier on May 24, 1994 and was
promoted to Customer Service Manager (CSM) in June of 1997. I was demoted on
August 14, 1999. I believe that I was discriminated against because of my race (African
American) and my gender (female).

Allegations:

I believe that I was demoted from CSM to cashier on August 14, 1999 due to race and
gender discrimination and retaliation for my earlier complaints of discrimination. The
discriminatory demotion made me ineligible for promotions that were available during
the period August 14, 1999 to August 14, 2000. After I became eligible for promotion, I
was denied promotions because of my gender and race. I was discouraged from applying
for other positions because of Wal-Mart's prior race and gender discrimination against
me. I make this claim on my own behalf and on behalf of all other women similarly
situated.

I.       Discriminatory Demotion and Denial of Promotion

Beginning in September of 1997, I experienced harsh and discriminatory treatment from
head Customer Service Manager Leilani (Lonnie) Barrett (Caucasian) and store manager
Ken Cagle (Caucasian). In November of 1997 I complained about this harassment and
discrimination to District Manager Chuck Salby (Caucasian). After I complained, I
experienced retaliation from Wal-Mart store management, beginning with a disciplinary
writeup on February 13, 1998 for returning late from my breaks, even though male and/or
Caucasian employees returned late from their breaks or did not even clock out for breaks,
and were not written up. I was also written up on March 31, 1998 for having a front-end
cashier cover my lunch break even though I had utilized this procedure many times
before without incident and Caucasian employees utilized this procedure without being
reprimanded. I complained to District Manager Jay King (Caucasian) but he simply
referred me back to the store manager. On June 29, 1999 I called in sick. Store Manager
Cagle reacted in a highly negative and unprofessional way towards my request. I called
the district management office about Cagle and, ultimately, I spoke with Loss Prevention
District Manager Charles Chibante (Caucasian). Only after I threatened to make a
complaint to the Wal-Mart home office in Arkansas did I receive an apology from Store
Manager Cagle. However, Cagle's apology only served to escalate the retaliation.

RECEIVED
MAY 22 2001
EEOC-OLU

In July of 1999, I expressed interest in becoming a department manager by requesting to Ken Cagle that I receive training for that position, but I was never given the opportunity to be trained. Instead, I was demoted on August 14, 1999 from CSM to cashier, in retaliation for my earlier complaints of discrimination. I believe that I was treated harshly for a minor infraction because of my race and gender.

Because of the demotion, I became ineligible for any promotions between August 14, 1999 and August 14, 2000. After the demotion, my hours and hourly wage were reduced.

Within the last 300 days there have been several promotional openings for which I was not eligible due to my disciplinary status. A support manager position was filled in July or August 2000 by Rosa Trevino (Hispanic female). Between July and September 2000, the position of Domestics Department Manager was open and filled by Joseph Topasna (Filipino male).

## II.    Promotion denial

After August 14, 2000 when I became eligible for promotion, four department manager and/or support manager positions at the Pittsburg store were filled by men. None of these positions were posted.

Between October and December 2000 Richard Morales (Hispanic male) was promoted from night receiving stocker to night support manager. This position was not posted.

In November 2000, Joseph Topasna (Filipino male) was promoted to support manager. This position was not posted.

Between October and December 2000 Robert (Aaron) Mendez (Hispanic male) was promoted to support manager. This position was not posted.

In December 2000 or January 2001, Will Martines (Caucasian male) filled the position of Department Manager for Tire Lube Express (TLE). This position was not posted.

## III.   Discouragement from applying for promotions

I have been discouraged from applying for open promotional positions because of previous discriminatory treatment by Wal-Mart management. I was also discouraged from applying because of discriminatory treatment I witnessed towards other female Wal-Mart employees.

There were three department manager positions open after August 14, 2000 (Hardware, Over The Counter Pharmacy and Stationery) for which I was discouraged from applying because of the prior discriminatory treatment I and other women received from Wal-Mart.

RECEIVED

MAY 22 2001

EEOC-OLU

For example, in June of 2000, Brooke Terrell (African American woman) was demoted unfairly from department manager to a sales floor position, but was told that she had to continue fulfilling the responsibilities of a department manager until a replacement was found. In 1999, Darla Harper (Caucasian woman) expressed interest in a department manager job but when a position became available, it was given to Spencer Ostrom (Caucasian male), without being posted. In 1996, Mary Smith (African American woman) expressed interest in being considered for a personnel management position. The position was not posted and the job was given to Michael Annatone (Caucasian male).

