Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone:  202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA  91103
Telephone:     626.585.9600
Facsimile:     626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Defendant. | Case No. C 01-CV-2252-CRB<br><br>**DECLARATION OF PATRICIA SURGESON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Patricia Surgeson, declare:

1.    I am a named plaintiff in this action. I worked at the Wal-Mart Store in Vacaville, California from August 1997 until March 2001. I am female and live in Vacaville, California.

2.    I was hired to be a cashier/stocker in the Tire and Lube Express department ("TLE"). Within my first month working in TLE, a male co-employee Patrick [last name unknown] approached me when I was on a ladder and grabbed my buttocks. I yelled at him and was very upset. Patrick had previously made inappropriate comments to me, including offering money to me to have a baby with him. He frequently tried to touch me. I went to Kevin [last name unknown], the male Support Manager who was my immediate supervisor, and complained about Patrick's actions. As a result of my use of the Open Door, I was transferred to another department, although I liked working in TLE and would have chosen to continue there. I was not given an option. Patrick was not transferred, but instead was permitted to keep his position in TLE. I continued to see Patrick in the breakroom. To my knowledge, no investigation of Patrick's misconduct occurred. Patrick was not disciplined to my knowledge.

3.    I was transferred to the Toys Department for one day and then to the Health and Beauty Aids Department ("HBA") where I was a sales associate for over a year, until November 1998. I did not participate in any additional orientation process to move from TLE to the Toys and HBA departments.

///

Declaration of Patricia Surgeson in Support of Plaintiffs' Motion for Class Certification        Case No. C-01-2252 MJJ

4.    In my first annual review in July 1998, I was rated as "above standard," a hard worker and a team player. Attached hereto as Surgeson Exhibit A is a true and accurate copy of this review.

5.    As my confidence and skills grew, I began to look for opportunities for advancement at Wal-Mart. I wanted to take the next promotional step and began looking for a chance to be a department manager. I applied for department manager positions that were posted as available. I did not receive any of these positions.  In late 1998, when I was denied a promotion to a department manager position for which I had applied, I asked Store Manager Allen Becker for an explanation. Mr. Becker responded by telling me that there was a position in the Lay-Away Department that would be soon available, and offered it to me. It had not been posted. I accepted and began training in that position shortly thereafter. I understood that eventually I was to be made the Department Manager of Lay-Away.

6.    I moved to the Lay-Away Department in November 1998. After I was in that position for approximately six months, I spoke with Store Manager Allen Becker about my future. Mr. Becker offered me the position of Lay-Away Manager, as the current manager was leaving. The position had not been posted and I did not fill out an application. I accepted the position. I had new responsibilities, including supervising and giving direction to other workers in the department, preparing the paperwork for the department, and ordering supplies. I wore a name tag that identified me as "Lay-Away Manager." When I needed employment confirmation as I moved into a new apartment, the personnel office at Wal-Mart confirmed that I was Lay-Away Manager.

Declaration of Patricia Surgeson in Support of Plaintiffs' Motion for Class Certification         Case No. C-01-2252 MJJ

7.      A new Store Manager, Marvin Raps, replaced Mr. Becker in October of 1999. Mr. Raps told me that the Lay-Away Department did not need a manager and that I would continue with the same responsibilities but without the title.

8.      In the summer of 2000, I moved to the Cash Office as I believed it was a step up in my career. When Store Manager Marvin Raps told me I was being given the position, he told me it was a confidential position with a lot of responsibility as I would be handling a great deal of cash. Despite this increase in responsibilities and my good performance, I received no raise with this move. I made a written request for a merit increase, but received no response. I asked Assistant Manager Rod Couture for an answer to my request, but just received promises that he would look into it. I did not receive an increase and was never given a reason from any manager.

9. After I moved to the Cash Office, a male associate named B.J. Jawanda was moved to manage the Lay-Away Department  Because I was in the Cash Office at the time, handling payroll, I saw Mr. Jawanda's direct deposit pay stub when he replaced me in the Lay-Away Department. Mr. Jawanda was paid approximately $2.00 an hour more than I was in the Lay-Away department for doing the same job.

10.     In January 2001, I asked a young male Assistant Manager Trainee, Adam Kingsley, how to get into the Management Training Program.  He told me that he had been recommended by his Store Manager, when he had been at a different store.  He provided no further information.  His response was vague.  I knew of no other means of entry to the Management Training Program and had never seen anything in writing about management

training. There was never a posting that I saw by which I could have expressed my interest in joining management.

11.    While I was in the Cash Office, I saw the payroll of all employees. I saw that male department managers in garden and furniture were paid more than female department managers. I saw that my hourly wage was lower than men who had been hired after me and did not have the significant responsibility that I had.

12.    In March 2001, I quit my employment at Wal-Mart because it was apparent my talents and contribution to Wal-Mart were not appreciated. Seeing that male employees were paid more for the same job, and experiencing that discrimination first-hand with the Lay-Away Manager position, made me believe I would never be treated with equality. My efforts at promotion had been brushed aside. I believed I would be forever stuck in a dead-end job and denied the opportunities for growth and increasing responsibilities. I found another job immediately. I was hired as an Assistant Manager at a small clothing store, where I was paid slightly more.

13.    I decided to become a named plaintiff in this action because I have been unfairly denied promotional opportunities and equal pay. A man doing the same job that I had done was paid more. My requests for raises were ignored and my effort to learn how to enter the Management Training Program was summarily brushed aside. My primary goal is to ensure that the employment practices at Wal-Mart that hinder the progress of women wishing to enter management be changed, to ensure fair and equitable treatment of female employees. I understand the responsibilities of a named plaintiff and I am prepared to fulfill my duties to the women in the class.

Declaration of Patricia Surgeson in Support of Plaintiffs' Motion for Class Certification        Case No. C-01-2252 MJJ

14.    I filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about May 31, 2001.  I brought the charge on behalf of myself and similarly situated women who receive less pay, promotions and taining than male employees. A true and correct copy of this charge is attached hereto as Surgeson Exhibit B.  I received a Notice of Right to Sue, a true and accurate copy of which is attached hereto as Surgeson Exhibit C.

15.    I have personal knowledge of all of the foregoing facts and if called as a witness could and would testify competently thereto.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.  Executed this _17_ day of April, 2003 in Vacaville, California.

Patricia Surgeson

Declaration of Patricia Surgeson in Support of Plaintiffs' Motion for Class Certification      Case No. C-01-2252 MJJ