Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:    626.585.9600
Facsimile:    626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated, <br><br> Plaintiff(s) <br><br> v. <br><br> WAL-MART STORES, INC. <br><br> Defendant. | Case No. C 01-CV-2252-CRB <br><br> **DECLARATION OF TERRI ANDERSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
|---|---|

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

Decl. of Terri Anderson in Suppt. of Plaintiffs' Motion for Class Certification                Case No. C 01-CV-2252-CRB

I, Terri Anderson, declare:

1. I am female and reside in Montana. I was originally hired in or around March 1993 as a part-time cashier at Wal-mart Supercenter Store #1947 in Omak, WA. About two months after I started at Wal-Mart I became full-time and was promoted to Customer Service Manager. In or around October 1995, I transferred to store #2196 in Port Angeles, WA to help set up that store and for a better chance at being promoted. I became a Department Manager of departments 4 (Paper Goods) and 13 (Household Chemicals). After about 2 months as Department Manager I became a Support Manager. In or around January 1998, I applied for and was accepted into the Management in Training Program and I transferred to Store #2317 in Bremerton, WA to complete the program. Approximately three months later, after I completed the program, I was transferred to Store #2121 in Shelton, WA and assumed full-time status as an Assistant Manager under Store Manager Greg Sullivan, later replaced by Alicia Dill. In or around the summer of 2000, I voluntarily transferred to Store #2187 in Wenatchee, WA, and worked under Store Manager Rod Goninan. In January 2001, I voluntarily transferred back to Store #1947 in Omak, WA, where I worked under Store Manager Richard Blakemore. I left Wal-Mart in or around July 2004 after I fell off of a ladder at work and broke my back in three places, lost my worker's compensation claim, and did not recover in time to return to work full-time by the date Wal-Mart required. During part of that time, I worked in a store within the California Regions.

2. While working as an Assistant Manager from 1998 until I left Wal-Mart in 2004, I sought further promotion but was never offered a promotional opportunity.

   a. In or around 1999 (while working in Store #2121 in Shelton) I applied for promotion to co-manager. The application process was to mention my interest to

District Manager Andre Pace and Store Manager Greg Sullivan, during my evaluation. They told me that I needed to get experience in Foods (Grocery, Deli, and Bakery) but our store did not have Foods because it was not a Supercenter. I asked how I could get that experience since our store did not have Foods. They responded that they would get information for me as to how to get that experience, but they never did. At that time, there were two supercenters on the West Coast and I had expressed my willingness to transfer in order to build my experience. Within six months of my inquiry, I saw a male co-worker Assistant Manager, Mike, get promoted to Co-Manager within our store, even though he did not have Foods experience. Mike had been an Assistant Manager about as long as I. His job had been to supervise the unloading crew overnight. They put me on nights for six months so that he could work days for six months in order to be prepared for promotion. It was common knowledge that he was being prepared for promotion. Mike was later promoted to Store Manager in Bellingham, WA.

b. In or around late 1999 or early 2000, after Mike had been promoted, and Store Manager Greg was replaced by Store Manager Alicia Dill, I asked Alicia what I could do to be promoted and I told her I was willing to transfer stores. Alicia said that I needed to get experience in Foods and that she would check into it. I never heard back from her.

c. In or around 2001 I transferred voluntarily to Store #1947 in Omak, WA. I again applied for promotion to Co-manager. The application process at that time was to talk about one's interest in promotion with Store Manager Richard Blakemore as we walked around the store (he explicitly said that the conversation was to be while walking around the store, not in his office). When I expressed my interest in

2

becoming Co-Manager, Mr. Blakemore told me, "that's unlikely to happen because your evaluations are not where they need to be to be a co-manager." He said nothing about other requirements. At each performance evaluation meeting I had in Omak, I had raised the fact that my evaluations did not accurately reflect my contributions. My work responsibilities had included managing the Front End of the store (cashiers, customer service desk, customer service managers, and the Cash Office), Softlines (clothing), Shoes & Jewelry, Fabrics & Crafts, and Sporting Goods. In addition, I had run the promotional sales and charity events. Management approached me and asked me to switch to overnights to manage the Unloaders and Stockers so that the assistant manager on that shift, Mike Short, could work days and learn other parts of the store. Shortly after switching to overnights, Mike Short, who had been an assistant manager for a few years less than I, was offered promotion to Co-Manager. He turned it down for personal reasons. Mike had gotten "above standard" evaluations but his work assignments had been less demanding than mine. Mike's daytime responsibilities were to manage the Garden Center, Hardware, and House Appliances.

3. During my employment with Wal-Mart, I became aware that male employees, hired after me and in the same job position as me, were paid more than I was. I was never told by management that there was something I needed to do to be paid the higher rate that these male employees were paid.

    a. In or around 2001, when I transferred to Store #1947 and was working as an assistant manager, I was discussing wages one evening with a newly promoted Assistant Manager named Jeff/Jeffrey Eggers. I had worked with Jeff briefly in Wenatchee, where he had been a support manager under me. As Jeff and I

3

discussed pay, he wrote down his rate of pay for that pay period on a piece of paper. He was making approximately $1,000 more per month than I was, and I had three or four years more experience at Wal-Mart and two to three years more experience as an assistant manager. I said, "How can I believe what you're writing down? Maybe you're just telling me that." He then showed me his pay stub and in fact his pay check was approximately $1,000 more per month than mine.

b. In or around 2001 or 2002, when I had worked for Wal-Mart 8-9 years and had had been working as an assistant manager for 3-4 years, my co-worker and neighbor Mike Short was over at my home and saw my paycheck stub. He saw that I was making approximately $2,700 per month. Mike did not tell me how much he was making but he said that I was "being screwed." Mike had been with Wal-Mart about as long as I had been (since 1993) and had just been promoted into the Management Training Program.

c. While working in the Omak store, in or around late 2002 or early 2003, after I had just finished a big project I felt that I deserved a merit raise. I approached Store Manager Rich about it and he told me he would take it under consideration. I never heard back from him and gave up after a while.

d. I never raised the issue of unequal pay with managers because it was impressed upon us not to discuss pay. I was led to understand that if I openly discussed pay I would be "coached" (reprimanded or fired).

4. I have personal knowledge of all of the foregoing and, if asked, could and would testify competently to all of these facts.

I declare under penalty of perjury of the laws of the United States and the State of

4

Montana that the foregoing is true and correct. This declaration was signed by me on

_Apr. 4_____, 2013 at Shelby, MT.

Terri Anderson