Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone:  202.408.4600
Facsimile:  202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:     626.585.9600
Facsimile:     626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Defendant. | Case No. C 01-CV-2252-CRB<br><br>**DECLARATION OF JOYCE NADINE CLARK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Joyce Nadine Clark, declare:

1.      I am a woman, currently residing in Montana. I was an employee of Wal-Mart from 1993-2010. As described below, I was an Assistant Manager at several Wal-Mart stores in Southern California from 1995 to 2010. I offer this declaration in support of the Plaintiffs' Motion for Class Certification.

2.      Before I was hired at Wal-Mart, I had experience in a similar retail environment. I worked at Target Stores for over two years. For part of that time, I was an "Area Manager," which is similar to a department manager. I also had experience working at financial institutions.

3.      I was hired as a Department Manager at the Wal-Mart Store in Corona, California in February 1993. When my son was born, I was required for medical reasons to take six weeks off from work. When I returned to work, I learned that a young man had been given my position and I could no longer be a Department Manager.

4.      As a result of this discrimination, I quit my employment with Wal-Mart.

5.      The Assistant Store Manager, Debbie Wholers, called and offered me a job as a Test Scanner. I accepted this position and returned to work at Wal-Mart. Part of my job duties included shopping at other stores to compare prices, and confirming the right pricing at the Wal-Mart store.

6.      In 1995, I approached the District Manager Nick Fiello and the Store Manager Brian Lynch and told them I needed a promotion. District Manager Nick Fiello told me he would see what he could do. Approximately two weeks later, District Manager Fiello promoted me to Assistant Manager at the Riverside, California Wal-Mart store, Store # 2028.

7.      I was determined to learn everything I could as an Assistant Manager to prepare for further promotions. I worked extremely hard, sometimes working 16 or more hours in a day. My evaluations were always good.

8.      Several male Store Managers came and went at the Riverside Store. I continued as an Assistant Manager. I was not told what I needed to do to be promoted to a store manager.

9.      One of the Store Managers at the Riverside Store, Dwight Kirksey, liked to go out drinking with managers and hourly employees. I did not join in on these outings. An hourly supervisor, Eddie LNU, told me that he was instructed by Store Manager Kirksey to spy on me so that Kirksey

2

DECLARATION OF JOYCE NADINE CLARK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION                                             CASE NO. C 01-2252-CRB

could find reason to discipline me. Finally, he coached me for leaving 15 minutes early one day, with the backroom in an undefined unacceptable manner. I felt this discipline was unjustified. A few months later, Kirksey gave me a "D-day" –decision day, or the final discipline step --on what I considered to be an entirely fabricated set-up.

10.    I spoke with District Manager Fiello about the difficulties I was having working with Store Manager Kirksey, and District Manager Fiello immediately reassigned me. He also removed the decision-making day from my record. I worked for a short time at the Colton Wal-Mart store.

11.    I was then assigned as an Assistant Manager at the Highland Store, # 1914. I remained in that position for approximately 3 years, from approximately March 2000 until 2003. Again, male store managers came and went at that store while I continued to work as an Assistant Manager. I was not told what I needed to do to be promoted to Store Manager or Co-Manager. One of the Store Managers was Larry Goulick.

12.    While an Assistant Manager at the Highland Store, I was standing next to Store Manager Larry Goulick and a male Assistant Manager, waiting to speak with them. Store Manager Goulick and the male Assistant Manager were discussing women in management. Specifically, they were talking about Cathy Bishop, who had been a store manager, but had been promoted, and two other female store managers, Caroline LNU and Angie LNU. Store Manager Goulick said that women lacked the strength to be store managers, and if they were promoted to that position they "were such b**tches." I was taken aback, and so responded by saying: "I'm sure glad you feel I'm one of the guys." Store Manager Goulick just laughed.

13.    In 2003 I requested and was granted a transfer to the Hemet Wal-Mart store. Approximately a year after I arrived at the Hemet store, it moved to a new building and became a Supercenter. Because of this, all managers had to apply to be permitted to move to the Supercenter. I applied, and was permitted to move to the Supercenter as an Assistant Manager. During this interview, I expressed my interest in wanting to move up in the company.

14.    At the Hemet Supercenter, several men were hired from outside of Wal-Mart to work as Assistant Managers. They had no previous experience with Wal-Mart.

3

☑004                                                    03/29/2013 12:59 FAX

15. These new male Assistant Managers were paid approximately $60,000 a year. Although I had, at that point, been working as an Assistant Manager for eight years, I was only paid $48,000 a year. I learned of this discrepancy in wages because several of these new Assistant Managers told me their pay while I was training them. Not only did these new Assistant Managers get paid more than I did, several of them ended up getting promoted to Co-Manager ahead of me.

16. In addition, these male Assistant Managers would come in late to work and take extended lunches but they were not reprimanded. I believe there was a "boys club" atmosphere in this store. I was not a part of it.

17. In October 2003, while I was being paid significantly less then these newly hired male Assistant Managers, Wal-Mart awarded me a certificate for successfully completing the Women in Leadership Conference. This certificate was signed by two District Managers and a Regional Personnel Manager.

18. I was about to be transferred to the Beaumont Store as an Assistant Manager in 2006. I was pregnant at the time. The male Assistant Manager James at the Hemet store expressed to me his displeasure with my transfer to that store because he knew I would be taking a leave. James had recently been demoted from Store Manager in a Store in a neighboring District. I transferred to the Beaumont store soon after he made that comment.

19. I applied for Co-Manager positions while at the Hemet and Beaumont stores. I applied for multiple positions at Moreno Valley, Beaumont, Redlands, Highland, and Hemet. For the most part, these positions went to men, including to some of the male Assistant Managers who were brought in off the street at the Hemet store.

20. The interviews were done by regional and district managers. Sometimes, at the direction of regional and district management, store managers would conduct an interview as part of the process. My understanding is that regional management ultimately approved the decision about who got the position. The District Manager, Wes, always conveyed the decision to the chosen applicant.

21. In 2010 I retired from Wal-Mart. I had never been promoted above the Assistant Manager position, despite my hard work, good evaluations, and repeated efforts at promotion. I am re-hirable.

4

22.    I have personal knowledge of all of the foregoing and, if asked, could and would testify competently to all of these facts.

I declare under penalty of perjury of the laws of the United States and the State of Montana that the foregoing is true and correct.  This declaration was signed by me on March 29, 2013 at Polson, Montana.

_____
Joyce Nadine Clark

5

DECLARATION OF JOYCE NADINE CLARK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION
                                                            CASE NO. C 01-2252-CRB

006