Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C. 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: 626.585.9600
Facsimile: 626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No: C 01-2252-CRB<br><br>**DECLARATION OF CARRIE DIENER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA  94105
Telephone: 415.597-7200
Facsimile:  415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA  94105
San Francisco, CA  94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone  510.339.1934
Facsimile:  510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA  94710
Telephone:  510.845.3473
Facsimile:  510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM  87505
Telephone:  505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM  87501
Telephone:  505.982-8533
Facsimile:  505.982.6698
set@tinklernm.com

Decl. of C. Diener in Suppt. of Plaintiffs' Motion for Class Certification          Case No. C 01-CV-2252-CRB

I, Carrie Diener, declare:

1. I am female and reside in Wisconsin. I was an employee at the Sam's Club in Waukesha, Wisconsin (Store #8164) from approximately May 2000 until April 2001. Before going to work for Sam's Club, I graduated from the University of Wisconsin – Milwaukee with a degree in Communications and had seven years of post-college professional experience. I started at Sam's Club in the manager training program and after completing the training program was assigned to be the Business Manager.

2. Within the first couple months on the job I found out that a male participant in the manager training program, Scott Paape, who had started the same day I had, was being paid more than I was. Scott and I were working in the field together on a marketing project that was part of the training program. There was a policy at Sam's Club not to talk about how much we got paid but Scott and I started talking about our salaries and he told me how much he was being paid. He was being paid roughly $7,000 more a year than I was even though we had started the same day in the same manager training program. Scott had also just graduated from college, whereas I not only had a college degree but seven years of post-college professional experience.

3. A few weeks later, I confronted District Manager David Smith about my salary and why others who had started at the same time I had were making more than me. Through this conversation I was able to negotiate a higher salary for myself but even with my higher salary I was still making roughly $4,000 less a year than Scott was.

4. I was assigned to the Business Manager position after completing the manager training program. Scott was assigned to be the Hard Lines Manager, a position below the Business Manager in the company's hierarchy. I was the only female Assistant Manager. One of my responsibilities as Business Manager was supervising the cash office, which distributed the payroll checks. I learned through

my work with this office that Scott was still being paid more than I was and that female managers were generally paid less than male managers.

5. I was also treated differently than a male employee on another occasion while at Sam's Club. Towards my end of my time at the company, I asked General Manager Jim Goff if I could set my schedule to allow me to take the same three hours off every week so that I could take a graduate course at the University of Wisconsin. The time I initially requested off was the same time that I had off throughout my work at Sam's Club, I was just confirming that I would have the same schedule for the upcoming time period during which the class was offered. I was not asking that they financially assist me with the course, only that I have a consistent schedule for three months. I even agreed to find a time to take the course that would offer as little hardship to the store as possible. In response, Jim informed me that "no, we don't do that." I later learned that a male manager was allowed to set his schedule so that he could play softball one night a week.

6. I quit my job at Sam's Club because of the inconsistencies in treatment of men and women and because it was a frustrating environment for women, and particularly women in management.

7. I have personal knowledge of all of the foregoing and, if asked, could and would testify competently to all of these facts.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. This declaration was signed by me on April 2, 2013 at _____Wanwatosa_____, Wisconsin.

*Carrie Diener*

Carrie Diener