Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:    626.585.9600
Facsimile:    626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Defendant. | Case No. C 01-CV-2252-CRB<br><br>**DECLARATION OF DARLENE LEADINGHAM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Darlene Leadingham, declare:

1. I am a 56 year old female and live in Lubbock, Texas.

2. During my employment at Wal-Mart, Inc's Sam's Club Division, I encountered discrimination based upon my gender with regard to compensation, promotions, failure to accommodate my medical condition and sexual harassment.

3. I worked at the Odessa, Texas Sam's Club from July 26, 1993 until March 22, 2002. My first job at Sam's Club was as a part-time cashier, where I made $6.00 an hour. During my nearly nine years of service with Sam's Club, I worked in demos, member services, refunds, comparison shopper, fax and pool backup, marketing backup, shelf maintenance, tire mounting and as a people greeter.

4. My ending hourly wage was $9.10 per hour. This reflects the modest standard increase in wages that resulted from my periodic evaluations and performance reviews, which always averaged at least a "three" on a scale of one to five. At no time during my career with Sam's Club did I ever receive a merit raise, even though I repeatedly requested such raises.

5. I am aware that many male employees with identical or comparable experience at Sam's Club received merit raises or annual raises that exceeded $.50 per hour during the time I worked there, including those described below. I know that Eduardo Ramirez, who worked in maintenance cleaning floors, received approximately a $.70 per hour raise in 1998. This directly contradicts what Curtis Gullett, the General Manager, and Juan Jimenez, the Assistant Merchandising Manager, told me in a meeting in October or November, 2001, when they said that the largest raise they could give anyone was $.50 per hour. I also know that Dustin Hatfield, Marcus Pacheco and Macario Tobar have received annual raises between the years 1999 and 2002 that exceeded the standard annual raises that I received.

6. I have also been discriminated against in being denied promotions to management positions while other male employees with comparable Sam's Club experience were promoted around me. I made it known to Sam's Club management very early in my Sam's Club career that

2

my long-term goal was to become a manager. *See* Evaluation Summary dated 10/24/93 and identified as WMHO 913499, a true and correct copy of which is attached hereto as Exhibit 1.

7. In approximately August, 1995, I complained about the pay inequalities to Chris Cecchine, the General Manager at the time, after I received my annual evaluation in July, 1995. But, as usual, Mr. Cecchine and Sam's Club did nothing to respond to my complaints.

8. Over the years, I applied for several team leader positions, but was never selected. These positions were usually posted and I contacted the manager in charge of the department where the vacancy occurred. Meanwhile, when I applied and interviewed for the Marketing Team Leader position in the fall of 1999, Danny Castro, a male, was given the job even though he had no marketing or customer service experience. My co-workers also submitted my name for Checkout Supervisor ("COS") openings approximately six times, but I was never selected. Four out of these six times Sam's Club selected a man for the job. In approximately 1999, I personally applied for a COS vacancy that was posted on the wall at the store. I informed Connie Martin, the Front End Manager, that I wanted to be considered for the COS position, but I was never interviewed for the job and did not receive the promotion. I was never given a promotion at Sam's Club.

9. In the year 2000 or after, I also know that Brent Ward, who was a male employee working in tire mounting, made a higher hourly wage than I did when I was a comparison shopper, for doing comparable work. Eduardo Ramirez, Maintenance worker, and Mike Byrd, a Sales Associate, Merchandiser and Greeter, both male employees, also made higher hourly wages than me for doing comparable work from at least 1999 through 2002.

10. In approximately September or October, 2001, I approached Mr. Gullett to request a merit raise. I had received a rating of 15 out of a possible 16 on my June, 2001, Performance Evaluation, and felt that I deserved a merit raise for the hard work I did for Wal-Mart. Mr. Gullett said that he never gave merit raises because he would get accused of bias, and then told me to discuss the matter with Mr. Jimenez. When I spoke to Mr. Jimenez about my request, he refused to give me a raise, stating that he thought I was a poor employee. Mr. Jimenez's

3

comments that I was a poor employee, however, were belied by the excellent rating he gave me on my June, 2001 Performance Evaluation.

11.    Eventually, Mr. Gullett, Mr. Jimenez and I had a meeting together to discuss my raise request, but I never received the merit raise I sought.  In this meeting, Mr. Gullett appeared to agree with my position that I deserved a raise, but he failed to authorize any change in my hourly wage.

12.    In approximately July, 2001, I was also subjected to discrimination in the failure of management to provide me with suitable accommodation for a medical condition I had.  I had been ordered in writing by my doctor to restrict my lifting due to my heart condition.  But when I brought this subject up with Mr. Jimenez, he told me that I could take unpaid personal leave if I could not do the heavy lifting, and refused to accommodate my condition.  I know, however, that Mr. Jimenez had previously given an accommodation to a male employee, Mike Byrd, who had a bad back.

