Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C.  20005
Telephone:  202.408.4600
Facsimile:  202.408.4699
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone:  626.585.9600
Facsimile:   626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No:  C 01-2252-CRB<br><br>**DECLARATION OF VALETTA MCMURRAY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Decl. of Valetta McMurray in Supp. of Plaintiffs' Motion for Class Certification, Case No. CV 01-2252-CRB

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Valetta McMurray, declare:

1. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

2. I am female and reside in California. I was an employee at Wal-Mart from approximately September 1999 until June 2003. I worked in Sacramento, California at Store #2735. When I was first hired at Wal-Mart, I worked as a floor associate in the furniture department. After about 6 months, in early 2000, I became a cashier in the garden department and stayed in that position through the end of my tenure of Wal-Mart.

3. I noticed from my check stubs that I had received a slight pay increase when I started working as a cashier. In spite of consistently positive performance evaluations, I do not recall receiving another raise during the entire time I worked at Wal-Mart.

4. Soon after I changed to the cashier position in early 2000, I learned from a female co-worker whose name began with the letter "L," that I was being paid below the starting rate for other cashiers. Learning this led me to inquire about other co-workers' rates of pay to see how I compared with the group. My department was mostly female, so while on my breaks I sometimes spoke with male co-workers who told me what they were making. I became aware that male employees, including those hired after me and in the same job as me, were paid more than me and other female co-workers. I recall having a conversation about pay with a red-haired young man in the electronics department and another conversation with a male cashier who had worked with me in the garden department who was later transferred to the optical department. Both of these male co-workers told me they were earning between $1.00 to $1.50 more per hour than I was, at a time when I was making about $7.50 an hour.

5. I was never told by management that there was something I needed to do, or could do, to be paid the higher rates that my male co-workers were being paid.

6. When I learned that I was being paid less than men with the same position, I complained to Associate Manager Jenny [last name unknown]. I raised this concern with her a few times. She would tell me that pay increases were determined by performance evaluations, or that I should give it more time, which I understood to mean that, if I was just patient, things would change. I consistently received good performance evaluations and worked my tail off, but I never got a raise. I did not understand why I was being paid so much less than the male cashiers I knew. I found it strange and unfair that I could be in a position for four years and never get a proper raise, and that men doing the very same job as me would be paid so much more.

7. I never sought a promotion at Wal-Mart because I was focused on getting equal pay to men. Getting that was so difficult – in fact, it never happened for me – that I figured that going for a promotion would be futile.

8. Throughout the time I worked at Wal-Mart, I noticed that men got promoted to department manager or assistant manager positions more often and more quickly than women did. There were no postings or announcements for these positions, so I was not aware of when or how to apply for them. During my employment with Wal-Mart, I was never offered an opportunity of promotion into management. The process for promotion was unclear, and I was never told of specific steps I ought to take in order to be eligible for a promotion into management.

9. The only way I learned that a management position had previously been available was when I would discover that someone, usually a man, had recently been promoted to a managerial position. For example, about a year into my tenure at Wal-Mart, around late 2000 or early 2001, I recall that a man got promoted from shipping and receiving on the back end of store operations, to the front end as a men's wear department manager. I had not seen anything that indicated this promotional opportunity was even available.

10. That same year, while at a company picnic held outside the break room, I observed how this practice worked. I overheard a conversation between a male department manager whose name began with a "D," and another male co-worker. The co-worker drove a forklift and was considering leaving the store. The department manager told the co-worker that management positions were being held exclusively for men, implying that a promotion opportunity would probably come through soon. This "brother-to-brother" kind of discussion was consistent with what I had observed in the store: men being promoted without me even knowing that a promotion was available.

11. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. This declaration was signed by me on _____April_____ 9th, 2013 at Sacramento, California.

