Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C. 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: 626.585.9600
Facsimile: 626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No: C 01-2252-CRB<br><br>**DECLARATION OF CHERYL NOONE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Cheryl Noone, declare:

1. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

2. I am female and reside in Oregon but used to live in California. I was an employee at Wal-Mart from approximately 1995 until around 2004. I worked in the Clovis, California Wal-Mart store (Store #2277) since it opened. I started out as an hourly sales associate in domestics, eventually moved up to department manager, and later suffered a demotion back to sales associate before ending my tenure at Wal-Mart.

3. I wanted to advance at Wal-Mart and made my desire for a promotion known to Store Manager Rick Krehbiel on several occasions. I asked a few times a year for four years to be promoted to management. In spite of my eagerness, others, mostly men and including those with less experience than I had, were promoted as department managers instead. I asked Mr. Krehbiel several times why I had not received a promotion. Rather than give me a concrete reason, he would respond by saying things like, "Maybe next time," or "There will be a time." He did not provide any guidance or tell me what I needed to do to obtain a promotion.

4. I did not receive a promotion until around 1997, after I had been working at that store for about two years. The manager for infants and girls department quit abruptly and I was promoted to department manager. I did not go through a formal process—I did not fill out a written application for the position and I was not interviewed for the position. I do not believe the position was posted as available. Rather, Store Manager Krehbiel told me out of the blue that I had the job as I was walking the floor one day. I worked as the infants and girls department manager until around the holidays of 2003.

5. I was interested in further advancement and inquired about entering the management training program. Around 2001, while I was a department manager, I approached Assistant Manager Dominic [last name unknown], and asked about

entering the program. He responded with a "don't bother or waste your time" type of attitude, although I knew that two men from my store had participated in the management training program. Assistant Manager Dominic did not tell me how to apply for the management training program, or provide to me any guidance for obtaining a promotion at all.

6. That same year, I had to have gallbladder surgery. Upon my return from sick leave, I was told that I had lost my managerial position and was demoted to a sales associate position, which paid a lot less. Despite losing my title as the department manager and the demotion, I continued to do the duties of a department manager, such as making comparative shopping trips and adjusting prices. However, I was not financially compensated like a manager.

7. During my employment at Wal-Mart, I became aware that male employees, including those hired after me, with less experience than me, and/or in the same job position as me, were paid more than I was. This occurred both while I worked as a department manager and also later when I was demoted to a sales associate position. In spite of consistently good performance reviews, I only received nominal pay increases during my tenure at Wal-Mart. The most Wal-Mart ever paid me was during my time as a department manager. My pay decreased when I was demoted to sales associate.

8. I learned about the pay disparity from two sources. Wal-Mart conducted performance reviews of employees on a yearly basis on the anniversary of their hire and based the issuance of raises in part on these evaluations. Because several of us were hired at the store's opening, our performance evaluations occurred around the same time. I remember that during evaluation times, I overheard male department managers, Ron [last name unknown], Ronnie [last name unknown], Lyle [last name unknown] and John [last name unknown] discussing their raises in the break room and they were higher than mine. I also discussed the male to female wage difference separately with Lyle [last name unknown] who managed the pet department, and

Chris Armendariz who each told me directly what they made. Both amounts were significantly higher than what I made.

9.    I complained verbally and in writing about the disparity between my wages and those of my male counterparts to various managers and on numerous occasions. I complained to: my District Manager [name unknown], Store Manager Rick Krehbiel, the two store managers who succeeded Mr. Krehbiel (whose names I do not remember), and Assistant Manager Dominic [last name unknown].  When I complained to Store Manager Krehbiel, I usually did so in his office.  On these occasions, he would call in Personnel Manager Maribel [last name unknown] to be present, and therefore she was also aware of several of my complaints.  I never got a straight answer as to why I was being paid less than males in similar positions to mine.  Store Manager Krehbiel would say discussion of wages was against company policy, warning me not to talk with my coworkers about our wages, and would not address my concerns further.  I believe management grew tired of my complaints.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  This declaration was signed by me on _April_ 2nd, 2013 at Florence, Oregon.

_Cheryl Noone_
Cheryl Noone