Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:      626.585.9600
Facsimile:      626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Defendant. | Case No. C 01-CV-2252-CRB<br><br>**DECLARATION OF CLEO PAGE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com
svarela@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105 ·
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, CLEO PAGE, declare:

1.    I make this statement on the basis of my personal knowledge, and, if called as a witness, could and would testify competently to the facts herein.

2.    I am a 34 year old African American woman and I currently work as a teacher for a disabled student in Sappala, Oklahoma. I have held this position since August 2001.

3.    I was hired at the Tulsa, Oklahoma Supercenter in July 1997 and worked there until July 1998. When I applied to work at Wal-Mart in the summer 1997, I had prior retail experience working in several retail stores including Foley's, Lane Bryant and T.J. Max over a period of several years. Despite my prior retail work experience, I was placed as a cashier and stayed in that position throughout the entire period that I worked at the store. I observed that women mostly worked as cashiers and in departments that included clothes and lingerie, while men staffed the automotive, meat and produce departments. I was not given the opportunity to expand my knowledge of the various departments in the Tulsa store.

4.    In approximately June or July 1998, I made the decision to move to California. I attempted to transfer from the Tulsa store to a store in California. I contacted the store manager Wes Morris, who informed me that I was not eligible for transfer because of information concerning written coachings in my personnel file. Wal-Mart denied my request so I resigned my employment at the Tulsa store in July 1998. I applied for a position at a Wal-Mart store in Union City, California, in August 1998 and was hired to work in the return center accepting returned merchandise. When I began working at the Union City store, I observed that the store operated the same as the Tulsa store except that there had been a larger food section in Tulsa because it was a supercenter. The application process and orientation at the Union City store were similar to what I had experienced at the Tulsa store.

5.    Within weeks of my hire at the Union City store #2031, I found a place to live in Livermore, California that required me to commute 30 to 40 minutes each day one way. I requested and received a transfer to the Wal-Mart store in Livermore, California in October 1998 where

2

DECLARATION OF CLEO PAGE IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION                    Case No. C-012252 MJJ

Monique Taylor was store manager. When I transferred to her store, Monique Taylor told me that if I had come to her store initially, she would have arranged to transfer me from Tulsa to her store. Monique Taylor's statement made it clear to me that exceptions could be made to any Wal-Mart policy or procedure as long as someone in management took the steps to do so. However, I discovered that such exceptions were made only for those who management favored and wanted to see advance within the company.

6.    My first position in the Livermore store was at the return desk where I worked for one to two months. In December 1998, I applied for and was promoted to Customer Service Manager ("CSM"). As a customer service manager, I was responsible for supervising employees and overseeing the operations of the front end of the store. I worked as a customer service manager until approximately November 1999. During that time, the cashiers and accounting employees voted me the best customer service manager in the store. I performed well in the position and my colleagues recognized and acknowledged me for it. I received an above standard evaluation for the year.

7.    While I was a CSM, I applied for a support manager position between December 1998 and November 1999. A support manager assists assistant managers in managing different areas of the store. The position provides associates with the opportunity to get experience in all parts of the store and prepares an employee to perform the duties of an assistant manager. For these reasons, support manager is a stepping stone to promotion to the assistant manager in training program. Because I wanted to be selected for the assistant manager in training program, I expressed interest in promotion to Monique Taylor to support manager and applied for an available position. However, a less qualified male CSM Jason Luna was promoted to the position despite my above standard rating and recognition as the best customer service manager in the store.

8.    After I was denied the position of support manager, I continued to express interest in promotion and eventually was selected for promotion to department manager of the Mens' Wear Department in November 1999. Shortly after I was promoted to Mens' Wear department manager, Store Manager Taylor informed me that I had to transfer to the Boys Department because of a

DECLARATION OF CLEO PAGE IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Case No. C-012252 MJJ

3

requirement that new department managers start with a smaller department. It seemed odd to me that Store Manager Taylor was unaware of this requirement when she selected me for the Mens' Wear position in the first place. I had never heard of this requirement before nor did I find it in writing on the Pipeline or elsewhere. I transferred to the Boys Department and remained in the position until I resigned in November 2000.

