Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C. 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: 626.585.9600
Facsimile:  626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@hadsellstormer.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Next Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No: C 01-2252-CRB<br><br>**DECLARATION OF ALMA LUEANN STRAUSZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Alma Lueann Strausz, declare:

1. I am female and reside in Alaska. I worked for Wal-Mart at Store #1775 in Lebanon, Oregon, from in or around March 1997 through in or around December 2007, when I resigned. During that time, I worked in a store within the California Regions.

2. I believe that male Wal-Mart employees, hired after me and in the same job position as me, were paid more than I was. I was never told by management that there was something I needed to do to be paid the higher rate that these male employees were paid.

   a. My son, Jacob (Jake) Strausz, was hired at Wal-Mart approximately 1-2 years after I was. Jake told me that had been hired at around $8 per hour and after four and a half years was making over $10 per hour as a result of having received multiple merit raises. By comparison, I was hired at approximately 25 cents above minimum wage (at or around $5.75 per hour) and had prior retail experience. I remember that my first annual raise after working at Wal-Mart was just 24 cents— not even a quarter of a dollar.

   b. In Jacob's approximately four years of working at Wal-Mart, he received more than one unsolicited merit raise for doing routine work. I know this because he told me. Jake told me that his male manager Dan would go to management to ask for merit raises on behalf his male crew and the raises would be approved. By comparison, my Department Manager Cheryl, told me she had gone to management more than once to ask for merit raises on behalf of her female crew in Crafts and Fabrics (which included me) because she felt that we were going above and beyond by coming in to work at night. She told us that she had been turned down repeatedly.

c. Furthermore, my son Jake received a pay differential for working nights and I did not receive the pay differential for the approximately six months that I worked on the overnight "Modular crew" (in or around 2000).

d. In my ten years at Wal-Mart, I received only one merit raise. I received this merit raise after I had worked for Wal-Mart for several years and had asked Assistant Manager Dale for a merit raise more than once. My female co-worker, Collette, and I worked overnights and took on extra work before asking for a merit raise. One day, after Collette and I had been working on solving a problem in our department and had come up with a solution, we showed Assistant Manager Dale. He praised us and thanked us. We asked if we could have a merit raise for making this improvement to the department. We raised the fact that we had also been working overnights when needed. He said he would see what he could do. We did not receive a reply. We asked for a merit raise at least one more time before eventually receiving one.

3. There was gender segregation in department assignments. In or around 2007, when Ron stepped down from Department Manager of Hardware, I applied for that position. I had ten years experience at Wal-Mart and knew the Hardware department very well—I had worked in that department for over a year and customers came in asking specifically for my help. I was passed over for Department Manager and a man who had worked for Wal-Mart for just about two years, and in the Dairy department, was promoted to that Hardware Department Manager. This man knew nothing about Hardware—I even had to teach him how to mix paint. After he was promoted to manage Hardware, our store went from being #1 in selling paint to being empty much of the time.

Decl. of Alma Lueann Strausz in Supp. of Plaintiffs' Motion for Class Certification, Case No. C 01-2252 CRB

4.  I have personal knowledge of all of the foregoing and, if asked, could and would testify competently to all of these facts.

I declare under penalty of perjury of the laws of the United States and the State of Alaska that the foregoing is true and correct. This declaration was signed by me on April 5, 2013 at Skagway, AK.

Alma Lueann Strausz

Decl. of Alma Lueann Strausz in Supp. of Plaintiffs' Motion for Class Certification, Case No. C 01-2252 CRB