Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
  RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:    626.585.9600
Facsimile:    626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated, Plaintiff(s) v. WAL-MART STORES, INC. Defendant. | Case No. C 01-CV-2252-CRB **DECLARATION OF SUZANNE WALKER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
|---|---|

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile:  415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Suzanne Walker declare:

1. I am female and reside in Idaho. I was an employee at the Wal-Mart in Henderson, Nevada (Store # 2838) from approximately October 1998 until December 2009. Before I worked for Wal-Mart, I served in the United States Army. I served in active duty in Kuwait from 1991 to 1992 and as a member of the Reserves from 1993 until 1999. I was also attending Business Management classes at the same time that I was working at Wal-Mart and had been the manager of a number of convenience stores before starting as a Wal-Mart Cashier.

2. I really wanted to promote at Wal-Mart and sought promotion on a number of occasions. I applied for promotion to Lead Cashier three times. On at least one of these occasions, a man who had less experience than I did, and who had not worked at Wal-Mart as long as I had, was promoted instead of me. I never got the promotion to Lead Cashier and was never told why I did not get this promotion.

3. After about nine or ten months on the job, I applied for promotion to Support Manager. I applied for this position the very same day that it was listed. Another woman, Mary, who had been working at Wal-Mart for about eight years at that point, also applied the same day the position was listed. I believe that a third woman applied for the position as well but I do not remember her name. Within 48 hours after the job was posted, a male co-worker came into the break room and informed us that he had been given the promotion. I do not remember his name but he had only been at Wal-Mart for six or seven months, which was a shorter time than I had been there, and I had seen him working at a nearby gas station before he started at Wal-Mart. I was never even interviewed for the position. I was never told any reason why this man was given the promotion instead of me.

4. I repeatedly told the Store Manager and the Front End Manager, my direct supervisor, that I wanted to participate in the Assistant Manager Training program. I asked each of them separately on at least three occasions how I was supposed to apply and what I needed to do to become a part of the program. I first asked them

about this after I had been working at Wal-Mart for four or five months and I followed up with them every couple months after that. They were dismissive each time I asked about it, telling me only that they "would get back to me with the information," but they never did. Despite my requests, no one ever told me how to participate in the Assistant Manager training program. No written information was ever made available to me about admission into the program and I was unable to join the program.

5. On another occasion, about six months into my time at Wal-Mart, I asked store management if I could work in the Garden Department. My father worked in horticulture and I have extensive experience with gardening so I thought it would be a good fit. My direct supervisor, the Front End Manager, told me that there "was no room for a woman" in the Garden Department. I was never able to work in the Garden Department.

6. During my employment with Wal-Mart, I became aware that there were a number of occasions where male employees, even when they were hired after female employees and served in the same positions, were paid more than women. Wal-Mart had a policy which prohibited employees from discussing their wages with each other but many of the employees did anyway. There was a male Cashier, I can't remember his name, who started as Cashier on the same day that I did. I started out working full-time and he started working part-time. At our orientation, he told me that this was going to be a good job for him because of how much he was getting paid. He told me how much he was getting paid and it was more than I was. When I told him that was unfair, he told me he was making more than me because I was a woman and "he had parts [meaning specific body parts]" that I did not. About four months later, we compared our wages again when we received raises. He had received a raise that was about 50 cents more an hour than mine was. I went to Human Resources to complain about this, but the HR woman that I spoke with told me that she did not have any control over the amount of money people were paid.

Decl. of S. Walker in Supp. of Plaintiffs' Motion for Class Certification, Case No. CV 01-2252 CRB

She did not provide me with any help. No representative of management responded to my complaint and nothing was ever done.

7. There was supposed to be a rule that employees who worked overnight stocking the store got paid more but this was applied differently for men and women. One of my female co-workers, Jennifer, told me that even though she had started working overnight, she was not getting the extra pay she was supposed to receive. She and others told me that the men who worked that shift did get the extra pay. When I asked about working as an Overnight Stocker, one of the male Overnight Stockers told me "how do you think you will be able to pick up the things to stock, you're just a girl." I was never able to work as an Overnight Stocker.

8. Some of the departments at the Wal-Mart I worked at were segregated by gender. The Electronics, Garden, Sporting Goods, Paint, Furniture and Tire, Oil and Lube Departments had mostly men working in them and the Softlines, Infant, Clothing, Health and Beauty Departments had mostly women working in them. The Night Stockers were mostly men and the Cashiers were mostly women.

9. I have personal knowledge of all of the foregoing and, if asked, could and would testify competently to all of these facts.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. This declaration was signed by me on March 29, 2013 at Rigby, Idaho

Suzanne Walker

3