Joseph M. Sellers (Pro Hac Vice)
Christine E. Webber (Pro Hac Vice)
Jenny R. Yang (Pro Hac Vice)
Peter Romer-Friedman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, DC 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
Jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone:      626.585.9600
Facsimile:      626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@ hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA. DEBORAH GUNTER, CHRISTINE KWAPNOSKI, on behalf of themselves and all other similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Defendant. | Case No. C 01-CV-2252-CRB<br><br>**DECLARATION OF KAREN WILLIAMSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| --- | --- |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105
Telephone: 415.597-7200
Facsimile: 415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA 94105
San Francisco, CA 94105
Telephone: 415.621.0672
nfarrell@equalrighs.org

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone 510.339.1934
Facsimile: 510.339.3723
sheilayt@sbcglobal.net

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654
jlarkin@impactfund.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM 87505
Telephone: 505.983.9834
mb@thebenettfirm.us

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone: 505.982-8533
Facsimile: 505.982.6698
set@tinklernm.com

ii

I, Karen Williamson, declare:

1.    I make this statement on the basis of my personal knowledge, and, if called as a witness, could and would testify competently to the facts herein.

2.    I am 52 year old woman who worked as a sales associate in the Pleasanton, California Wal-Mart store from September 1995 until October 1999. At the time I joined Wal-Mart, I had prior experience working at Safeway as a deli clerk and for a retail establishment "Treasures and Tyme." I worked in a number of departments in the Pleasanton store including shipping and receiving, infants, boys and girls, electronics, housewares, and stationery. I did not request or apply for any of these transfers. Each time I was moved to a different department, the Store Manager merely informed me of the change.

3.    I wanted to become a department manager and possibly move on from there with a career at Wal-Mart. However, there was no formal application process to express my interest in promotion. Instead, I spoke with the Store Managers and Assistant Managers about my desire for promotion. Twice I wrote letters to Store Manager, Lou Malmborg, expressing my wish for promotion. After I sent the first letter, Store Manager Malmborg denied reading it. Store Manager Malmborg acknowledged receipt of the second letter, but brushed aside my interests, indicating that there were no openings at that time. Store Manager Malmborg never provided to me any information about the process of receiving promotions, never told me of the Management Training Program, and never indicated there were any other routes that I could follow to become a manager at Wal-Mart.

4.    Sometimes, promotional opportunities were posted but frequently the promotions were determined before there was an opportunity to even apply. For example, the Foods Department Manager position was posted; and I applied, but the very next day a male associate John Shoe was

2

DECLARATION OF KAREN WILLIAMSON IN SUPPORT                    Case No. C-012252 MJJ
OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

given the position. I was never interviewed for the position nor was I aware of anyone else being interviewed. Other times, the position was just not posted at all. For example, when the position of Department Manager for Health and Beauty Aids Department was open, it was never posted, and so I could not apply. I would have very much liked the opportunity to compete for this position, as I am a licensed cosmetologist. I applied on the computer-based system for at least one position and was told at the completion of the application process that I had met the preliminary qualifications and a manager would contact me. I was never contacted and received no follow-up as a result of this application at all.

5.      I recall a co-worker nicknamed "Jimbo" [last name unknown] was given a promotion to Sporting Goods Department Manager. I heard Assistant Manager Tim Costa tell another manager, Mike Gallardo that it was necessary to give a promotion to Jimbo, as he had just had a baby and needed the money. I never heard any similar concerns for working mothers expressed by any member of management.

6.      While I was employed at Wal-Mart, two male sales associates, Eddy Hon Ng and Reuben Rodriguez, were earning more money than I for no apparent reason other than my gender. Eddy and I were hired at or around the same time and he was paid a higher salary than I, although I had prior experience in retail and in the grocery industry. Reuben Rodriguez earned a higher salary than I, although he was hired months after I had been hired and at one point left the company for a period of time. When he returned, he earned a higher salary as a sales associate despite the fact that I had been an employee of Wal-Mart continuously and for a longer period of time.

7.      I found that the Open Door did not work and resulted in retaliation. I used the Open Door and spoke to Assistant Manager Chuck and on another occasion to Store Manager Lou Malmborg about the demeaning manner in which Assistant Manager Deborah spoke to me and

3

DECLARATION OF KAREN WILLIAMSON IN SUPPORT                                    Case No. C-012252 MJJ
OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

others.  I understood that my concern would be held in confidence but I do not believe it was.  Very soon after speaking with the managers, Deborah began treating me much worse, and soon thereafter gave me written discipline.  I also tried using the Open Door without any success by contacting the District Manager after I was terminated.  I drove to the offices of District Manager John Scantlin and left a note for him, and, receiving no response, telephoned him two or three times.  Wal-Mart's Sundown Rule, about which all employees are trained from their first day, requires that all phone calls from employees or customers be returned on the same day before sundown.  After a delay of perhaps three weeks, District Manager Scantlin finally returned my call and said he would look into the circumstances of which I complained.  I never heard from him again.

8.    If I could be  confident that I would not face gender discrimination, I would be interested in applying for management training at Wal-Mart.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 4-3-2003 , 2003, at Oroville CA.  .

Karen Williamson