Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C. 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
jyang@cohenmilstein.com
promerfriedman@cohenmilstein.com

Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: 626.585.9600
Facsimile: 626.577.7079
rrr@hadsellstormer.com
arichardson@hadsellstormer.com
cdai@hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No: C 01-2252-CRB<br><br>**DECLARATION OF JANICE ALLAIRE WOLSLEGER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

i

Steven L. Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA  94105
Telephone:  415.597-7200
Facsimile:  415.597-7201
stemdcb@aol.com
elawrence@dcbsf.com

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA  94710
Telephone:  510.845.3473
Facsimile:  510.845.3654
jlarkin@impactfund.org

Noreen Farrell (SBN 191600)
Jennifer Reisch (SBN 223671)
EQUAL RIGHTS ADVOCATES
180 Howard Street, CA  94105
San Francisco, CA  94105
Telephone:  415.621.0672
nfarrell@equalrighs.org

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM  87505
Telephone:  505.983.9834
mb@thebenettfirm.us

Sheila Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Ave
Oakland, CA 94618
Telephone  510.339.1934
Facsimile:  510.339.3723
sheilayt@sbcglobal.net

Steven Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM  87501
Telephone:  505.982-8533
Facsimile:  505.982.6698
set@tinklernm.com

ii

I, Janice Allaire Wolsleger, declare:

1.     I am female and reside in Utah. I was an employee at Wal-Mart from 1996 to 2001. I worked in a few stores during my time with Wal-Mart. I first worked in Store 2511 and the last store I worked in was Store 1439.

2.     Wal-Mart first hired me as Department Manager of Fabrics. I did not have to work my way up from Sales Associate because I had quite a few years experience already since I had owned my own fabric store. I was in this position for about two years before I joined the traveling team where I was away from my home store for 9 months out of the year. I sought further promotion, and was eventually accepted into the Manager in Training Program and then became Assistant Manager.

3.     During my employment with Wal-Mart, I became aware that male employees hired after me and in the same job position as me were paid more than I was. No one in management told me that there was something I needed to do to be paid the higher rate as these male employees.

a.     While I was Assistant Manager, two male Assistant Managers were hired off of the street. Neither of these men had any retail experience. One was named Dan Behymer and the other Assistant Manager's name was Troy. They were both in Store #1439 with me in St. George, UT. These two Assistant Managers separately stated to me that I was "getting screwed" with my wages. I do not know how they found out that I was getting paid less than them, but they both knew and wanted me to know that "it wasn't right." Wal-Mart had a policy that prohibited employees from discussing their wages. Because of this, I was worried that the male Assistant Managers and I would be disciplined if I revealed that I had learned that the male employees were being paid more than me.

b.     Dan Behymer told me that his starting salary in the management training program was $42,500 before he completed the training program. I was paid $27,500 before I completed the training program. After I completed the program and became an Assistant Manager, my salary was bumped up to $29,000. Another

ecl. of J. Wolsleger in Supp. of Plaintiffs' Motion for Class Certification, Case No. CV 01-2252 CRB

Assistant Manager, Troy, made $50,000. I was an Assistant Manager at that same store and was paid just $29,000. I only knew Dan and Mike's salaries because they somehow found out how much I was getting paid and wanted to tell me that "I was being screwed."

c.    When I found out that these other Assistant Managers with no retail experience made more than me, I quit. Sean Evans, the District Manager at the time, eventually asked me to come back at $36,000—still a significantly lower salary than those male Assistant Managers that were hired after me with no retail experience.

4.    There was gender segregation in department assignments. I observed that only female employees were assigned to work in the beauty, cosmetics and housewares departments. I also noticed that there were rarely any female employees in the departments that sold guns, hardware, and tires.

5.    I have personal knowledge of all of the foregoing and, if asked, could and would testify competently to all of these facts.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. This declaration was signed by me on ~~March~~ April 10, 2013 at Hurricane, Utah.

Janice Allaire Wolsleger