Randy Renick [SBN 179652]
Anne Richardson [SBN 151541]
Cornelia Dai [SBN 207435]
HADSELL STORMER
   RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone:  626.585.9600
Facsimile:   626.577.7079
rrr@hadsellstormer.com

Joseph M. Sellers (pro hac vice)
Christine E. Webber (pro hac vice)
Jenny R. Yang (pro hac vice)
Peter Romer-Friedman (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
West Tower, Suite 500
1100 New York Avenue
Washington, D.C.  20005
Telephone:  202.408.4600
Facsimile:  202.408.4699
jsellers@cohenmilstein.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER and CHRISTINE KWAPNOSKI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | Case No:  C 01-2252-CRB <br><br> **PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Jocelyn D. Larkin (SBN 110817)
THE IMPACT FUND
125 University Avenue
Berkeley, CA  94710
Telephone:   510.845.3473
Facsimile:    510.845.3654
JLarkin@impactfund.org

Noreen Farrell
EQUAL RIGHTS ADVOCATES
180 Howard Street, Suite 300
San Francisco, CA  94105
Telephone:  415.621.0672
NFarrell@equalrights.org

Sheila Y. Thomas (SBN 161403)
Law Office of Sheila Thomas
5260 Proctor Avenue
Oakland, CA  94618
Telephone:   510.339.3739
sheilayt@sbcglobal.net

Steven Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA  94105
Telephone: 415.597.7200
stemdcb@aol.com
elawrence@dcbsf.com

Merit Bennett
THE BENNETT FIRM
460 St. Michaels Drive, Suite 703
Santa Fe, NM  87505
Telephone:   505.983.9834
MB@thebennettfirm.us

Stephen Tinkler
THE TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501
Telephone:   505.982.8533
set@tinklernm.com

*Attorneys for Plaintiffs*

This Court heard Plaintiffs' Motion for Class Certification on July 9, 2013.  Joseph Sellers argued for the Plaintiffs; Theodore Boutrous argued for the Defendant.  Having conducted a rigorous analysis of the evidence submitted by both sides, the Court finds as follows:

1.      The proposed classes are so numerous that joinder is impracticable.

2.      There are numerous significant issues of fact and law common to the classes.

3.      The claims of the named Plaintiffs are typical of those of the proposed classes.

4.      Named Plaintiffs Betty Dukes, Patricia Surgeson, Edith Arana, Deborah Gunter and Christine Kwapnoski are adequate class representatives.

6.      Certification of the Classes (liability, back pay, and punitive damages) under Fed. R. Civ. P. 23(b)(3) is appropriate because common questions predominate over individual questions and class treatment is the superior method of resolving these claims.      .

7.      Cohen Milstein Sellers & Toll PLLC, Hadsell, Stormer, Richardson & Renick LLP, Impact Fund, Davis, Cowell & Bowe LLP, The Bennett Firm, The Tinkler Law Firm, Sheila Thomas, and Equal Rights Advocates will fairly and adequately represent the interests of the class.

Accordingly, the Court orders as follows:

The proposed classes are certified under 23(b)(3) and the classes are defined as:

**Region 16 Class:**

All women employed at any retail store in Wal-Mart Region 16 at any time from December 26, 1998 to December 31, 2002, who were subject to:  a) the compensation system for hourly retail sales positions; b) the compensation system for salaried management positions up to and including Co-Manager; and c) the promotion system into Management Trainee/Assistant Manager and Support Manager/Area Manager.  The class does not include Store Managers or Pharmacists.

**Region 19 Class :**

All women employed at any retail store in Wal-Mart Region 19 at any time from December 26, 1998 to December 31, 2002, who were subject to:  a) the compensation system for hourly retail sales positions; b) the compensation system for salaried management positions up to and including Co-Manager; and c) the promotion system into Management Trainee/Assistant Manager and Support Manager/Area Manager.  The class does not include Store Managers or Pharmacists.

**Region 18E Class:**

All women employed at any retail store in Sam's Club Region 18E at any time from December 26, 1998 to December 31, 2002, who were subject to: a) the compensation system for hourly retail sales positions; b) the compensation system for salaried management positions up to and including Co-Manager; and c) the promotion system into Management Trainee/Assistant Manager and Support Manager/Area Manager. The class does not include Store Managers or Pharmacists.

The class claims, issues and defenses are those relating to Defendant's liability and, if appropriate, monetary relief (back pay and punitive damages) for Plaintiffs and the classes.

Named Plaintiffs Edith Arana and Deborah Gunter are appointed as the class representative for the Region 16 class, Betty Dukes and Patricia Surgeson as the representatives for the Region 19 class, and Christine Kwapnoski as the class representative for the Region 18E class.

Cohen Milstein Sellers & Toll PLLC, Hadsell, Stormer, Richardson & Renick LLP, Impact Fund, Davis, Cowell & Bowe LLP, The Bennett Firm, The Tinkler Law Firm, Sheila Thomas, and Equal Rights Advocates are appointed as counsel to the classes defined above pursuant to Fed. R. Civ. Pro. 23(g).

Class members will be afforded the opportunity to opt out of the class. The parties are ordered to provide the Court with a plan for class notice and opt-out within thirty days.

The tentative trial plan, subject to modification as the case progresses, is as follows:

STAGE 1 (Part One):

The jury decides:

- Whether Wal-Mart has engaged in a pattern or practice of discrimination;

- Whether Wal-Mart's conduct meets the standard for an award of punitive damages;

- Whether Wal-Mart is liable to the named Plaintiffs for gender discrimination.

The Court decides:

- Whether Wal-Mart's employment practices have had an adverse impact on the class (prima facie case of disparate impact).

STAGE 1 (Part Two):

The Court would decide:

- Whether Wal-Mart's employment practices were justified by business necessity and if so, whether there was a less discriminatory alternative;

STAGE 2:

- Determine back pay for eligible class members and adjudicate any individual defenses asserted;

- If liable for punitive damages, the aggregate amount of punitive damages owed to the class and the share of those damages owed to each class member.

.

**IT IS SO ORDERED.**

Dated: _____                      _____

Hon. Charles R. Breyer
United States District Judge

CASE NO. C 01-2252-CRB –Proposed Order Granting Motion for Class Certification