UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　Defendant. | Case No. 01-cv-02252-CRB   (JSC)<br><br>**ORDER RE: DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 1018 |

Following the United States Supreme Court's reversal of the class certification order in this case, and the district court's subsequent denial of the plaintiffs' motion to certify a narrower class, counsel for the putative class filed employment discrimination charges with the EEOC on behalf of 1,931 individuals ("the charging parties"). The charging parties now move this Court to modify the protective order in this case to allow them to provide documents and information protected by that order to be submitted to the EEOC. After carefully considering the charging parties' request, and having had the benefit of oral argument on August 7, 2014, the Court DENIES the request.

## BACKGROUND

In response to the charges filed with the EEOC by certain members of former *Dukes v. WalMart* class, the EEOC sent a form letter to each charging party asking for the following:

> The Commission seeks comparative information about your allegation(s). The questionnaire asks you to provide very specific, detailed information. Only mark the box which pertains to your allegation(s). For instance, if you are alleging you are/were paid less than a male, state when you became aware you were paid less, how you came to know this information, his name, position title, rate of pay, date of hire, and relevant experience. If you are alleging you were denied a promotion, provide the position title, when and how you applied and the name of the male selected, to include his date of hire, positions previously held and work experience. The same information is requested for training as well. In each instance

> documented, please include the name, sex and position title of the person who made the decision with regards to your pay, training, or promotion. If you ever questioned why you were not paid, promoted or trained in the same manner as a male, state the date, who you spoke with, his/her position title and response provided.

(Dkt. No. 1020-1.)

The charging parties contend that they cannot answer the EEOC's questions because Wal-Mart discouraged employees from sharing pay rates, and even when they know the name of a comparator they usually only know, or remember, a first name. Much of this information, however, was produced in this case pursuant to a protective order. As the protective order prohibits the receiving party from using any of the information produced under the order for any purpose other than the prosecution of *Dukes v. Wal-Mart* (Dkt. No. 35 ¶ 2), the charging parties seek to modify the protective order to allow their counsel to determine which previously produced documents/information are relevant to which charging parties, and produce such documents/information to the EEOC for each relevant charging party. Wal-Mart opposes the request.

**DISCUSSION**

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131-32.

The modification of a protective order to permit the protected materials to be discoverable in a different action follows three steps. "As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* at 1132. "Such relevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id*. (internal quotation marks and citation omitted). Next, the litigant must establish that "the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* "The

court that issued the [protective] order is in the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery." *Id.* Finally, [e]ven if the issuing court modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials. . . . [O]nce the district court has modified its protective order, it must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits." *Id.* at 1133. "The disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts." *Id.*

Here, the charging parties cannot satisfy the first step: "the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings *and its general discoverability therein.*" *Id.* at 1132 (emphasis added). Charging parties do not have the right to obtain discovery of employers in the EEOC proceedings. For the same reason the second step is not met: since there is no discovery in the EEOC proceeding there is no danger of duplicative discovery. Finally, and most significantly, there is no judge overseeing the "collateral litigation" to resolve disputes regarding discoverability. As the charging parties noted at the hearing, they and Wal-Mart may have very different views on who is a relevant comparator for any particular charging party, but there is no judge overseeing the EEOC proceeding to resolve such a dispute. It is thus unsurprising that the charging parties are unable to cite any case permitting the use of confidential discovery from one case in an EEOC proceeding. Accordingly, the motion is DENIED.

This Order disposes of Docket No. 1018.

**IT IS SO ORDERED.**

Dated: August 7, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3