**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  BETTY DUKES, PATRICIA SURGESON,          No. 3:01-cv-2252-CRB
    EDITH ARANA, DEBORAH GUNTER, and
12  CHRISTINE KWAPNOSKI,                     **ORDER RE ADMINISTRATIVE**
                                             **MOTIONS TO SEAL**
13              Plaintiffs,

14      v.

15  WAL-MART STORES, INC.,

16              Defendant.
    _____/
17

18          Now before the Court are a series of administrative motions to file countless

19  documents under seal in connection with Wal-Mart's four pending motions for summary

20  judgment.  In the context of dispositive motions, as here, the Court starts with "a strong

21  presumption in favor of access to court records."  See Foltz v. State Farm Mutual Auto.

22  Insurance Company, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v. Tragesser, 49

23  F.3d 1430, 143 (9th Cir.1995) (recognizing strong presumption in context of civil trial)).  In

24  other words, "to retain any protected status for documents attached to a summary judgment

25  motion, the proponent must meet the 'compelling reasons' standard and not the lesser 'good

26  cause' determination."  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1177 (9th

27  Cir. 2006) (quoting Foltz, 331 F.3d at 1135).  "The common law right of access, however, is

28  not absolute and can be overridden given sufficiently compelling reasons for doing so."

United States District Court
For the Northern District of California

1   <u>Foltz</u>, 331 F.3d at 1135 (citing <u>San Jose Mercury News, Inc. v. United States District Court–</u>

2   <u>Northern District (San Jose)</u>, 187 F.3d 1096, 1102 (9th Cir. 1999)).  In making the

3   determination whether to grant a motion to file under seal, "courts should consider all

4   relevant factors, including the public interest in understanding the judicial process and

5   whether disclosure of the material could result in improper use of the material for scandalous

6   or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors

7   into consideration, the district court must base its decision on a compelling reason and

8   articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  <u>Id.</u>

9   (quoting <u>Hagestad</u>, 49 F.3d at 1434).  This determination involves "balanc[ing] the

10  competing interests of the public and the party seeking to seal judicial records."  <u>In re</u>

11  <u>Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.</u>, 686 F.3d 1115, 1119 (9th Cir.

12  2012) (citing <u>Kamakana</u>, 447 F.3d at 1179).  "A 'good cause' showing will not, without

13  more, satisfy a 'compelling reasons' test."  <u>Kamakana</u>, 447 F.3d at 1180.  The Ninth Circuit

14  has explained that "compelling reasons" that justify sealing court records generally exist

15  "when such 'court files might have become a vehicle for improper purposes,' such as the use

16  of records to gratify private spite, promote public scandal, circulate libelous statements, or

17  release trade secrets."  <u>Id.</u> at 1179 (quoting <u>Nixon v. Warner Communications</u>, 435 U.S. 589,

18  598 (1978)).  "The mere fact that the production of records may lead to a litigant's

19  embarrassment, incrimination, or exposure to further litigation will not, without more,

20  compel the court to seal its records."  <u>Id.</u> (citing <u>Foltz</u>, 331 F.3d at 1136).

21      Turning to the motions at hand: Docket 1122 is Wal-Mart's administrative motion to

22  seal certain documents it wishes to file in connection with its replies in support of its motions

23  for partial summary judgment.  Docket 1070 is Wal-Mart's administrative motion to seal

24  certain documents it wishes to file in connection with its motion for partial summary

25  judgment against Surgeson, Arana, and Gunter.  Docket 1067 is Wal-Mart's administrative

26  motion to seal certain documents it wishes to file in connection with its various motions for

27  partial summary judgment.  Dockets 1113, 1085, and 1077 are Plaintiffs' administrative

28  motion to seal certain documents they wish to file in connection with their Oppositions to

2

United States District Court
For the Northern District of California

1    Wal-Mart's motions for partial summary judgment against Surgeson, Arana, and Gunter,

2    against Dukes, and against Kwapnoski, respectively.  In each motion, Plaintiffs seek to seal

3    two groups of documents: those that have been designated as confidential by Wal-Mart

4    pursuant to a stipulated protective order, and those that Plaintiffs consider to contain

5    confidential personal information, including personnel information.  Puzzlingly, both parties

6    attempt to justify the sealing of these documents, at most, under the "good cause" standard

7    that governs the sealing of documents attached to a non-dispositive motion, rather than the

8    higher "compelling reasons" standard that governs documents attached to a dispositive

9    motion.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178–80 (9th Cir.

10   2006).

11          In light of the legal standards discussed above, parties are to do the following with

12   respect to these motions to seal.  To the extent that any party moved to file under seal

13   personal employment information such as disciplinary history, formal or informal

14   evaluations, wages, promotions, proffered explanations for pay discrepancies, etc., in any

15   form, for the employees who are parties to this case, that request concerns matters at the heart

16   of this litigation and is DENIED.  All such information is ordered to be filed in the public

17   record, with the exception of contact information and social securities numbers of anyone

18   (i.e. information protected by Federal Rule of Civil Procedure 5.2(a)), which may be

19   redacted.  The request to file under seal personal employment information of any non-party

20   to this litigation is GRANTED.  See Cowan v. GE Capital Retail Bank, No.

21   13-CV-03935-BLF, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (ordering the sealing

22   of performance evaluations for two of the Defendant's non-party employees).  Redacted

23   portions are to be parsed as narrowly as possible to comply strictly with these guidelines.

24   When in doubt, the information is to be filed publicly.

25          Parties are to follow these same standards with respect to the redacted portions of their

26   briefs.  By way of example, Plaintiffs' brief in opposition to Wal-Mart's motion for summary

27   judgment against Surgeson, Arana, and Gunter, at issue in the motion to seal at docket 1113,

28   is to be redacted as follows.  Plaintiffs may file UNDER SEAL 10:21-22 (first selected

clause); 12:27-28 (redact names only); 13:2-28; 14:1; 14:15-15:2 (information about non-party employee only); 15:16-17, 22-24, 28; 16:1, 5, 10-11, 20-22, 28; 17:1; 18:3-15; 19:8; 21:13; 22:4-6; 26:21; 29:22-24; 33:28; 34:1; 36:22, 27; 37:1-2; 38:8-9; 39:4-5, 27-28; 40:19-22 (redact names only); 40:23-28; 41:1-17, 26; 44:18-21; 45:25; 46:1-4.  Plaintiffs are to FILE PUBLICLY 3:19-20; 10:22-23 (second selected clause); 8:14-15; 11:26-27; 12:13-26; 16:17; 20:15-22, 25-28; 21:16-17, 21-23; 30:2-4; 32:12-20; 40:6-19; 41:22-24; 42:1-9.

With respect to information that Wal-Mart seeks to seal on the grounds that it is "commercial information," Wal-Mart is directed to file with the Court a supplemental declaration identifying a narrowly-tailored list of exhibits it alleges are sealable on those grounds, why, and where in the record those exhibits may be found (copies of the exhibits need not be re-filed).  Before doing so, Wal-Mart is directed to revisit the compelling reasons standard, as opposed to the good cause standard, that governs in the context of dispositive motions.  Documents or portions thereof that merely contain generalized descriptions of markets, business challenges, employee roles, and the like will not qualify and should not be listed—rather, Wal-Mart must identify only those trade secrets or other highly sensitive information, strictly understood, that complies with the "compelling reasons" standard.  The supplemental declaration should include a narrowly tailored proposed sealing order as required by Rule 79-5(d).  Any material regarding "commercial information" that is not identified in Wal-Mart's supplemental declaration, or that is not supported by specific "compelling reasons" for seal, will be ordered filed in the public record.

All filings ordered in connection with this motion must be complete no later than June 17, 2015.

**IT IS SO ORDERED.**

Dated:  June 5, 2015

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE