IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, PATRICIA SURGESON, EDITH ARANA, DEBORAH GUNTER, and CHRISTINE KWAPNOSKI,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | No. 3:01-cv-02252-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WAL-MART'S MOTIONS FOR SUMMARY JUDGMENT** |

In four separate motions,[1] Wal-Mart requested summary judgment on all causes of action asserted by all five Plaintiffs that remain at issue in the Fourth Amended Complaint (4AC). The Court ruled on all except one subpart of Wal-Mart's motions in a substantive hearing on June 5, 2015, at which both parties presented argument. As stated at the hearing, the Court adjudicated the motions at follows: GRANTED summary judgment on all of Patricia Surgeson's, Edith Arana's, and Deborah Gunter's allegations that occurred before December 26, 1998; GRANTED summary judgment on all Plaintiffs' first claim for relief; GRANTED summary judgment on Surgeson's retaliation claims; GRANTED summary

---

[1] See Motion for Partial Summary Judgment on All Plaintiffs' First Claim for Relief and Prayer for Punitive Damages (dkt. 1057); Motion for Partial Summary Judgment Against Plaintiff Christine Kwapnoski on Her Second Claim for Relief (dkt. 1060); Motion for Partial Summary Judgment Against Plaintiff Betty Dukes on Her Second and Third Claims for Relief (dkt. 1062); Motion for Partial Summary Judgment Against Plaintiffs Patricia Surgeson, Edith Arana, and Deborah Gunter on their Second Claim for Relief (dkt. 1072).

judgement on Arana's pay discrimination claims; GRANTED summary judgment on Gunter's hostile work environment claims; TOOK UNDER SUBMISSION Gunter's pay discrimination claims; and DENIED summary judgment on all other claims.

Here, the Court writes separately only to GRANT summary judgment on Gunter's pay discrimination claim and to supplement the reasoning stated in open court with respect to the claims on which the Court granted summary judgment.

**I.   DISCUSSION**

**A.   Administrative Exhaustion**

The Court GRANTED summary judgment on Surgeson's, Arana's, and Gunter's allegations that occurred before December 26, 1998 because these claims are untimely. Each Plaintiff filed one or more individual Equal Employment Opportunity Commission ("EEOC") charges but presses claims that fall both inside and outside the time range of those charges. Plaintiffs seek to escape the claim-precluding effect of their failure to exhaust administrative remedies by arguing that they can "piggyback"[2] on the EEOC charge filed by a former named plaintiff in this action, Stephanie Odle. "Under [the "single filing" or "coattailing"] doctrines, 'so long as one plaintiff timely files an administrative complaint, a class of similarly-situated plaintiffs may 'piggyback' on that complaint, thereby satisfying the exhaustion requirement.'" Dukes v. Wal-Mart Stores, Inc., No. c-01-2252-CRB, 2012 WL 4329009, at *8 (Sept. 21, 2012) (dkt. 812) ("2012 Order") (quoting Harris v. Cty. of Orange, 682 F.3d 1126, 1136 (9th Cir. 2012)).

Here, Wal-Mart sought summary judgment on all claims that fell outside the relevant exhaustion time period of each Plaintiff's individual EEOC charge. The Court declined to do so. Twice already in the life of this case, this Court held that the named Plaintiffs' claims were administratively exhausted. In a 2002 Order granting Plaintiffs' motion for leave to amend, Judge Jenkins held that the "single filing" or "piggybacking" rule allowed non-exhausting named class members Gunter and Karen Williamson to rely on the administrative

---

[2] As necessitated by the case law doing the same, the Court alternately refers to "piggybacking," "coattailing," or the "single filing rule."

2

charge filed by Odle, a class member who was a former class representative. Dukes v. Wal-Mart Stores, Inc., No. c-01-2252-MJJ, 2002 WL 32769185 (N.D. Cal. Sept. 9, 2002) (dkt. 81) ("2002 Order"). As Judge Jenkins explained, the "primary issue . . . is whether Wal-Mart received adequate notice of the 'substantive claims being brought against them [and] of the number and generic identities of the potential plaintiffs who may participate in the judgment." Id. at *8 (quoting American Pipe & Const. Co. v. Utah, 414 U.S. 538, 555 (1974)). Indeed, "notice to the defendant-employee is one of the primary purposes behind the charge-filing requirements of Title VII." Id. (citing Laffey v. Northwest Airlines, Inc., 567 F.2d 429 (D.C. Cir. 1976)). Odle's charges of October 22, 1999, and April 3, 2000, allege that Wal-Mart engaged in "a pattern and practice of discrimination toward females in management positions" and that "[t]he 'glass ceiling' has been the common experience of all women throughout Wal-Mart who want to apply to advance within management, due to Wal-Mart's longstanding practice of not treating women equally . . . ." Id. (quoting Third Amended Complaint ¶¶ 97–100). To Judge Jenkins, then, it was "clear from the factual record that Wal-Mart was put on notice regarding allegations of institutionalized discrimination against women as early as October 1999 and as late as April 2000 through Odle's EEOC charges, and definitely by July 8, 2001, when this action was filed." Id.

In these circumstances, Judge Jenkins explained, "Wal-Mart's argument[] that it would be prejudiced by allowing Gunter and Williamson to rely on Odle's administrative charges[] rings hollow" in light of case law that the key question is whether "defendants have the essential information necessary to determine the subject matter and size of the prospective litigation." Id. at *8–*9 (citing Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 353 (1983)). "When the First Amended Complaint was filed, the 300 day statute of limitations period was tolled as to all class members who had a claim falling within Odle's October 1999 charge." Id. at *9. Odle's dismissal for improper venue could no more negate the notice that her charge provided Wal-Mart than one could "unring a rung bell." Id. and n.6. In sum, Judge Jenkins concluded that "Wal-Mart received notice of the nature of the suit and of the number of potential plaintiffs with the filing of [Odle's] charges and the First

3

1 Amended Complaint in July of 2001," such that "the statute of limitations was tolled as to all
2 class members with that filing. This Court's later dismissal of Odle for improper venue does
3 not vitiate the notice occasioned by her charges." Id.

4       Wal-Mart reiterated its argument in 2012 following class decertification, and this
5 Court largely reiterated Judge Jenkins' reasoning. See 2012 Order. In a decision denying
6 Wal-Mart's motion to dismiss the 4AC, this Court rejected Wal-Mart's arguments that class
7 members could no longer benefit from the "coattailing" doctrine following class
8 decertification and/or following Odle's filing of a separate gender discrimination case against
9 Wal-Mart in Texas. Id. at *8–*9. This Court explained that it "need not express any view on
10 the propriety of coattailing in a second action filed on the heels of the dismissal of a rejected
11 class suit, because this is not such a case." Id. at *8 (internal citation omitted). Having
12 rejected Wal-Mart's "characterization of the 4AC as a new action distinct from the action
13 Odle initially filed," this Court explained that "Odle's decision to bring a separate action no
14 more unrung the notice bell or made conciliation more likely in this 2001 suit than did her
15 dismissal from the position of named Plaintiff." Id. at *9. Thus, "this Court already [having]
16 ruled that the putative class members of the originally proposed class were entitled to coattail
17 on Odle's charge, [] the subset of them that continue in this action may still rely on that
18 ruling." Id.

19       In the time since that opinion, this Court denied the motion for certification of the
20 California regional class, leaving these five named representatives to allege the claims of the
21 4AC on an individual basis. Now, in the context of moving for summary judgment, Wal-
22 Mart yet again argues that these Plaintiffs cannot rely on Odle's EEOC charge and instead
23 are limited to claims that fall within the time frames of their own EEOC charges, focusing
24 this time on the fact that each of these Plaintiffs filed her own EEOC charges.

25       In its 2012 Order, this Court characterized the 2002 Order as having held that "absent
26 class members and other named plaintiffs who had not filed individual administrative
27 complaints could rely on the timely charge filed by Odle." 2012 Order at *9. This Court
28 then added that "the subset of [plaintiffs] that continue in this action may still rely on that

4

ruling," without addressing whether the then-class status or individual EEOC charges filed by some named plaintiffs after Judge Jenkins's 2002 ruling affected that holding. See id.

But this Court's 2012 Order emphasized that the 4AC is part of the same action as the one Odle initially filed. In other words, this is not a separate action in which five co-Plaintiffs jointly bring individual claims, but rather is the continuation of a long-lived case in which Wal-Mart can hardly claim lack of notice. See Harris, 682 F.3d at 1136–37 (citing this Court's 2002 Order for the proposition that Inda v. United Air Lines, Inc., 565 F.2d 554 (9th Cir. 1977), "should be limited to its specific facts—'where a plaintiff sought to rely on an administrative charge [i.e. complaint] of an individual employee in a separate action'"). This Court already held that Odle's EEOC charge gave Wal-Mart "notice of the nature of the suit and of the number of potential plaintiffs," which encompasses the named Plaintiffs—and neither class decertification nor the Plaintiffs' individual charges "vitiate the notice occasioned by [Odle's] charges" any more than Odle's dismissal for improper venue or her filing of an individual action did. See 2002 Order at *9; 2012 Order at *9. The Court need not decide what would happen if this were a new case in which these five Plaintiffs were seeking to press unexhausted claims based on the EEOC charge of an absent Stephanie Odle. See 2012 Order at *8. These named Plaintiffs were already encompassed within the scope of both Odle's class-based notice and this Court's previous rulings. They are not attempting to add new claims at a late stage of litigation, but rather simply to litigate the same claims that have been years in the making. Nor can it be said that these Plaintiffs abandoned their individual administrative complaints, a concern that was "critical" to the assessment of those courts that have determined that the "piggybacking" rule does not apply to plaintiffs who file their own EEOC charges. See Ellis v. Costco Wholesale Corp., No. c-04-3341-EMC, 2015 WL 2453158, at *2–*3 (N.D. Cal. May 22, 2015) (distinguishing cases on these grounds to hold that plaintiff could piggyback on the claim of another named plaintiff despite having filed her own EEOC charge). Ultimately, "[t]he piggyback rule exists to excuse the exhaustion requirement where, as here, there is little risk of unfair prejudice to Defendant[]." See EEOC v. NCL America, Inc., 504 F. Supp. 2d 1008, 1013 (D. Haw. 2007). Accordingly,

5

1 the Court determined in the context of Wal-Mart's instant motions that these Plaintiffs'
2 claims can continue to relate back to Odle's initial EEOC charge.

3 However, the Court agreed with Wal-Mart that these Plaintiffs' pre-December 26,
4 1998 allegations fall outside the 300-day range of Odle's October 22, 1999 EEOC charge,
5 and therefore are time barred. Plaintiffs do not appear to challenge this point, and might
6 even concede it. See Opp'n re Surgeson, Arana, and Gunter (dkt. 1109) at 46 ("Each of the
7 Plaintiffs are entitled to pursue their gender discrimination claims for a period going back to
8 300 days prior to the filing of Odle's charge."). Accordingly, the Court GRANTED
9 summary judgment as to Surgeson's, Arana's, and Gunter's allegations that occurred before
10 December 26, 1998.

### B. First Claim for Relief

12 Wal-Mart moved for summary judgment on all Plaintiffs' first claim for relief. All
13 parties now agree that Plaintiffs are not pursuing the first cause of action, which relates to
14 class action claims. See Opp'n re First Claim and Punitive Damages (dkt. 1075) at 1.
15 Plaintiffs explained that they did not dismiss the first cause of action from the 4AC because
16 Plaintiffs contemplate the possibility of an appeal addressing the denial of class certification
17 at the conclusion of litigation on their individual claims for relief. Accordingly, the Court
18 GRANTED summary judgment on the first claim for relief.

### C. Surgeson's Retaliation Claim

20 The Court GRANTED summary judgment on Surgeson's retaliation claims, to the
21 unclear extent she even alleged any, for several reasons. Most importantly, nothing in the
22 4AC alleges retaliation with respect to Surgeson within the operative time period. See 4AC
23 ¶¶ 102–09. The only conceivable claim of retaliation contained in the complaint is that
24 Surgeson was transferred to the Health and Beauty Aids department after reporting sexual
25 harassment. See 4AC ¶ 103. But this claim is time-barred, even allowing Surgeson to
26 "coattail" on Odle's EEOC charge. Surgeson also stated in her deposition that she was
27 denied a merit pay increase shortly after complaining to Assistant Manager Adam Kinglsey
28 about Store Manager Marvin Raps. See Surgeson Dep. I 238:9–241:18. But this claim does

1   not appear in the 4AC, and thus is not within the proper scope of claims for trial. Cf.
2   Gunchick v. Fed. Ins. Co., No. cv-14-1162-RSWL (PJWX), 2015 WL 1781404, at *4 (C.D.
3   Cal. Apr. 20, 2015) ("While it is true that Plaintiff's evidence presented at trial must be
4   limited to the claims and issues raised in his operative complaint, that does not mean that
5   Plaintiff's evidence must have been wholly covered by the complaint. Defendant's Motion
6   No. 4 is excessively broad in attempting to preclude evidence and not simply new claims.").
7   Moreover, Surgeson did not allege retaliation in her EEOC complaint even under the most
8   liberal reading, and thus did not administratively exhaust her claim. See 4AC at Ex. 4.
9   Finally, Surgeson did not respond to Wal-Mart's motion for summary judgment on any
10  retaliation claims, and thus can be deemed to have waived any objections. See Samica
11  Enters. LLC v. Mail Boxes Etc., Inc., 460 F. App'x 664, 666 (9th Cir. 2011).

### D. Arana's Pay Discrimination Claim

This Court agreed with Wal-Mart that no evidence demonstrates that Arana suffered from pay discrimination and accordingly GRANTED Wal-Mart's request for summary judgement as to that claim, though it is unclear whether Arana is even alleging pay discrimination. Neither Arana's allegations in the 4AC nor in her EEOC charge allege pay discrepancies between Arana and her male peers. See 4AC ¶¶ 134–42 and Ex. 9.

### E. Arana's Race Discrimination Claim

This Court also GRANTED Wal-Mart's request for summary judgment as to Arana's claims of race discrimination (as opposed to gender discrimination), again because no evidence supports race discrimination and it is not clear that Arana is even alleging that it occurred. The only reference in the 4AC to Arana having suffered race discrimination is that on one occasion, a Store Manager told Arana that there was no place for "people like her" in the Manager in Training program "and confirmed that he was referring to her gender and race." 4AC ¶ 136. Arana's EEOC claim also makes a passing reference to Arana believing she was denied promotions because of her sex and race. See id. at Ex. 9. But Arana joins only the second claim for relief in the 4AC, a gender discrimination claim. Id. ¶¶ 153–56. Only the third claim for relief in the 4AC alleges race discrimination, and by its terms that

United States District Court
For the Northern District of California

"claim for relief is brought on behalf of Plaintiff Dukes only." Id. ¶ 158. Arana put forth no evidence of race discrimination at the summary judgment stage, nor answered Wal-Mart's request for summary judgment on this front.

### F. Plaintiff Deborah Gunter's Pay Discrimination Claim

After taking the matter under submission at the hearing, the Court now GRANTS summary judgment on Gunter's pay discrimination claims. Gunter's prima facie burden requires that she identify male "comparators" who were "similarly situated" to her "in all material respects" and yet were paid more. See, e.g., Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156–57 (9th Cir. 2010) (citations omitted). "Materiality will depend on context and the facts of the case." Id. at 1157.

Gunter does provide a list of comparators that she alleges is sufficient to meet her burden. See Opp'n at 39–42. But those comparators are not adequate to make out a prima facie case, for two reasons. First, to the extent that Gunter identifies comparators who have significantly longer tenures than she, those comparators are not "similarly situated" to her under the facts of this case. Plaintiff Betty Dukes presumably agrees: in the context of opposing summary judgment on her own pay discrimination claims, Dukes urged this Court (successfully, as the Court denied summary judgment) to look only to males with similar tenure, arguing that the many lower-paid males were not suitable comparators because their lower pay should categorically be attributed to their shorter tenure. Likewise here, in light of the substantial role of tenure in Wal-Mart's compensation structure shown by the Plaintiffs' own evidence, the Court rejected as similarly-situated comparators those men whose higher salary corresponds with a much longer tenure than Gunter's. See, e.g., Cooper v. Southern Co., 390 F.3d 695, 743 (11th Cir. 2004) (a plaintiff should identify comparators with similar levels of seniority), overruled on other grounds by Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006).

Second, Gunter identifies a list of men with similar tenures in different roles, or with Gunter's same job title of "Sales Associate" but in different departments, as comparators. Gunter offers no evidence that these male comparators in different jobs or different

departments were similarly situated to her in all (or any, for that matter) material respects. Instead, she alleges only that they had the same or similar job classification code. But the Ninth Circuit has explained that "[i]n assessing a plaintiff's claim of substantial equality between jobs [on a summary judgment motion], a court should rely on actual job performance and content rather than job descriptions, titles, or classifications." Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1414 (9th Cir. 1988) (citing Spaulding v. University of Washington, 740 F.2d 686, 697 (9th Cir. 1984)).[3]

The clincher here, though, is Wal-Mart's evidence that there were, in fact, three proper and precise comparators—Gunter's three male colleagues who worked as sales associates in the TLE Department at the Lake Elsinore store during the time Gunter worked there. The record shows that Gunter made <u>more</u> than two of those men, and that the third man, who made 60 cents more per hour than Gunter, had worked at Wal-Mart for over 1.5 years longer than she had. Perhaps not surprisingly, these men do not appear in Gunter's list of comparators, and she does not address them in her Opposition. See Opp'n at 39–42. But Gunter "'can not pick and choose a person [she] perceives is a valid comparator who was allegedly treated more favorably, and completely ignore a significant group of comparators who were treated equally or less favorably than [she].'" See English v. Colorado Dept. of Corrections, 248 F.3d 1002, 1012 (10th Cir. 2001) (citing Simpson v. Kay Jewelers, 142 F.3d 639, 646–47 (3rd Cir.1998)).[4] In so ruling, the Court need not and does not accept Wal-Mart's argument that comparators must report to the same supervisor to be similarly situated.

---

[3] The Court was addressing an Equal Pay Act ("EPA") claim, but went on to note that "[e]qual pay claims asserted under Title VII must satisfy the same substantial equality test applied to claims asserted under the EPA," and granted summary judgment on the plaintiff's Title VII claim on the grounds that it had been granted as to her EPA claim. 840 F.2d at 1418 (citations omitted).

[4] See also Hein v. Oregon College of Educ., 718 F.2d 910, 916 (9th Cir. 1983) ("If it should turn out that Dr. Campbell earns more than males performing substantially equal work, it is axiomatic that the Equal Pay Act does not afford her relief. We thus agree with the Eighth Circuit that "a comparison to a specifically chosen employee should be scrutinized closely to determine its usefulness." Heymann v. Tetra Plastics Corp., 640 F.2d 115, 122 (8th Cir. 1981). There were 13 men teaching in the Physical Education Department at the time of suit, yet the plaintiffs here, as in Heymann, chose a single employee for comparison apparently because he was the highest paid employee performing substantially equal work, not because he was the only comparable employee.").

9

See Hawn, 615 F.3d at 1157.  Rather, under "the context and the facts of th[is] case," in light of the evidence demonstrating Gunter's relationship (or lack thereof) to employees in her same department versus those with markedly different roles and tasks in different departments, Gunter fails to satisfy the fourth element of her prima facie case.  See id. at 1156–57.  Accordingly, the Court GRANTS summary judgment on this claim.

### G. Gunter's Hostile Work Environment Claim

This Court GRANTED Wal-Mart's request for summary judgment on Gunter's hostile work environment claim.  Gunter's only allegations and evidence of a hostile work environment, which consisted of sexually inappropriate comments by a manager, occurred in the summer or fall of 1998, before the operative time period of this action.  See Gunter Depo. (dkt. 1109 at Ex. B) at 29:2–20.  Moreover, even a liberal reading of Gunter's EEOC charge does not encompass a hostile work environment claim.

## IV. CONCLUSION

As to every other argument made by Wal-Mart in its motions for summary judgment, the Court carefully considered the factual and legal bases advanced in support thereof and found them to be lacking.  Summary judgment was therefore DENIED with respect to all Plaintiffs and claims save for those discussed above.  This case, fourteen years and counting, lives to fight another day.

**IT IS SO ORDERED.**

Dated: June 10, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE