UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DUKES, et al., | Case No.  01-cv-02252-CRB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO INTERVENE** |
| WAL-MART STORES, INC., | Re: Dkt. No. 1161 |
| Defendant. | |

After 15 years of litigation, which included appeals to the Ninth Circuit and the United States Supreme Court, Plaintiffs Betty Dukes, Patricia Surgeson, Edith Arana, Deborah Gunter, and Christine Kwapnoski (collectively, "Plaintiffs") and Defendant Wal-Mart Stores, Inc. ("Wal-Mart") stipulated to voluntarily dismiss with prejudice Plaintiffs' claims pursuant to Rule 41(a)(1)(A)(ii).  (Dkt. No. 1162.)  The day before the Rule 41(a)(1) dismissal, Joyce Clark, Suzanne Hewey, Kristy Farias, Lucretia Johnson, Hilda Todd, and Kristin Marsh (collectively, "Proposed Intervenors") filed the pending Motion to Intervene as plaintiffs pursuant to Federal Rule of Civil Procedure ("Rule") 24.  (Dkt. No. 1161.)  The Proposed Intervenors seek to intervene for purposes of appealing the Court's denial of class certification.  *Id.* at 2; *see* Dkt. No. 991; *Dukes v. Wal-Mart Stores, Inc.*, 964 F. Supp. 2d 1115 (N.D. Cal. 2013).

In light of the dismissal, the Court ordered supplemental briefing on whether the Court retains jurisdiction to adjudicate the Proposed Intervenors' Motion.  (Dkt. No. 1163.)  Wal-Mart and the Proposed Intervenors submitted responses.  (*See* Dkt. Nos. 1164-65.)  Having considered the parties' arguments and the relevant legal authority, the Court **DENIES** the Motion to Intervene as moot.

//

United States District Court
Northern District of California

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[f]ederal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (internal quotations and citation omitted). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen*, 511 U.S. at 377).

A court's ability to adjudicate a matter is further limited by the requirement that there must be an "actual, ongoing case[] or controvers[y] between litigants." *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1166 (9th Cir. 2013). "[A] justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (internal quotations omitted). Once a live case or controversy ceases to exist, the court lacks jurisdiction and must dismiss the action. *See McCullough v. Graber*, 726 F.3d 1057, 1059 (9th Cir. 2013).

**DISCUSSION**

Because this action automatically terminated upon the filing of the Rule 41(a)(1)(A)(ii) notice, the Court lacks jurisdiction to adjudicate the Proposed Intervenors' Motion to Intervene. Rule 41(a)(1)(A)(ii) authorizes a plaintiff to voluntarily "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "[T]he dismissal is effective on filing and no court order is required, [as] the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (internal quotations and edits omitted). Thus, the Court immediately lost its jurisdiction over the matter once Plaintiffs and Walmart voluntarily dismissed the case. *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("[T]he district court was immediately divested of jurisdiction over [the plaintiff's] claims against

the [defendant] immediately upon [the] filing of its Rule 41(a)(1)(i) notice of dismissal.").[1]  At

that point, it was as if Plaintiffs had never brought the case.  *See id.* at 1077 ("The effect [of a Rule

41(a)(1) notice] is to leave the parties as though no action had been brought." (internal quotation

marks and citation omitted)).  As a result, there was no case in which the Proposed Intervenors

could intervene.  *See Jou v. Kimberly-Clark Corp.*, 2015 WL 4537533, at *2-4 (N.D. Cal. July 27,

2015) (finding no jurisdiction to entertain motion to intervene once Rule 41(a)(1) dismissal is

filed); *Homesite Ins. Co. of the Midwest v. Robards*, 2014 WL 359823, at *2 (E.D. Tenn. Feb. 3,

2014) ("The Court lacks jurisdiction over motions to intervene . . . because there is no 'case or

controversy' pending in light of the dismissal" filed four days prior to motion to intervene."

(internal quotations omitted)); *Reagan v. Fox Navigation, LLC*, 2005 WL 2001177, at *1 (D.

Conn. Aug. 17, 2005) ("[C]ourts have ruled that once the parties have filed a Rule 41(a)(1)[A](ii)

stipulation of dismissal, there is no longer a pending case or controversy into which a non-party

may intervene.").

     *State of Alaska v. Suburban Propane Gas Corporation*, 123 F.3d 1317 (9th Cir. 1977),

does not suggest that this Court has jurisdiction to consider the motion to intervene.  The *State of

Alaska* court, relying on *United Airlines, Incorporated v. McDonald*, 432 U.S. 385 (1977), held

that a district court could entertain an absent class member's motion to intervene to appeal a denial

of class certification provided the motion was filed within the 30 days of the entry of final

judgment, that is, within the 30 days the parties have to appeal a district court judgment.  *State of

Alaska*, 123 F.3d at 1320; *see also* Fed. R. App. P. 4(a).  In both cases, there was a final judgment

rendering the denial of class certification appealable.  *United Airlines, Inc.*, 432 U.S. at 389-90;

*State of Alaska*, 123 F.3d at 1319; *see also* Fed. R. App. 4(a) ("In a civil case, . . . the notice of

appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order

appealed from.").  Unlike a Rule 41(a)(1) dismissal, a final judgment does not automatically divest

the trial court of jurisdiction; instead, either the lapse in time to file an appeal or "the filing of a

---

[1] While Rule 23(e) mandates that a dismissal be filed only with court approval, the Rule only
applies if a class has been certified.  *See* Fed. R. Civ. P. 23(e).  The Court has not certified any
class in this action.

United States District Court
Northern District of California

notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (citations omitted); *see also Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994) ("Generally, a district court retains jurisdiction until the time for filing an appeal has expired or until a valid notice of appeal is filed.").  Because there was no Rule 41(a)(1) dismissal, the *United Airlines* Court and the *Alaska* court were "not confronted with the situation where the trial court was divested of all jurisdiction upon the filing of the stipulated dismissal."  *Jou*, 2015 WL 4537533, at *4 (N.D. Cal. July 27, 2015) (distinguishing *United Airlines*).  As such, both of those cases are inapposite.

That the Proposed Intervenors filed their Motion before the Rule 41(a)(1) dismissal is irrelevant.  Several courts have held that Rule 41(a)(1) dismissals divest the Court of its jurisdiction to hear motions to intervene that were filed prior to the Rule 41(a)(1) dismissal.  *See Jou*, 2015 WL 4537533, at *3 ("[S]ome courts have found that they lack jurisdiction over a dismissed case even if a motion to intervene was pending at the time of the Rule 41(a)(1) dismissal, or relatedly, that the Rule 41(a)(1) dismissal mooted the already-pending intervention motion." (collecting cases)); *Fort Sill Apache Tribe of Okla. v. United States*, 2008 WL 2891654, at *1 (W.D. Okla. July 23, 2008) ("The fact that a motion to intervene is pending at the time the notice is filed does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i) and (B)."); *see also* 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.34 (2015) ("A [Rule 41] stipulation filed during the pendency of a motion to intervene is effective to dismiss the action, because the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted.").  The Court agrees.

Moreover, although the Court retains jurisdiction over collateral matters such as costs, attorneys' fees, contempt charges, and sanctions, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), this is not a collateral issue.  The Court does not have the ability to expand its jurisdiction beyond collateral matters.  The Proposed Intervenors' reliance on *Shelton v. Pargo, Incorporated*, 582 F.2d 1298 (4th Cir. 1978), for the proposition that the "Court . . . has both the authority and an obligation to consider the rights of putative class members[] and to permit intervention of new plaintiffs who would protect the class interests," Dkt. No. 1165 at 6-7, is

4

United States District Court
Northern District of California

unpersuasive. *Shelton* did not address the district court's ability to entertain a motion to intervene once a case has been dismissed pursuant to Rule 41(a)(1); it instead concerned the application of Rule 23(e) to pre-class certification dismissals. Specifically, the Fourth Circuit held the district court had a responsibility "to see that the representative party [did] nothing, whether by way of settlement of his individual claim or otherwise, in derogation of the fiduciary responsibility he has assumed, which will prejudice unfairly the members of the class he seeks to represent." *Id.* at 1306. But Plaintiffs dismissed this action after the Court denied class certification; thus, there were no potential class members to whom Plaintiffs owed a fiduciary duty when the parties filed the Rule 41(a)(1) notice. As such, *Shelton* does not expand the Court's jurisdiction following a Rule 41(a)(1) dismissal to include protecting the Proposed Intervenors' interests.[2]

Because the Court lacks jurisdiction to adjudicate the Motion to Intervene, it need not consider whether the Proposed Intervenors satisfy the Rule 24 requirements.

### CONCLUSION

As explained above, the Rule 41(a)(1) dismissal divests the Court of jurisdiction to consider the Proposed Intervenors' Motion. Accordingly, the Court **DENIES** the Motion as moot.

**IT IS SO ORDERED.**

Dated: August 15, 2016

CHARLES R. BREYER
United States District Judge

---

[2] The Court notes the Proposed Intervenors could have protected their interests in other ways. For instance, they could have filed their own actions upon learning of the Court's denial of class certification.

5