I believe that the discrimination and retaliation I experienced is part of a larger and continuing pattern of sex discrimination at Wal-Mart. Few women are promoted to management positions at Store #1615. When they are promoted, they are typically promoted into cosmetics, customer service, domestics, women's and children's clothing and similar female-dominated departments. Women are discriminated against because of their gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and are subjected to adverse terms and conditions of employment.

I declare under penalty of perjury that the foregoing is true and correct.

_Betty J. Dukes_                                    5/01/01
BETTY DUKES                                         DATE

RECEIVED
MAY 22 2001
EEOC-ULU

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

## *Betty Dukes v. Wal-Mart Stores, Inc.*

## Case No. C 01-CV-2251-CRB

### Declaration of Betty Dukes in Support of Plaintiffs' Motion for Class Certification

# EXHIBIT D

IAL  EMPLOYMENT  OPPORTUNITY  COMMI    N

## NOTICE  OF  RIGHT  TO  SUE

*( Issued on request )*

| To: Betty Dukes<br>C/O EQUAL RIGHTS ADVOCATES<br>1663 MISSION ST., #250<br>SAN FRANCISCO, CA 94103<br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*( 29 C.F.R. 1601.7(a) )* | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Oakland Local Office<br>1301 Clay Street Suite 1170-N<br>Oakland, CA   94612-5217 |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 376A10350 | Julian Melendres | (510) 637-3230 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

*Joyce A. Hendy*
Joyce A. Hendy, Director

May 22, 2001
*(Date)*

Enclosure(s)

cc: WAL MART STORES
2203 LOVERIDGE ROAD
PITTSBURG, CA 94565

**EXHIBIT D**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

## *Betty Dukes v. Wal-Mart Stores, Inc.*

## Case No. C 01-CV-2251-CRB

**Declaration of Betty Dukes in Support of
Plaintiffs' Motion for Class Certification**

# EXHIBIT E

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | |

_____ and EEOC

_State or local Agency, if any_

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Betty Dukes | c/o 510/845-3473 | |
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| c/o The Impact Fund, 125 University Avenue, Berkeley, Ca | | 3/17/50 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Wal-Mart | +325 | 925/427-2022 |
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | COUNTY |
| 2203 Loveridge Rd, Pittsburg, CA  94565 | | Contra Costa |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| n/a | | |
| STREET ADDRESS    CITY, STATE AND ZIP CODE | | COUNTY |
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE | EARLIEST (ADEA/EPA)    LATEST (ALL) |
| ☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify) | April 2003 ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| 4/9/04    _Betty J. Dukes_ | SIGNATURE OF COMPLAINANT    _Betty J. Dukes_ |
| Date    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

EXHIBIT E

I am an African American female. I have been employed by Wal-Mart Stores at its Pittsburg, California facility since May, 1994. I filed charges of discrimination on the basis of race in June 2000, and on the basis of gender in May 2001. I subsequently have filed a federal court class action relying on the gender charge. *Dukes v. Wal-Mart Stores, Inc.* (N.D. Cal.)

I have worked as a "greeter" since the summer of 2001. During that time, I have received satisfactory performance evaluations, and have not been subject to discipline. My current hourly rate is $8.44.

I believe I have been discriminated against on the basis of my gender, and perhaps in retaliation for filing the above listed charges and class action, because male employees with less seniority are paid more in the same job classification I hold. I am informed and believe that Carl Kirkland was hired in the fall of 2002 in my store, and has been employed as a greeter. Despite his lesser seniority, I believe he has been paid at a higher hourly rate than I have been. Another male, Francisco Isidro, hired in 1999, has also been employed as a greeter with a higher hourly rate than I have. I further believe that both of these men are paid at a higher rate than any of the female greeters in the store.

These pay disparities are just examples of a broad pattern of pay discrimination against women at Wal-Mart. Women in the same job categories as men on average are paid lower hourly rates, despite similar, or even greater seniority and performance.

I make this claim on my own behalf and on behalf of similarly situated women at Wal-Mart.