13.    I have also been sexually harassed by a fellow Sam's Club employee.  Edward Garcia, a co-worker, made offensive remarks to me about my sex life.  I complained about this sexual harassment to management during general club and grass roots meetings, but management failed to promptly address my complaints.  Mr. Garcia's penchant for making inappropriate sexual remarks to female employees was a frequent topic at the general club and grass roots meetings.  I understood that Mr. Garcia had 32 complaints made against him at Wal–Mart for sexual harassment.

14.    In March, 2002, Sam's Club terminated my employment due to a misunderstanding over my purchase of a marked-down item.  My termination was not justified, and I feel that Wal-Mart treated me unfairly in terminating my employment.

I have personal knowledge of each and every fact set forth in the Declaration, and if called to testify as a witness in this matter, I could and would competently testify to each of these facts.

I declare under penalty of perjury of the laws of the United States and State of Texas that the foregoing is true and correct.

4

This Declaration was signed by me on _April 2_____, 2003, at

_Lubbock_, Texas.

_Darlene Leadingham_
Darlene Leadingham

5

DECLARATION OF DARLENE LEADINGHAM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Case No. C-01-2252 MJJ

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

*Betty Dukes v. Wal-Mart Stores, Inc.*

## Case No. C 01-CV-2251-CRB

**Declaration of Darlene Leadingham in Support of Plaintiffs' Motion for Class Certification**

# EXHIBIT 1

WMP-12-I
Rev. 1/87

WAL-MART STORES, INC.
ASSOCIATE EVALUATION FORM
90-DAY EVALUATION

NAME: Darlene Leadingham #150

SOCIAL SECURITY NO. 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

STORE/ LOCATION: 6439

Review Date: 10-26-93
(7-26-93)

| | Exceptional | Above Standard | Standard | Below Standard | Marginal | Comments |
|---|---|---|---|---|---|---|
| INITIATIVE: The degree to which the associate acts independently in new situations; the extent to which he/she sees what needs to be done and does it without being told. | | | ✓ | | | Satisfactory. Does what is told but not any more. Strive to do things without having to be told. |
| PRODUCTIVITY: The actual work output of the associate relative to other associates. Consider what he/she actually produces rather than what the associate is capable of producing. | | | ✓ | | | Standard Producer. Strive to improve speed without loss of accuracy, always Pick, Scan, Look, Box, & Transfer! Follow Procedures. |
| DEPENDABILITY: The extent to which the associate can be depended upon to be available for work and do it properly. The degree to which he/she is reliable, trustworthy and persistent. | | | ✓ | | | Can be counted on to be at work when scheduled. Always follow proper procedure. |
| COOPERATIVENESS: Willing to relocate into any area needing assistance. Observes and adheres to company policies easily. Creates good work environment. | | | ✓ | | | Gets along well with partners. Strive to have a more positive outlook and attitude. Promote Teamwork. Use Open-Door Policy if needed. |
| CUSTOMER COURTESY/SERVICE: Associate shows respect, consideration, understanding to the needs of the customer. When operating a register, will enter aisle to ensure customers a fast checkout, and demonstrate aggressive hospitality. | | | ✓ | | | Is respectful and courteous to members. Always use DMS and 10 ft rule and call by name. Be more energetic and SMILE more! Use aggressive hospitality! |
| HOUSEKEEPING: The associate cooperates and promotes a clean, maintained store. Shows good work ethic in helping night and day zoning. | | | ✓ | | | Consistent cleanliness and organization is a must. Make sure register and area is clean before leaving. Work as a team to keep standard high. Promote safety. |

WPK/8070-3678/1286-2

EXHIBIT
1

WMHO 913498
CONFIDENTIAL

WMP-12-I Page 2

EVALUATION SUMMARY

IDENTIFY THE MAJOR STRENGTHS OF THE ASSOCIATE: _Darlene is a pleasant person who does a standard job. She is dependable and good with members._

IDENTIFY THE MAJOR AREAS OF JOB PERFORMANCE NEEDING IMPROVEMENT: _Darlene needs to strive to follow procedures 100%. Pick, Scan, look, box, Transfer. Needs to put forth more effort to enjoy her job and have a positive disposition. Do thing without having to be told and with a sense of urgency. SMILE!_

ASSOCIATE'S PLAN OF ACTION: _Am letting personal problems interfere with my job I will strive to not let this happen. I have improved my accuracy and am working on speed & dissonting_

CAREER GOALS: _Next evaluation is going to be above standard. My long term goal is to be a manager._

ASSOCIATE'S COMMENTS: _Sam's & Wal-Mart is a great company to work for. All of the associates & coaches are great. Every coach can be counted on to be there for us when we need them_

BASED ON THE ASSOCIATE'S PERFORMANCE OVER THE EVALUATION PERIOD, PLEASE CIRCLE THE APPROPRIATE PERFORMANCE RATING:

EXCEPTIONAL    ABOVE STANDARD    (STANDARD)    BELOW STANDARD    MARGINAL

_Darlene Leveringham_
Associate

_Stephanie Boaz_
Supervisor

_B Hays_
Supervisor

6.02
Old Rate

10/24/93
Date Signed

6.30
New Rate

WPK/8070-367B/1186-3

WMHO 913499
CONFIDENTIAL