Valetta McMurray

Valetta McMurray

Decl. of Valetta McMurray in Supp. of Plaintiffs' Motion for Class Certification, Case No. CV 01-2252 CRB

Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C.  20005
Telephone:  202.408.4600
Facsimile:  202.408.4699
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone:  626.585.9600
Facsimile:   626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No:  C 01-2252-CRB<br><br>**DECLARATION OF VALETTA MCMURRAY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
Sarah Varela (SBN 234640)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597.7200
Facsimile: 415.597.7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, Suite 300
San Francisco, CA 94105
Telephone: 415.621.0672
Facsimile: 415.621.6744
nfarrell@equalrights.org
jreisch@equalrights.org

Sheila Y. Thomas (SBN 161403)
LAW OFFICE OF SHEILA THOMAS
5260 Proctor Avenue
Oakland, CA 94618
Telephone: 510.339.3739
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Stephen Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982.8533
Facsimile: 505.982.6698
set@tinklernm.com

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
Facsimile: 505.983.9836
mb@thebennettfirm.us

Debra Gardner
PUBLIC JUSTICE CENTER
1 N. Charles Street, Suite 200
Baltimore, MD 21201
Telephone: 410.625.9409
Facsimile: 410.625.9423
gardnerd@publicjustice.org

Shauna Marshall (SBN 90641)
HASTINGS COLLEGE OF THE LAW
200 McAllister Street
San Francisco, CA 94102
Telephone: 415.581.8922
Facsimile: 415.565.4854
marshall@uchastings.edu

Decl. of Valetta McMurray in Supp. of Plaintiffs' Motion for Class Certification, Case No. CV 01-2252 CRB

I, Valetta McMurray, declare:

1. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

2. I am female and reside in California. I was an employee at Wal-Mart from approximately September 1999 until June 2003. I worked in Sacramento, California at Store #2735. When I was first hired at Wal-Mart, I worked as a floor associate in the furniture department. After about 6 months, in early 2000, I became a cashier in the garden department and stayed in that position through the end of my tenure of Wal-Mart.

3. I noticed from my check stubs that I had received a slight pay increase when I started working as a cashier. In spite of consistently positive performance evaluations, I do not recall receiving another raise during the entire time I worked at Wal-Mart.

4. Soon after I changed to the cashier position in early 2000, I learned from a female co-worker whose name began with the letter "L," that I was being paid below the starting rate for other cashiers. Learning this led me to inquire about other co-workers' rates of pay to see how I compared with the group. My department was mostly female, so while on my breaks I sometimes spoke with male co-workers who told me what they were making. I became aware that male employees, including those hired after me and in the same job as me, were paid more than me and other female co-workers. I recall having a conversation about pay with a red-haired young man in the electronics department and another conversation with a male cashier who had worked with me in the garden department who was later transferred to the optical department. Both of these male co-workers told me they were earning between $1.00 to $1.50 more per hour than I was, at a time when I was making about $7.50 an hour.

5. I was never told by management that there was something I needed to do, or could do, to be paid the higher rates that my male co-workers were being paid.

1

6. When I learned that I was being paid less than men with the same position, I complained to Associate Manager Jenny [last name unknown]. I raised this concern with her a few times. She would tell me that pay increases were determined by performance evaluations, or that I should give it more time, which I understood to mean that, if I was just patient, things would change. I consistently received good performance evaluations and worked my tail off, but I never got a raise. I did not understand why I was being paid so much less than the male cashiers I knew. I found it strange and unfair that I could be in a position for four years and never get a proper raise, and that men doing the very same job as me would be paid so much more.

7. I never sought a promotion at Wal-Mart because I was focused on getting equal pay to men. Getting that was so difficult – in fact, it never happened for me – that I figured that going for a promotion would be futile.

8. Throughout the time I worked at Wal-Mart, I noticed that men got promoted to department manager or assistant manager positions more often and more quickly than women did. There were no postings or announcements for these positions, so I was not aware of when or how to apply for them. During my employment with Wal-Mart, I was never offered an opportunity of promotion into management. The process for promotion was unclear, and I was never told of specific steps I ought to take in order to be eligible for a promotion into management.

9. The only way I learned that a management position had previously been available was when I would discover that someone, usually a man, had recently been promoted to a managerial position. For example, about a year into my tenure at Wal-Mart, around late 2000 or early 2001, I recall that a man got promoted from shipping and receiving on the back end of store operations, to the front end as a men's wear department manager. I had not seen anything that indicated this promotional opportunity was even available.

10. That same year, while at a company picnic held outside the break room, I observed how this practice worked. I overheard a conversation between a male department manager whose name began with a "D," and another male co-worker. The co-worker drove a forklift and was considering leaving the store. The department manager told the co-worker that management positions were being held exclusively for men, implying that a promotion opportunity would probably come through soon. This "brother-to-brother" kind of discussion was consistent with what I had observed in the store: men being promoted without me even knowing that a promotion was available.

11. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. This declaration was signed by me on ___April___ 9th, 2013 at Sacramento, California.

Valetta McMurray