9.    Throughout the remainder of my time at Wal-Mart, I expressed interest in promotion to the support manager position and to the assistant manager training program to store managers Monique Taylor and then to Hahn Seraypheap, who replaced Ms. Taylor in early 2000. When I spoke to Store Manager Taylor specifically about a promotion to assistant manager training, she informed me that if I wore blouses and tops with collar, I would be a good candidate for promotion. However, I was never selected for the assistant manager training program while she was store manager although my evaluations reflected that I dressed appropriately. I applied for another support manager position between January and November 2000 while 1 was department manager in the Boys Department. After the selection was made, I spoke to Store Manager Seraypheap about why I had not been selected for the support manager job or for the assistant manager program. She told me that she wanted me to work in a bigger department before I was promoted to support manager because, if I could run a large department, I could run the store effectively. However, Ms. Seraypheap never provided me with the opportunity to manage a larger department so that I could get the experience that she told me I needed.

10.    While I was at the Livermore Wal-Mart store I observed, as I had in the Tulsa Supercenter, that there were certain departments where men were selected to manage as department managers. I specifically recall that men were assigned to work in the automotive and sporting goods departments. At a meeting in late 1999 or early 2000, in which I was present with other department managers, Store Manager Seraypheap stated that she was going to give an available sporting goods department manager position that was posted to a man because she "needed a man in the job."I did not apply for the position because I understood that the store manager had already made up her mind

4

DECLARATION OF CLEO PAGE IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Case No. C-012252 MJJ

about the gender of the successful applicant. True to her word, Store Manager Seraypheap promoted a male associate, Curtis Koonce, who had been hired a year after I was in the Livermore store and who had been employed by Wal-Mart for only a few months, to the department manager of sporting goods. The sporting goods department is a large department in the store and I would have been interested in the job because it would have given me the experience that I had been told I needed to be promoted to support manager or assistant manager trainee.

11.    I also learned that Curtis Koonce earned a higher salary than I did although I had been with the company longer and had been in various supervisory positions.

12.    In October 2000, I received a written coaching from the store manager, and assistant manager Matt Mayland after I left shopping carts along the wall of my department. I was surprised by the coaching because I had seen Ms. Seraypheap the day before. She had seen the baskets and never indicated that there was a problem. During my employment at Wal-Mart, I observed that other departments had not only left baskets but also unsightly trash and I am unaware of anyone being written up in the same manner. I was also aware that the written coaching was not in compliance with Wal-Mart policy, which requires a verbal coaching prior to a written coaching. This had been my first coaching in the Livermore store.

13.    After I received the coaching, it became clear to me that, despite my repeated expressed interest in promotion and the efforts that I had made to improve my chances for promotion, I was not going to be promoted to support manager or assistant manager trainee. The store manager was making no effort to ensure that I was getting the experience that she said I needed to move up in the company. I was particularly frustrated after I was denied two support manager positions, as discussed above, that I was qualified to fill. It was also discouraging to observe that a less qualified man could be promoted to a larger department and earn more money than I although I had worked well as a customer service manager and department manager and was qualified for advancement to management. It became clear to me based on my experiences that I would never be promoted to support manager or assistant manager trainee.

14.    As a result of the coaching and my frustration and disappointment after I was denied promotions to support manager and assistant manager trainee, I resigned from Wal-Mart in November 2000.

15.    I decided to become a named plaintiff in this action because I was denied promotions to management positions I was qualified to fill and was paid a lower salary than less qualified men despite my qualifications. I also observed how women were assigned to departments that were less likely to lead to promotion while men were promoted to departments that were larger and provided them with greater opportunities for advancement within the company.  My primary goal is to make sure that Wal-Mart can no longer stop the progress of women who want to be promoted to management and that Wal-Mart's discriminatory practices be changed, to ensure fair and equitable treatment of female employees.  I understand the responsibilities of a named plaintiff and I am prepared to fulfill my duties to the women in the class.

I declare under penalty of perjury of the laws of the United States and State of _Oklahoma_ that the foregoing is true and correct.

This Declaration was signed by me on _Cleo Page  4/7_, 2003, at

10081 S Sheridan
Tulsa OK 74133

_____
Cleo Page

S:\SHARE\LEGAL\Walmart\Declarations\Cleo Page Class Cert dec.doc

6

DECLARATION OF CLEO PAGE IN SUPPORT OF                          Case No. C-012252 MJJ
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION